IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 1-26,<br><br>*Plaintiffs*<br><br>, v.<br><br>ELON MUSK, in his official capacity, UNITED STATES DOGE SERVICE, *and* the DEPARTMENT OF GOVERNMENT EFFICIENCY,<br><br>*Defendants*. | **Case No.** 8:25-cv-00462-TDC |

# MEMORANDUM
## IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS

J. Doe Plaintiffs, through their counsel, submit this memorandum in support of their Motion to Proceed under Pseudonyms. Plaintiffs seek to proceed under pseudonyms because the release of their names would expose them to significant risks, and because proceeding anonymously will not significantly burden the Defendants or other parties.

## BACKGROUND

Plaintiffs J. Does 1-26 are current or recently former employees or contractors of the U.S. Agency for International Development ("USAID"). If forced to disclose their identities, Plaintiffs are scared of threats to their physical safety, third-party harassment, irreparable damage to their reputations and retaliation from Defendants, especially given that Defendants retain control of USAID's digital and data infrastructure and direct a web of government employees spread across the federal government.

Indeed, Defendant Musk has leveraged his vast power to disparage USAID and Plaintiffs, predictably inciting third-party animus against them. As one publication put it,

"[b]illionaire government efficiency chief Elon Musk has repeatedly spread baseless or false claims about the gutted U.S. Agency for International Development on X, including an unsupported claim the agency was a form of 'money laundering.'"[1]

Over and over, Defendant Musk has publicly demonized USAID and those who work with it. For instance, Defendant Musk has claimed, without any evidence, that USAID employees "managed to accrue tens of millions of dollars," calling them "fraudsters" who have been receiving "kickbacks."[2] He has posted online that USAID is a "criminal organization" and a "viper's nest of radical-left Marxists who hate America."[3] Those posts have prompted predictable demands from Musk's followers to "fumigate" and "publicly disclose" the names of those who work with USAID.[4]

Defendant Musk's disparagements are reaching massive audiences. On February 2, 2025 Defendant Musk posted on X that "USAID is a criminal organization. Time for it to die."[5] That post garnered 33.1 million views, and thousands of comments. Many of Defendant Musk's X followers responded with strings of vitriol aimed at USAID and its employees, including accusing USAID employees of "funneling money into the hands of Hamas terrorists," "funding color revolutions in democratic states" (and thereby driving

---

[1] Connor Murray, *Elon Musk Pushes False Claim Ex-USAID Chief Earned $23 Million: The Biggest DOGE Hoaxes Spread On X*, Forbes (Feb. 10, 2025), https://www.forbes.com/sites/conormurray/2025/02/10/elon-musk-pushes-false-claim-ex-usaid-chief-earned-23-million-the-biggest-doge-hoaxes-spread-on-x/.
[2] *Id.*
[3] Brandy Zadrozny & Lora Kolodny, *How Elon Musk boosted false USAID conspiracy theories to shut down global aid*, NBC News (Feb. 7, 2025), https://www.nbcnews.com/politics/doge/elon-musk-boosted-false-usaid-conspiracy-theories-global-aid-rcna190646.
[4] @AndrewCOr16, X (Feb. 3, 2025, 5:55 AM) https://x.com/AndreCOrr16/status/1886368016943735209; @AndrewCOr16, X (Feb. 3, 2025, 5:55 AM);# @SeldenGADawgs, X (Feb. 2, 2025, 2:58 PM) https://x.com/SeldenGADawgs/status/1886142207033311322.
[5] @ElonMusk, X (Feb. 2, 2025, 12:20 PM) https://x.com/elonmusk/status/1886102414194835755.

global instability), and stealing "an ABSURD amount of money from we the people."[6] The next day, on February 3, 2025, Defendant Musk told his followers: "We spent the weekend feeding USAID into the wood chipper."[7] That post has been viewed 25.7 million times.[8] Yesterday, during a February 11 joint press conference by Defendant Musk and President Donald Trump, viewed by tens of millions of people (at least), Defendant Musk accused USAID employees of "getting wealthy at taxpayer expense." President Trump added "But USAID is really corrupt. I'll tell you, it's corrupt, it's incompetent."[9]

