IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. DOE 1, *et al.*,
    *Plaintiffs* v.

ELON MUSK, *et al.*,

    *Defendants.*

Case No. 8:25-cv-00462-TDC

**STIPULATED PROTECTIVE ORDER REGARDING
HIGHLY SENSITIVE WITNESS DECLARATIONS**

Plaintiffs have filed a Motion to Seal and Proceed Under Pseudonyms in connection with their motion for a preliminary injunction for three witness declarants in accordance with Local Rule 105.11 in the above-captioned action. With the agreement of the parties, and to avoid any prejudice to the Defendants prior to the February 28, 2025 hearing on Plaintiffs' Motion for a Preliminary Injunction, it is hereby,

ORDERED that Defendants' counsel of record, as well as select Department of Justice attorneys, paralegals and support staff at the Department of Justice be permitted to view the exhibits under seal. This order does not extend to Defendants, only to Defendants' counsel of record.

It is further ORDERED that:

1. Counsel of record, as well as select Department of Justice attorneys, paralegal and support staff at the Department of Justice, shall not disclose, provide copies of, or discuss in detail the contents of any such sealed witness declarations with any person, including their clients, experts, consultants, or other third parties, unless expressly authorized by the

Court. This does not prohibit counsel for Defendants from discussing these declarations in general terms at the February 28, 2025 preliminary injunction hearing.

2. The three witness declarations filed under seal in this matter shall be designated as CONFIDENTIAL – COUNSEL OF RECORD ONLY.

3. Counsel of record, as well as select Department of Justice attorneys, paralegal and support staff at the Department of Justice, who are provided with the sealed declarations will also be provided with a copy of this Protective Order.

4. A party must file a motion to file under seal for any filings that reference in detail or attach such sealed witness declarations or appropriately redact personally identifiable information to prevent disclosure of confidential information.

5. This Protective Order does not restrict the Court's authority to determine whether any portion of the sealed witness declarations should be unsealed upon motion of any party or third party.

SO ORDERED this 27 day of February 2025.

_____
UNITED STATES DISTRICT JUDGE