

March 3, 2025

The Honorable Judge Theodore D. Chuang
District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD  20770

      Re:    Notice of New Evidence Not Previously Available in *J. Does 1-26 v. Musk et al.,* No. 25-cv-00462-TDC

Dear Judge Chuang,

Plaintiffs respectfully submit three proposed exhibits in response to factual questions raised by Your Honor during Friday's hearing related to the United States Agency for International Development ("USAID"). Like the four other J. Roe witnesses (Exhibits 55, 56, 57 and 70), the new witnesses are current government employees all of whom came forward after the widespread press coverage. As we explain below, their declarations contain identifying details that put them at risk of harassment or worse, and therefore we respectfully request that the proposed exhibits be placed under seal.

- ***Proposed Exhibit 71*:** The first of these declarations relates to the Court's questions about the magnitude of the personnel decisions at USAID. Witness J. Roe 6 works at the agency and affirms that "Based on the information I have gathered through my work at USAID, I estimate that at least 80% of USAID's Washington civil and foreign service have been put on administrative leave and over 50% have received a Reduction in Force ("RIF") notice." Proposed Ex. 71 ¶ 3. In response to the question posed by Your Honor on Friday, Plaintiffs believe this stunning reduction of personnel constitutes a *de facto* dismantling of USAID. It additionally runs contrary to explicit provisions of the Further Consolidated Appropriations Act of 2024 requiring, *inter alia*, consulting Congress *prior* to "reduc[ing] the size of the permanent Civil Service, Foreign Service." PI Mem. at 16, ECF 17.

- ***Proposed Exhibit 72*:** Witness J. Roe 7 works at USAID and received a RIF notice via email on February 23. Similar to J. Roe 5, J. Doe 7 reviewed the metadata and realized that Gavin Kliger, of DOGE, sent out the RIF notice. (The J. Roe 5 RIF metadata traced back to Luke Farritor, a *different* DOGE affiliate). This evidence shows the continuing control

1

>
> DOGE affiliates have over USAID systems. Plus, J. Roe 7 affirms that "I am one of the few USAID employees/contractors in my bureau who still has access to USAID systems." Proposed Ex. 72 ¶ 5.
>
> - ***Proposed Exhibit 73:*** Witness J. Roe 8, a senior career official at USAID, states that they were "told by a USAID career official with personal knowledge that Elon Musk called USAID officials at least twice on February 1, 2025" and succeeded in getting DOGE team members access to private data and restricted areas. This corroborates allegations in Plaintiffs' Complaint. *Compare* Complt.¶ 49 *with* Proposed Ex. 73.

Despite Plaintiff counsels' diligence, these witnesses had either: (a) not spoken to Plaintiffs' counsel prior to the wide press coverage following the preliminary injunction hearing; or (b) previously spoken to Plaintiffs' counsel but feared to provide a declaration. Accordingly, this evidence could not have been presented to the Court at or before the hearing. Especially in light of the fast-moving and unprecedented relevant circumstances, "it would not be in the interest of justice to exclude highly relevant and probative information."[1]

Like the four other J. Roe witnesses (Exhibits 55, 56, 57 and 70), the new witnesses are current government employees. Their declarations contain identifying details that would lead to the discovery of their identities by Defendants and third-party actors which, in turn, is highly likely to lead to retaliation and harassment. Accordingly, we respectfully request that the Court place under seal the new declarations of witnesses J. Roe 6, J. Roe 7, and J. Roe 8 and allow those witnesses to proceed under pseudonyms, as part of this Court's pending order to seal. ECF 40.

We provided notice to Defendants' counsel prior to filing, through multiple emails and phone calls on Sunday evening and this morning, explaining that we will file these new witness declarations under seal. Defendants would not be prejudiced by consideration of this supplemental factual information as it corroborates allegations that Plaintiffs have been making since the beginning of this lawsuit, for which Defendants had two weeks to present any contradictory evidence in their control. Plaintiffs will promptly share the new exhibits with Defendants, provided they agree that the existing Protective Order, ECF 44, covers these additional witnesses, and further agree to abide by the terms of that Protective Order with regard to these additional witnesses.

Accordingly, we respectfully request that these additional witness declarations: (1) be provided the same treatment as J. Roes 1, 3, 4 and 5; and (2) be considered by the Court in its consideration

---

[1] *Hispanic Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, 535 F. Supp. 3d 393, 409 (D. Md. 2021) (quoting *Machie v. Manger*, No. AW-09-cv-2196, 2013 WL 3353740, at *4 (D. Md. July 2, 2013)). Indeed, "[g]iven the haste that is often necessary" to prevent injury, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* (citations and quotation marks omitted).

of the relief requested by Plaintiffs in their pending Motion for a Preliminary Injunction. PI Mem. at 29-30 (listing nine specific requests for relief), ECF 17.

Respectfully submitted,


*/s/ Norman L. Eisen*
Norman L. Eisen, [9112170186]
Tianna J. Mays, [1112140221]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani**
Rebecca (Beth) Stevens**
Joaquin Gonzalez**
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite 102-402 San Antonio, TX 78218
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

*Attorneys for Plaintiffs*

**Admitted *pro hac vice*