IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **J. DOE 1**, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> **ELON MUSK**, *et al.*, <br><br> *Defendants.* | Case No. 8:25-cv-00462-TDC |

**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Plaintiffs respectfully move for leave to supplement the record with three proposed exhibits in response to factual questions raised by Your Honor during Friday's hearing related to the United States Agency for International Development ("USAID"). These proposed, sealed documents would be Exhibits 71, 72, and 73, related to Plaintiffs' pending Motion for Preliminary Injunction, ECF 17.

Like the four other J. Roe witnesses (Exhibits 55, 56, 57, and 70), the new witnesses are current government employees all of whom came forward following Friday's hearing. As explained below, their declarations contain identifying details that put them at risk of harassment or worse, and therefore the declarations themselves have been submitted under separate seal as an attachment to Plaintiffs' Second Motion to Seal, ECF 49.

**Proposed Exhibit 71**: The first of these declarations addresses the Court's questions about the magnitude of the personnel decisions at USAID. Witness J. Roe 6 works at the agency and affirms that "Based on the information I have gathered through my work at USAID, I estimate that at least 80% of USAID's Washington civil and foreign service have been put on administrative

1

leave and over 50% have received a Reduction in Force ("RIF") notice." Proposed Ex. 71 ¶ 3. In response to the question posed by Your Honor on Friday, Plaintiffs believe this stunning reduction of personnel constitutes a *de facto* dismantling of USAID. It additionally runs contrary to explicit provisions of the Further Consolidated Appropriations Act of 2024 requiring, *inter alia*, consulting Congress *prior* to "reduc[ing] the size of the permanent Civil Service, Foreign Service." PI Mem. at 16, ECF 17.[1]

**Proposed Exhibit 72**: Witness J. Roe 7 works at USAID and received a RIF notice via email on February 23. Similar to J. Roe 5, J. Roe 7 reviewed the metadata and realized that Gavin Kliger, of DOGE, had sent the RIF notice (the metadata for J. Roe 5's RIF notice traced back to Luke Farritor, another DOGE member). This evidence shows the continuing control DOGE affiliates have over USAID systems. Plus, J. Roe 7 affirms that "I am one of the few USAID employees/contractors in my bureau who still has access to USAID systems." Proposed Ex. 72 ¶ 5.

**Proposed Exhibit 73**: Witness J. Roe 8, a senior career official at USAID, states that they were "told by a USAID career official with personal knowledge that Elon Musk called USAID officials at least twice on February 1, 2025" and succeeded in getting DOGE team members access to private data and restricted areas. This corroborates allegations in Plaintiffs' Complaint. *Compare* Compl. ¶ 49 *with* Proposed Ex. 73.

Despite Plaintiff counsels' diligence, these witnesses had either: (a) not spoken to Plaintiffs' counsel prior to the wide press coverage following the preliminary injunction hearing;

---

[1] Indeed, as discussed at the hearing, Secretary Rubio's February 3, 2025 notice of "intent to *initiate* consultations" regarding a "*potential* reorganization" at USAID, Ex. 26, J.R. 421-22 (emphasis added), came after USAID had been fed "into the wood chipper" by DOGE over that weekend, and cannot have sanctioned the reduction now corroborated by J. Roe 6.

or (b) previously spoken to Plaintiffs' counsel but feared to provide a declaration. Accordingly, this evidence could not have been presented to the Court at or before the hearing. Especially in light of the fast-moving and unprecedented relevant circumstances, "it would not be in the interest of justice to exclude highly relevant and probative information."[2]

Like the four other J. Roe witnesses (Exhibits 55, 56, 57 and 70), the new witnesses are current government employees. Their declarations contain identifying details that would lead to the discovery of their identities by Defendants and third-party actors which, in turn, is highly likely to lead to retaliation and harassment. Accordingly, we respectfully request that, pursuant to Local Rule 105.11, the Court place under seal the new declarations of witnesses J. Roe 6, J. Roe 7, and J. Roe 8 and allow those witnesses to proceed under pseudonyms, as requested by Plaintiffs' Second Motion to Seal, ECF 49.

Finally, in an effort to present joint views to the court, we provided the proposed exhibits to Defendants' counsel with the agreement that they are to be covered under the existing Protective Order, ECF 44. Defendants' counsel agreed to accept them under those terms for the purpose of reviewing the declarations as it relates to this Motion and the Motion to Seal, without waiving any objections to their ultimate admittance. The parties remain in communication; as of the time of this filing, Defendants said they were unable to review until tomorrow and have not provided their position on the pending motions. Given the time-sensitive nature of the Motion for Preliminary Injunction to which these exhibits are directly related, Plaintiffs submit the instant Motion now rather than wait further.

---

[2] *Hispanic Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, 535 F. Supp. 3d 393, 409 (D. Md. 2021) (quoting *Machie v. Manger*, No. AW-09-cv-2196, 2013 WL 3353740, at *4 (D. Md. July 2, 2013)). Indeed, "[g]iven the haste that is often necessary" to prevent injury, "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* (citations and quotation marks omitted).

Accordingly, we respectfully: (1) request that these additional witness declarations be provided the same treatment as J. Roes 1, 3, 4, and 5; and (2) move for leave to supplement the record with these additional witness declarations for the Court in its consideration of the relief requested by Plaintiffs in their pending Motion for a Preliminary Injunction. PI Mem. at 29-30 (listing nine specific requests for relief), ECF 17.  A proposed Order accompanies this Motion.

Date: March 3, 2025


*/s/ Tianna J. Mays*
Tianna J. Mays,
[1112140221]
Norman L. Eisen, [9112170186]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani*
Rebecca (Beth)Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite 102-402 San Antonio, TX 78218
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically served Plaintiffs' Motion for Leave to Supplement the Record with the Clerk of the Court for the United States Court of the District of Maryland by using the CM/ECF system. I also certify that the foregoing document is being served on Defendants' counsel of record and that service will be accomplished via email. This 3rd day of March 2025,


*/s/ Tianna J. Mays*
Tianna J. Mays,
[1112140221]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Tianna@statedemocracydefenders.org