UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. DOE 1, et al.,

        *Plaintiffs*,

   v.

ELON MUSK, *et al.*,

        *Defendants*.

Case No. 8:25-cv-00462-TDC

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Pursuant to the Court's March 6, 2025 Order, ECF No. 58, Defendants hereby "inform the Court as to whether they consent to Plaintiffs' first Motion for Leave to Supplement the Record[.]"

On March 3, 2025, Plaintiffs filed a motion for leave to supplement the record with three new declarations. ECF No. 51. Plaintiffs request that "these additional witness declarations be provided the same treatment as J. Roes 1, 3, 4, and 5," and "move for leave to supplement the record with these additional witness declarations for the Court in its consideration of the relief requested by Plaintiffs in their pending Motion for a Preliminary Injunction." *Id.*

Although Defendants do not believe that these three declarations support Plaintiffs' motion for a preliminary injunction, Defendants do not oppose Plaintiffs' request for supplementation. However, Defendants do not currently see a legal justification to file the additional declarations under seal. Pursuant to Local Rule 105(11), a motion to seal exhibits shall include "proposed reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." L.R. 105(11). Plaintiffs' motion to seal is itself filed under seal, ECF No. 49, precluding Defendants from assessing the

reasons—if any—Plaintiffs have articulated to justify sealing the declarations, or why alternatives to sealing are not appropriate.

Counsel for Defendants have had the opportunity to review the three declarations, however, and do not see how the information contained in them is materially different from the declarations Plaintiffs have filed on the public record (it also is worth noting that Plaintiffs continue to use pseudonyms and redactions even in the proposed under seal versions of the declarations, but appear to seek sealing the entirety of the declarations).  Moreover, even if certain information in these new declarations properly is subject to sealing, it is not apparent why the entirety of the declarations would need to be sealed.  Because the Court has an independent obligation to access the motion's propriety, *see G.W. Aru, LLC v. W.R. Grace & Co.-Conn.*, Civ. No. JKB-22-2636, 2023 WL 3549829, *1 (D. Md. May 18, 2023), Defendants provide the above observations to assist the Court in making its decision regarding the sealing of these three declarations.

Dated:  March 6, 2025              Respectfully submitted,

                                   YAAKOV M. ROTH
                                   Acting Assistant Attorney General

                                   DIANE KELLEHER
                                   Director, Federal Programs Branch

                                   CHRISTOPHER R. HALL
                                   Assistant Branch Director, Federal Programs Branch

                                   /s/ *Joshua E. Gardner*
                                   JOSHUA E. GARDNER (FL Bar No. 302820)
                                   Special Counsel

                                   JACOB S. SILER
                                   JAMES J. WEN
                                   Trial Attorneys
                                   U.S. Department of Justice
                                   Civil Division, Federal Programs Branch
                                   1100 L. Street, NW
                                   Washington D.C. 20005

(202) 305-7583
joshua.e.gardner@usdoj.gov