UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 1, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *et al.*,<br><br>*Defendants*. | Case No. 8:25-cv-00462-TDC |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Pursuant to the Court's March 7, 2025 Order, ECF No. 61, Defendants hereby "inform the Court as to whether they consent to Plaintiffs' second Motion to Seal and to Proceed Under Pseudonyms" ("Motion").

Plaintiffs' Motion seeks to seal three declarations—J. Roe 6, J. Roe 7 and J. Roe 8 (Plaintiffs' Exhibits 71, 72 and 73), ECF No. 49—based on the reasoning contained in its earlier Motion to Seal the declarations of J. Roe 1, J. Roe 3, and J. Roe 4, ECF No. 40 (which itself was filed under seal). Plaintiffs' counsel has now provided Defendants with both Motions to Seal. Having reviewed both the justifications in the Motions to Seal and the declarations themselves, Defendants do not see a valid basis for sealing these declarations.

In Plaintiffs' initial Motion to Seal, ECF No. 40, Plaintiffs provide several reasons for sealing. First, they contend that "similar to the Plaintiffs who are proceeding via pseudonyms in this case, the release of" the three new declarants' "information would expose them to a significant risk of harm." *Id.* at 1-2. But Plaintiffs fail to explain why having the new declarants proceed pseudonymously would be insufficient to protect them from a significant risk of harm, just as they

did with the other declarations they filed on the public docket in connection with their motion for a preliminary injunction. *See* ECF No. 17-2 (public filing of declarations of J. Does 1, 2, 6, 7, 9, 12, 19 and 26).

Plaintiffs also contend that it is necessary to seal the declarations because the contents would "almost certainly reveal their identities" as (1) they are current federal employees, and (2) the declarations provide detailed accounts of their interactions with Defendants "and other relevant information." ECF No. 40 at 2. With respect to the first point, the same of course is true of some of the declarations Plaintiffs filed on the public docket with pseudonyms. *See* ECF No. 17-2 at 000227 (Declaration of J. Doe 2 at ¶ 2) (current USAID employee); *id.* at 000236 (Declaration of J. Doe 7 at ¶ 2) (current USAID employee).

With respect to the second point, it is not obvious to Defendants what, if any, information in these declarations would reveal any declarant's identity—particularly given that the declarants are proceeding pseudonymously. And nowhere in Plaintiffs' motion do they explain why "alternatives to sealing would not provide sufficient protection," L.R. 105(11), such as the redaction of any specific information that would reveal the declarants' identities. *See Graham v. Famous Dave's of Am., Inc.*, No. 19-0486, 2020 WL 5653231, *17 (D. Md. Sept. 23, 2020) (holding that "[p]roposed redactions must be limited to information specifically identified as containing either sensitive private information or, alternatively, trade secrets.") (citations omitted).

Because Plaintiffs have not met their burden of seeking to file these declarations under seal, their motion should be denied, and Plaintiffs should file the declarations on the public docket.

Dated:  March 10, 2025           Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

/s/ *Joshua E. Gardner*
JOSHUA E. GARDNER (FL Bar No. 302820)
Special Counsel

JACOB S. SILER
JAMES J. WEN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 305-7583
joshua.e.gardner@usdoj.gov