IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. DOE 1, *et al.*,
      *Plaintiffs* v.

ELON MUSK, *et al.*,

      *Defendants.*

Case No. 8:25-cv-00462-TDC

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit for the Court's consideration supplemental authority that was not available at the time of briefing and oral argument on Plaintiffs' Motion for Preliminary Injunction. While there is no rule in district court procedure analogous to Federal Rule of Appellate Procedure 28(j), Maryland district courts regularly allow parties to provide such notices. *See, e.g., Chambers v. King Buick GMC*, 43 F. Supp. 3d 575, 585 (D. Md. 2014); *Cordish Cos., Inc. v. Affiliated FM Ins.*, 573 F. Supp. 3d. 977, 985 (D. Md. 2021).[1]

*First,* on March 10, 2025, U.S. District Judge Christopher Cooper issued a Memorandum Opinion in *CREW v. U.S. DOGE Service, et al.*, No. 1:25-cv-511, ECF No. 18 (D.D.C. March 10, 2025), concluding that U.S. DOGE Service (USDS) is likely an agency subject to the Freedom of Information Act (FOIA). Because USDS sits within the Executive Office of the President, it is only subject to FOIA if it wields "substantial authority independently of the President" as opposed to merely offering advice and support. *Id*. at 23 (citations and quotation marks omitted). In concluding that the *CREW* plaintiffs would likely succeed in making this

---

[1] Indeed, on March 7, 2025, Defendants submitted a Notice of Supplemental Authority and an accompanying attachment, ECF 60 and ECF 60-1.

1

showing, Judge Cooper made the following findings as to Defendant USDS:

- "[T]he relevant executive orders appear to endow USDS with substantial authority independent of the President." *Id*. at 23-24.

- "Musk and the President's public statements indicate that USDS is in fact exercising substantial independent authority." *Id*. at 24-25.

- "USDS's actions to date demonstrate its substantial authority over vast swathes of the federal government," including finding "that USDS likely drove the charge to shutter USAID, and conducting such mass firings evidently requires substantial authority." *Id*. at 25. Moreover, "USDS's power to override agency officials, swiftly gain access to agency systems, and impose job requirements on federal employees all further suggest substantial independent authority." *Id*. at 26.

- "USDS's actions to date have proceeded remarkably swiftly.  In the less than two months since President Trump's inauguration, USDS has reportedly caused 3% of the federal civilian workforce to resign, shuttered an entire agency, cut billions of dollars from the federal budget, canceled hundreds of government contracts, terminated thousands of federal employees, and obtained access to vast troves of sensitive personal and financial data. USDS appears able to do this in part because of its access to many agency's IT systems, which help the department carry out its objectives at warp speed." *Id*. at 33-34.

- Finally, "the authority exercised by USDS across the federal government and the dramatic cuts it has apparently made with no congressional input appear to be unprecedented." *Id*. at 34.

These factual findings echo the arguments the *Doe* Plaintiffs' have advanced in their pending Motion and further support granting the relief requested. *See* ECF No. 17.[2]

***Second***, also on March 10, U.S. District Judge Amir Ali issued a Preliminary Injunction in the *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, No. 1:25-cv-400 (D.D.C. 2025) and *Glob. Health Council v. Trump*, No. 1:25-cv-402 (D.D.C. 2025) combined cases challenging the Trump Administration's executive order instituting a 90-day "pause" in "foreign development assistance." Judge Ali found that the plaintiffs were likely to succeed on the merits of their Separation of Powers claim in showing that the Trump Administration was unlawfully "engaging

---

[2] Plaintiffs' allegations as to DOGE are made collectively as to United States DOGE Services and the Department of Government Efficiency, given the lack of public clarity around DOGE's internal operations. *See* ECF No. 14 (corrected Compl.) at 1.

in a unilateral rescission or deferral of congressionally appropriated funds in violation of Congress's spending power, as expressed in multiple statutes whose constitutionality has not been questioned." *AIDS Vaccine*, ECF No. 60 at 29. Defendants here similarly argue that Article II gives the President "tremendous discretion over foreign affairs," including the "authority to review foreign aid and government operations to ensure that the United States' provision of foreign aid is consistent with its policy values and conducted efficiently." *Doe*, ECF No. 28 at 23-24. But Judge Ali, in reasoning instructive to the case at hand, "reject[ed] Defendants' unbridled understanding of the President's foreign policy power" and found that such a sweeping articulation of Article II powers "falls short for several reasons." *See generally AIDS Vaccine*, ECF No. 60 at 33-37 (relying on *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1 (2015)).

Due to the likely merits of the Separation of Powers claim, Judge Ali enjoined the defendants from "unlawfully impounding congressionally appropriated foreign aid funds" and ordered them to "make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." *Id.* at 48. Although instructive on the broader Separation of Powers issues, the executive order central to the *AIDS Vaccine* cases is distinct from the other aspects of USAID's shuttering that are at issue here. Accordingly, that relief does not remedy the *Doe* Plaintiffs' irreparable injuries, including because it does not implicate Defendants Musk's and DOGE's ongoing control and manipulation of USAID data systems, nor does it address the fundamental constitutional injuries suffered by Plaintiffs as a result of Defendants' unconstitutional acts.

Both authorities are attached to this Notice for the Court's convenience.

Respectfully submitted,

*/s/ Tianna J. Mays*
Tianna J. Mays, [1112140221]
Norman L. Eisen, [9112170186]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite
102-402 San Antonio, TX 78218
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

*Attorneys for Plaintiffs*
**Admitted pro hac vice*