## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 1, et al.,<br><br>        *Plaintiffs*,<br><br>   v.<br><br>ELON MUSK, *et al.*,<br><br>        *Defendants*. | Case No. 8:25-cv-00462-TDC |

**DEFENDANTS' RESPONSE TO COURT'S MARCH 10, 2025 ORDER**

On March 10, 2025, this Court ordered *sua sponte* that Defendants produce, within three days, a number of "decision documents" in connection with nine actions at USAID. ECF 66.

Defendants object to this Order, mainly because these documents are not material to Plaintiffs' Appointments Clause claim (or their related separation-of-powers claim). Plaintiffs admit that Elon Musk occupies no office, and that no Defendant has any "authority to legally direct USAID or any other agency to take actions." ECF 35 at 10-13. That defeats their claim as a matter of law, because the Appointments Clause speaks only to the process for appointing "Officers of the United States," whose offices are "established by Law." U.S. Const., art. II, § 2. The Clause thus ensures that, when Congress creates an office and vests it with certain legal power, the person holding that office and exercising that power is selected and approved in a politically accountable manner. Where, as here, it is undisputed that a person neither holds any office nor wields any *de jure* authority, the Appointments Clause simply has nothing to say. *See, e.g.*, *Landry v. FDIC*, 204 F.3d 1125, 1133 (D.C. Cir. 2000) (explaining the "threshold trigger" for an Appointments Clause claim is an office established by law); *Andrade v. Regnery*, 824 F.3d 1253, 1257 (D.C. Cir. 1987)

("[I]t does not offend the Appointments Clause so long as the duly appointed official has final authority over the implementation of the governmental action.").

The Order appears designed to test whether certain actions about which Plaintiffs complain were taken by "Officers of the United States" who held legal authority to take them. They were. And Plaintiffs—who bear the burden of proof, and a particularly heavy one in seeking preliminary relief—have certainly provided no evidentiary basis to conclude otherwise. But Defendants must point out that these facts have no bearing on the Appointments Clause regardless. If an individual who is not an "Officer of the United States" and holds no legal authority purports to take an official action, that might bear on the legal effect of the action—not that the individual somehow becomes a principal officer and requires Senate confirmation, let alone ousts from their roles the "Officers" (like Secretary Rubio, in this case) who *have* undergone Senate confirmation.

In all events, without waiving their objection to the propriety of any document productions whatsoever in this Appointments Clause challenge, Defendants attach here copies of the orders and decision documents corresponding to the actions referenced in the Order.[1] These documents confirm that the actions were indeed taken, directed, or approved by the appropriate officers or employees. Defendants otherwise rest on the current evidentiary record.

For these reasons, and those previously articulated in Defendants' opposition and at the oral hearing, this Court should deny the motion and progress this case to a prompt dismissal.

---

[1] These documents were requested from USAID and the General Services Administration, which are not parties to this case. Although USAID and GSA provided these documents voluntarily, they do so without waiving any objections to any future nonparty production.

Dated:  March 13, 2025            Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

/s/ *Joshua E. Gardner*
JOSHUA E. GARDNER (FL Bar No. 302820)
Special Counsel

JACOB S. SILER
JAMES J. WEN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 305-7583
joshua.e.gardner@usdoj.gov

Counsel for Defendants