UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. DOE 1, *et al.*,

        *Plaintiffs*,

    v.

ELON MUSK, *et al.*,

        *Defendants*.

Case No. 8:25-cv-00462-TDC

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental Authority, ECF No. 68, which directed this Court's attention to two out-of-circuit district court opinions, *CREW v. U.S. DOGE Service*, No. 25-cv-511, 2025 WL 752367 (D.D.C. Mar. 10, 2025) and *AIDS Vaccine Advocacy Coalition v. Dep't of State*, No. 25-cv-400, 2025 WL 752378 (D.D.C. Mar. 10, 2025).

*First*, Judge Cooper's opinion in *CREW* addressed "whether USDS is an agency subject to" the Freedom of Information Act ("FOIA"), a determination that requires "a finding that the entity in question wielded substantial authority independently of the President." 2025 WL 752367, at *10 (citation omitted). The Government respectfully disagrees with Judge Cooper's analysis because it conflates precatory language contained within the executive order establishing the USDS with the specific authority granted by those orders, *see id.* at *11 (citing "purpose" section of USDS E.O.), and because it fails to distinguish requirements that agencies consult with USDS and give access to agency data from subsequent actions formally approved by the underlying agencies, including USAID, *see id.* at *11–12. Nevertheless, even if USDS is an "agency" for

purposes of FOIA, that does not mean that Mr. Musk is an officer subject to the Appointments Clause. Plaintiffs' preliminary injunction motion is premised on the claim that Mr. Musk occupies a continuing position that wields substantial authority. *See* ECF No. 25 at 9–14. Based on the record before the Court, however, Mr. Musk occupies no such position because he is not the USDS Administrator and does not otherwise exercise the formal authority of any position established by law. *See* ECF No. 28 at 13–14; Ex. 27 ¶ 6 at J.R. 425 (explaining that Mr. Musk is not the USDS Administrator or an employee of USDS or the U.S. DOGE Service Temporary Organization). Nor have Plaintiffs shown that Mr. Musk's position is a continuing office. *See* ECF No. 28 at 21–22.

*Second*, Plaintiffs' reliance on Judge Ali's opinion on the separation-of-powers claim in *AIDS Vaccine Advocates Coalition* is similarly misplaced. The plaintiffs in the two cases addressed in that opinion challenged State Department and USAID decisions to pause certain foreign development assistance. *AIDS Vaccine Advoc.*, 2025 WL 752378, at *3. The complaints named as defendants the final decision-making authorities responsible for the pause. *See* Compl. at 1, *AIDS Vaccine Advoc. Coal. v. Dep't of State*, 1:25-cv-400 (D.D.C. Feb. 10, 2025), ECF No. 1; Compl. at 1, *Global Health Council v. Trump*, 1:25-cv-402 (D.D.C. Feb. 11, 2025), ECF No. 1. Here, however, the agency officials formally responsible for making the complained-of decisions are not parties to this case against whom any remedy can run. Thus, even assuming USAID's decisions to pause foreign assistance or the other data access and personnel actions cited in Plaintiffs' Complaint caused separation-of-powers concerns, that would not be a basis to enjoin Mr. Musk or the other Defendants. *See* ECF No. 28 at 10–12, 23. In any event, Judge Ali's opinion provides no support for the overbroad relief Plaintiffs here seek. *AIDS Vaccine Advoc.*, 2025 WL 752378, at *23 (rejecting as "overbroad" proposed relief that would "specifically order Defendants to continue to contract with" plaintiffs).

Dated: March 14, 2025           Respectfully submitted,

                                YAAKOV M. ROTH
                                Acting Assistant Attorney General

                                DIANE KELLEHER
                                Director, Federal Programs Branch

                                CHRISTOPHER R. HALL
                                Assistant Branch Director, Federal Programs Branch

                                JOSHUA E. GARDNER (FL Bar No. 302820)
                                Special Counsel

                                /s/ *Jacob S. Siler*
                                JACOB S. SILER (DC Bar No. 1003383)
                                JAMES J. WEN
                                Trial Attorneys
                                U.S. Department of Justice
                                Civil Division, Federal Programs Branch
                                1100 L Street, NW
                                Washington D.C. 20005
                                (202) 353-4556
                                jacob.s.siler@usdoj.gov