UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

J. DOES 1-26,

    Plaintiffs,

v.

ELON MUSK,
*in his official capacity*,
UNITED STATES DOGE SERVICE
and
THE DEPARTMENT OF
GOVERNMENT EFFICIENCY,

    Defendants.

Civil Action No. 25-0462-TDC

**PRELIMINARY INJUNCTION**

For the reasons set forth in the accompanying Memorandum Opinion, which is incorporated by reference, it is hereby ORDERED that:

1. For purposes of this Order, "Defendants" refers to Elon Musk, in his official capacity; the United States DOGE Service; the Department of Government Efficiency; and their officers, agents, servants, employees, and attorneys. The term shall also include all individuals who at any time from January 20, 2025 through the pendency of this Preliminary Injunction have been designated as, or have served in the role as, a DOGE Team Lead or DOGE Team Member pursuant to Executive Order 14,158 for purposes of any activities relating to the United States Agency for International Development ("USAID"), regardless of the formal personnel status of that individual.

2. Defendants are ENJOINED as follows:

    a. Defendants shall reinstate access to email, payment, security notification, and all other electronic systems, including restoring deleted emails, for all current USAID employees and personal services contractors ("PSCs"), whether in active status or on administrative leave, and shall provide written confirmation to the Court that this requirement has been satisfied within **7 days** of the date of this Order.

    b. Defendants shall not disclose outside of USAID any personally identifiable information ("PII"), other personal information, or information contained in an individual's personnel file, security clearance file, or PSC contract file relating to any current or former USAID employee or PSC, including but not limited to the posting of unredacted PII of PSCs on the DOGE website.

    c. Defendants shall not take any action, or engage in any work, relating to the shutdown of USAID, defined for present purposes as: placement of employees on administrative leave, reductions-in-force, employee terminations, or contract terminations relating to any USAID employees or PSCs; terminations of USAID contracts or grants; closures of USAID buildings, bureaus, or offices; and permanent shutdowns or terminations of any USAID information technology systems, including but not limited to permanent deletions of the contents of the USAID website or collections of USAID electronic records.

    d. Defendants shall not take any other actions relating to USAID without the express authorization of a USAID official with legal authority to take or approve the action.

    e. Within **14 days** of the date of this Order, Defendants shall secure and submit to the Court a written agreement among all necessary parties that ensures that USAID will be able to reoccupy USAID headquarters at the Ronald Reagan Building in Washington, D.C. in the event of a final ruling in favor of Plaintiffs. This requirement will be stayed if, within **14 days** of the date of this Order, Defendants secure and submit to the Court a ratification of the decision to permanently close USAID headquarters signed by the Acting Administrator of USAID or another Officer of the United States with the authority to do so on behalf of USAID.

3. Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs are required to post with this Court a bond of $100.

4. The Preliminary Injunction shall take effect upon posting of the bond.

Violations of this Preliminary Injunction shall subject Defendants and all other persons bound by this Order to all applicable penalties, including contempt of court.

Date: March 18, 2025

THEODORE D. CHUANG  
United States District Judge