UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| J. DOE 1, et al.,<br><br>              *Plaintiffs*,<br><br>   v.<br><br>ELON MUSK, *et al.*,<br><br>              *Defendants*. | Case No. 8:25-cv-00462-TDC |

**DEFENDANTS' MOTION FOR CLARIFICATION OR MODIFICATION**

Defendants respectfully move for clarification or, in the alternative, modification of the Court's preliminary injunction order, issued on March 18, 2025. *See* ECF 75.

Yesterday, Acting USAID Administrator Rubio delegated to Jeremy Lewin the authorities of the Deputy Administrator for Policy and Programming and the Chief Operating Officer for USAID. *See* Ex. A (Appointment of Jeremy Lewin as an Officer). This decision was made prior to this Court's order but was formalized on March 18, 2025. *See* Ex. B, Declaration of Jeremy Lewin ¶ 8. Mr. Lewin is now responsible for most of the day-to-day work at USAID, as his declaration details. *Id.* ¶ 3.

Mr. Lewin was previously the DOGE Team Lead at USAID. *Id.* ¶ 9. Given his new role, he is no longer the DOGE Team Lead at USAID, nor is he a member of that team at all. *Id.* As Mr. Lewin makes clear in his declaration, "[n]one of Elon Musk, USDS, or any USDS employee has any formal authority over me." *Id.* ¶ 10. He has been duly appointed to his Deputy Administrator and COO position by Secretary of State Rubio (in his capacity as Acting Administrator), and answers to him and the President. Ex. A; Lewin Decl. ¶ 8.

1

Mr. Lewin surely does not fall within the spirit of this Court's decision—and Defendants file this motion to ensure he is not wrongfully picked up by its letter. As the Court made clear, Plaintiffs' constitutional claims against the named Defendants are not implicated where an action is taken or ratified by a "USAID official[]." ECF 73 at 27; *see also id.* at 65 (declining to enjoin past personnel and contract decisions, because "USAID either approved or ratified those decisions"). In short, the Court drew a line, between actions taken by Defendants, and those taken (or ratified) by USAID officials.

Mr. Lewin is not, and has never been, an employee of USDS. Lewin Decl. ¶ 9. But given Mr. Lewin's prior work on USAID's DOGE Team, he might meet the definition of "defendant" in the Court's order. ECF 75 at 1.

This Court should thus clarify or—if necessary—modify its order such that it does not include Mr. Lewin. Mr. Lewin is a properly named USAID official charged with helping lead that agency. But the injunction may bar him from engaging in a wide range of work he is otherwise authorized—and tasked—to perform. That is untenable.

Defendants respectfully request that the Court act immediately. As Mr. Lewin details, he cannot engage in essential USAID work so long as he is arguably included within this Court's order. *See* Lewin Decl. ¶¶ 11-16. As Mr. Lewin explains, any delay or frustration of his ability to authorize certain activities at USAID may imperil the delivery of USAID's essential aid programming and may potentially place USAID personnel posted overseas in harm's way. *See* Lewin Decl. ¶ 13. For example, one of Mr. Lewin's primary goals in assuming his delegated role is to secure the effective delivery of the President's Emergecy Plan for AIDS Relief ("PEPFAR") program and to ensure that USAID's critical global health supply chain remains intact. *See* Lewin Decl. ¶ 14. To facilitate this critical mission, Mr. Lewin has reviewed requests from career staff to

2

terminate certain unnecessary contracts to create room to reactive, renegotiate, and sign new contracts with greater impact.  *Id.*  Mr. Lewin intends to timely approve many of these requests, which he has been advised is essential to ensure that millions of people living with HIV can timely receive their medication.  *Id.*  Accordingly, these harms are vesting right now and will compound every day that this Court's order prevents the operational leader of USAID from doing his job.

To be clear, nothing in the above should be construed as any waiver on the part of any Defendant in appealing this Court's decision—which Defendants likely plan to do in due course. But it is imperative first that this Court clarify the actual scope of that order, both to facilitate appellate review, and more importantly, to allow USAID's leadership to function in the interim. Accordingly, Defendants respectfully request this Court issue a ruling on this motion by the close of business tomorrow: **Thursday, March 20**.

Dated:  March 19, 2025          Respectfully submitted,

　　　　　　　　　　　　　　　YAAKOV M. ROTH
　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　DIANE KELLEHER
　　　　　　　　　　　　　　　Director, Federal Programs Branch

　　　　　　　　　　　　　　　CHRISTOPHER R. HALL
　　　　　　　　　　　　　　　Assistant Branch Director, Federal Programs Branch

　　　　　　　　　　　　　　　/s/ *Joshua E. Gardner*
　　　　　　　　　　　　　　　JOSHUA E. GARDNER (FL Bar No. 302820)
　　　　　　　　　　　　　　　Special Counsel

　　　　　　　　　　　　　　　JACOB S. SILER
　　　　　　　　　　　　　　　JAMES J. WEN
　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　1100 L. Street, NW
　　　　　　　　　　　　　　　Washington D.C. 20005
　　　　　　　　　　　　　　　(202) 305-7583
　　　　　　　　　　　　　　　joshua.e.gardner@usdoj.gov

Counsel for Defendants

Counsel for Defendants