

April 16, 2025

The Honorable Theodore D. Chuang, U.S. District Judge
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770
(301) 344-3982

      Re:    *J. Doe v. Musk*, **No. 25-0462-TDC**
             **Request to Set Pre-Motion & Scheduling Conference**

Dear Judge Chuang,

The undersigned counsel respectfully submit this "Notice of Intent to File a Motion" letter pursuant to the Case Management Order, ECF No. 6. Tomorrow, Plaintiffs plan to file their first amended complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.[1] Plaintiffs seek leave to thereafter file a motion for class certification pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Accordingly, and for the reasons that follow, Plaintiffs request a pre-motion and scheduling conference at Your Honor's earliest convenience.

Plaintiffs' "Amended Class Action Complaint for Declaratory and Injunctive Relief" adds new Defendants who are responsible for the continuing constitutional violations at issue in the case, alongside the current Defendants.[2] These new Defendants include key decision makers at USAID during the relevant time period and today, as well as the relevant governmental entities, namely:

- USAID;

---

[1] Amendment pursuant to Rule 15(a)(1) is proper as Defendants have not yet answered Plaintiffs' original Complaint.
[2] Although Plaintiffs strongly agree with this Court's Preliminary Injunction Order, two members of the Fourth Circuit motion panel indicated that they could not address the underlying separation of powers merits without the agency or agency actors as parties. Order, No. 25-1273, *Doe v. Musk*, ECF 18 at 9, n.3 (4th Cir. Mar. 28, 2025) ("Our concurring colleague eloquently articulates general principles of separation of powers. At least in the abstract, we agree with many of the principles he recites. But he then applies those principles to parties who are not in this case."). The concurring member agreed that the separation of powers had likely been violated but that redressability required joining additional defendants. *Id*. at 41-42 (Gregory, J., concurring in result only). The motion panel majority also indicated that Plaintiffs might succeed on the merits with a more developed record. *Id*. at 9 ("[N]one of this is to say that plaintiffs will not be able to develop evidence of unconstitutional conduct as the case progresses.").

1

- United States Department of State;
- President Donald J. Trump;
- Secretary of State Marco Rubio, who also serves as the Acting Administrator of USAID;
- Peter Marocco, who performed the duties of Deputy Administrator of USAID;
- Jeremy Lewin, the Deputy Administrator for Policy and Programming and the Chief Operating Officer for USAID; and
- Kenneth Jackson, the Deputy Administrator for Management and Resources at USAID.

The Amended Complaint also provides supplemental factual allegations regarding developments since filing to support Plaintiffs' Appointment Clause and Separation of Powers claims.

Indeed, since this Court's March 18 Preliminary Injunction Order was stayed, Defendants and senior USAID leadership have taken swift and dramatic steps to actualize the agency's dismantling, despite the constitutional concerns that Your Honor previously recognized. Most notably, on March 28, Jeremy Lewin sent an email to USAID personnel entitled "Final Mission." The email stated: "Substantially all non-statutory positions at USAID will be eliminated. As a result, USAID personnel globally will be subject to a consolidated Reduction-in-Force ("RIF") action. Within the next few minutes, USAID personnel will begin receiving RIF notices via email. These notices will specify one of two separation dates: July 1, 2025 or September 2, 2025." It went on to say that, "[b]y July 1, 2025, the State Department will have assumed responsibility for USAID's remaining programming, and many of our colleagues will depart for State or other opportunities. The remaining USAID personnel will then supervise the responsible decommissioning of USAID assets and the wind-down of the Agency's independent operations." As a result, the *J. Doe* Plaintiffs have suffered, and continue to suffer, a number of injuries, including unauthorized access to or disclosure of their private data, interruptions to the ordinary course of their employment (including, but not limited to, lost access to critical security systems and basic utilities), reputational harm and other dignitary harm.

The Amended Complaint is brought on behalf of a putative class of USAID employees, seeking only injunctive and declaratory relief for the class as a whole and no monetary damages. Plaintiffs' motion will seek to certify this putative class:

> All persons who, between January 20, 2025 through the present (the "Class Period"), worked at any time as employees of USAID, including as personal services contractors; specifically excluded from this class are Defendants or any other person who, during the Class Period, acted as Administrator or Deputy Administrator of USAID.

Class treatment is appropriate here because both legal claims—and all relevant facts—are necessarily common to all members of the proposed class, and Defendants "acted or refused to

act on grounds that generally apply to the class," such that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole. Fed. R. Civ. P. 23(b)(2).

At the conference, in addition to seeking leave to file for class certification, Plaintiffs will respectfully ask Your Honor to set expedited briefing schedules for the class certification motion and for dispositive motions, as well as an expedited discovery schedule. Plaintiffs will argue that expedition is necessary given the speed at which Defendants are dismantling USAID in a public and straight-forward manner. Indeed, we fear that if this case proceeds past July 1, 2025, Plaintiffs could lose the ability to meaningfully achieve the injunctive relief they seek.

Prior to filing this letter, Plaintiffs' counsel conferred with Defendants' counsel by telephone and via multiple emails. Both parties agree that discovery is not needed for the class certification issue. Defendants have not yet filed a motion to dismiss, but they indicated their intent to do so. Counsel were not able to reach agreement on a proposed briefing and discovery schedule.

Respectfully submitted,


*/s/ Norman L. Eisen*
Norman L. Eisen [9112170186]
Tianna J. Mays [1112140221]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite
102-402 San Antonio, TX 78218
Tel: (210) 343-5604

Richard M. Heimann**
Nicole M. Rubin***
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor

3

San Francisco, CA 94111
Tel: (415) 956-1000

*Admitted pro hac vice*
*\*\* Notice of appearance and pro hac vice forthcoming*
*\*\*\* Notice of appearance forthcoming*