USAID employees and contractors—including Plaintiffs—are reasonably scared. One USAID employee said he was speaking to the press on the condition of anonymity out of fear of putting his family "at any more risk."[10] Another employee explained to *Fox News* that USAID workers are fearful that Defendants Musk and DOGE will disclose their names and personal information,[11] a fear echoed by Plaintiffs.[12] Those fears are especially acute because Defendants retain access to sensitive personal information about thousands of USAID workers through their continued control over USAID's digital infrastructure as well as—upon information and belief—the ability to modify, add, delete data, and create users

---

[6] Elon Musk (@elonmusk), X (Feb 2, 2025, 12:20 PM), https://x.com/elonmusk/status/1886102414194835755 (recounting post and comments following it).
[7] @elonmusk, X, (February 3, 2025, 1:54 AM), https://x.com/elonmusk/status/1886307316804263979.
[8] *Id.*
[9] Chris Megerian, *WATCH: Trump Makes Appearance With Musk, Signs Executive Order Downsizing Federal Workforce*, PBS News (Feb. 11, 2025) https://www.pbs.org/newshour/politics/watch-trump-makes-appearance-with-musk-signs-executive-order-downsizing-federal-workforce.
[10] Lindsay Kornick, *USAID employee 'psychologically frightened' of Musk 'targeting,' doxxing private info*, Fox News (Feb. 10, 2025), https://www.foxnews.com/media/usaid-employee-psychologically-frightened-musk-targeting-doxxing-private-info.
[11] *Id.*
[12] *See generally* Complt. ¶¶ 3, 56.

accounts.[13] Indeed, as *ProPublica* reported, DOGE became "'super administrators' and had access to thousands of employees' personal information, including their desktop files and emails, [and] information gathered during security clearance background checks, ranging from Social Security numbers and credit histories to home addresses."[14]

As a result of the dangerous nature of J. Doe 1's particular position, for instance, specifically their deployment into conflict zones, their personnel and security clearance files contains highly sensitive personal information—social security number, passport information, personal references, foreign contacts, previous addresses, financial records, tattoo descriptions, a safety pass phrase, and their family members' information. J. Doe 1 is worried that Defendants do not have the security clearance or training needed to handle this type of extremely confidential, and will use it to J. Doe 1's detriment.[15] [16]

Moreover, for USAID employees who are still in conflict zones, like J. Doe 9, public disclosure is likely to cause immediate physical danger. This threat is amplified by Defendants' unlawful actions because, as a result of DOGE's digital take-over of USAID, "All of the contacts and the safety and security application from J. Doe 9's USAID work phone were removed remotely."[17] A long-time USAID employee recently emphasized that

---

[13] Complt. 3(b).

[14] Anna Maria Barry-Jester & Brett Murphy, *In Breaking USAID, the Trump Administration May Have Broken the Law*, ProPublica (Feb. 9, 2025), https://www.propublica.org/article/usaid-trump-musk-destruction-may-have-broken-law.

[15] Complt. 3(a).

[16] Lindsay Kornick, *USAID employee 'psychologically frightened' of Musk 'targeting,' doxxing private info*, Fox News (Feb. 10, 2025), https://www.foxnews.com/media/usaid-employee-psychologically-frightened-musk-targeting-doxxing-private-info ("'DOGE members, including Elon Musk, have access to not just the data within the USAID world and the USAID system, which includes my personal email address, my Social Security number, my entire security file,' the employee said. 'In that security file is every contact I've ever known, every country I've traveled to, every home address I've had. ......my information is entirely compromised, and it's in hands that I don't know and don't trust '").

[17] Complt. ¶3(i).

4

"Americans can and will die from this," referring to the combination of repeated disparagement from Defendants combined with public identification and digital isolation.[18] That employee explained that people who work with USAID in conflict zones are put "in danger every day by working with us in countries where even an association of their name whispered with USAID could get them killed."[19] Now, USAID employees and contractors are at additional risk, because they have been essentially abandoned by the government they have long served. As they explained:

> Our leadership has been put on administrative leave for insubordination that no one can pinpoint. Our systems are being shut off. We are being vilified by Musk Twitter for being criminals. Every day you wake up to some onslaught of horrors[.][20]

## ARGUMENT

Federal Rule of Civil Procedure 10(a) and Local Civil Rule 102(2)(a) establish the general rule that a complaint must state the names and addresses of all parties, and the county of residence of any Maryland party. But in several circuits, including the Fourth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."[21] Across federal courts, these "special circumstances" include both "when identification creates a risk of retaliatory physical or mental harm," including "employer reprisals," *and* "when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature."[22]

---

[18] Jonathan Martin, *USAID Worker Derails Dangers, Chaos*, Politico (Feb. 9, 2025), https://www.politico.com/news/magazine/2025/02/09/usaid-worker-details-dangers-chaos-00203104.
[19] *Id.*
[20] *Id.*
[21] *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) (citing *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), among other circuit cases).
[22] *Id*

In *James v. Jacobson*, the Fourth Circuit specifically identified the following five non-exhaustive factors for consideration:

(1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature";

(2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;"

(3) "the ages of the persons whose privacy interests are sought to be protected;"

(4) "whether the action is against a governmental or private party;" *and*

(5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."[23]

No single factor is determinative and the court "should carefully review all the circumstances" before deciding whether to grant or deny a request to proceed anonymously.[24] Moreover, "[t]he court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice."[25]

At this time and in this environment, Plaintiffs reasonably fear they will be disparaged, harassed and retaliated against if their identities are disclosed, putting the Plaintiffs, their families, and the third parties they work with, at risk.[26] According, the relevant factors support allowing the Plaintiffs to proceed under pseudonyms, particularly at this early stage where most Plaintiffs remain employed or contracted with USAID and serious questions about Defendants' unconstitutional abuse of authority remain unanswered.

---

[23] 6 F.3d at 238-239.
[24] *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).
[25] *Does I thru XXIII*, 214 F.3d at 1068.
[26] *See, e.g.*, Barry-Jester & Murphy, *supra* n. 14 (explaining "*ProPublica* spoke with dozens of current and former USAID officials—many of whom requested anonymity because they feared retribution from the administration").

A. **Permitting the Plaintiffs to Proceed Under Pseudonyms is Justified to Preserve Plaintiffs' Privacy in Sensitive Matter.**

Plaintiffs seek to proceed under pseudonyms to preserve their privacy in a highly sensitive matter. Again, Defendants have access to Plaintiffs' personnel files, email accounts, and other digital assets which contain extraordinarily sensitive information including personal health information and information about familial relationships.[27] Moreover, at yesterday's joint press conference, Defendant Musk claimed to have access to thousands of federal government employee records, including security clearance files which contain the net worth of those employees—and shared that information with tens of millions of viewers.[28] Given that Defendants' expansive access to this private information is unprecedented, unauthorized and unlawful, Plaintiffs are rightfully concerned that their known participation in this lawsuit would lead to the disclosure of private and sensitive information.

B. **Identifying the Plaintiffs would Expose them to Significant Risk of Retaliation, Threats, and Harassment.**

Disclosure of the Plaintiffs' names would put them at risk of retaliation, threats, and harassment. This factor strongly supports allowing the Plaintiffs to proceed using pseudonyms. In *Doe v. United States Department of State*, for example, the court granted anonymity to an Iraqi national who helped with the U.S.-led reconstruction efforts in Iraq because the plaintiff had a legitimate fear of violence and retribution as a result of the assistance he provided to the United States.[29]

---

[27] *See* Compl. ¶¶ 3, 37-49. *See also, e.g., Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (recognizing "intensely personal nature" of pregnancy and allowing pseudonym); *Doe v. United Servs. Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (recognizing privacy concerns associated with intimate relationship information and allowing pseudonym).
[28] Compl. ¶ 49.
[29] *Doe v. U.S. Dep't of State*, Case No. 15-cv-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015). *Accord* Complt. ¶ 3(i).

Similarly, the Plaintiffs have good reason to fear for their safety, and the safety of their families, if their identities are disclosed in this context. In addition to the repeated and public disparagement recounted above, Defendants have proven their willingness to retaliate against federal government workers who they see as standing in their way.[30] Indeed, in recent days, Defendant Musk has gone so far as to publicly name and threaten with impeachment federal judges who he perceives to be impeding DOGE's work on his social media platform, X, strongly suggesting he would do the same to Plaintiffs bringing suit against him.[31]

### C. The Interests of Minors.

While Plaintiffs themselves are not minors, Plaintiffs have minor children whose privacy interests would be implicated by their parents being named in a highly sensitive and public filing and the concomitant high likelihood of "doxxing" for any personally identifiable individuals. Again, Defendants have access to sensitive personal information that includes information about Plaintiffs' home addresses and families.[32]

---

[30] *See, e.g.*, Compl. ¶ 39 ("USAID Director for Security John Vorhees and Deputy Director for Security Brian McGill attempted to block the DOGE team's access and in turn were placed on administrative leave.").

[31] Dana Hull & Emily Birbaum, *Musk Calls for 'Wave' of Judicial Impeachments Amid Pushback*, Bloomberg News (Feb. 12, 2025), https://news.bloomberglaw.com/business-and-practice/musk-calls-for-wave-of-judicial-impeachments-amid-pushback ("Musk's biggest target so far has been US District Judge Paul Engelmayer, who on Saturday temporarily blocked Musk's government efficiency team from accessing some Treasury Department information and ordered the destruction of data they've already gathered. But Musk has labeled several federal judges as being 'corrupt.'").

[32] *See, e.g.*, Barry-Jester & Murphy, *supra* n. 14 (explaining the detailed personal information taken from USAID by DOGE).

**D. The Defendants are Government Entities.**

The Defendants are government entities, "thus the fourth factor weighs in favor of allowing the parties to proceed with pseudonyms."[33] Proceeding under a pseudonym is more likely to be acceptable when, as here, the opposing party is a government entity, because "[a]ctions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm."[34]

**E. The Defendants Will Not Be Unfairly Prejudiced if the Plaintiffs Proceed Under Pseudonyms.**

Finally, the Defendants will suffer no prejudice if Plaintiffs are allowed to proceed under pseudonyms. The Defendants know that the Plaintiffs are employees and contractors who work or have recently worked with USAID. Moreover, while proceeding anonymously may sometimes present difficulties pursuing discovery or holding public proceedings, those concerns are not present here. Here, Plaintiffs seek relief based on structural constitutional claims that do not turn on specific facts about each individual Plaintiff. Allowing the Plaintiffs to proceed under pseudonyms will not unfairly compromise the Defendants' ability to litigate this case given the claims and defenses at issue.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their request to proceed under pseudonyms.

---

[33] *N.C. by J.C. v. Bd. of Educ. of Baltimore Cnty.*, No. 1:24-CV-00367-JRR, 2024 WL 1856293 (D. Md. Apr. 29, 2024).
[34] *Id.*

Dated: February 13, 2025

Respectfully submitted,

*/s/ Norman L. Eisen*
Norman L. Eisen, [9112170186]
Tianna J. Mays, [1112140221]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani**
Rebecca (Beth) Stevens**
Joaquin Gonzalez**
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite 102-402
San Antonio, TX 78218
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

*Attorneys for Plaintiffs*

**Application for admission or admission pro hac vice forthcoming.