

**U.S. Department of Justice**
Civil Division, Federal Program Branch

April 21, 2025

<u>**VIA CM/ECF**</u>

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Motion to Dismiss, *Doe, et al., v. Musk, et al.*, No. 8:25-cv-00462-TDC

Dear Judge Chuang:

Defendants, in accordance with Part II of the Court's Case Management Order, submit this Notice of Intent to File a Motion to Dismiss Plaintiffs' Amended Complaint.

### A.  <u>Factual Background</u>

Plaintiffs, unidentified current and former employees and contractors of USAID, allege that Defendants unlawfully cancelled government contracts, reduced the force of USAID employees and contractors, and closed USAID's headquarters. Plaintiffs contend that these actions violate the Appointments Clause and separation of powers. *See* Compl., ECF No. 4. Plaintiffs amended their complaint on April 17, 2025, removing certain plaintiffs and adding defendants, including President Trump, and new factual allegations. *See* Am. Compl., ECF No. 93. The deadline for Defendants to respond to Plaintiffs' Amended Complaint is May 1, 2025.

### B.  <u>Legal Basis for the Motion to Dismiss</u>

#### 1.  **The Court lacks jurisdiction over Plaintiffs' claims.**

##### a.  **The Civil Service Reform Act precludes the claims of USAID employees.**

To the extent Plaintiffs are USAID employees, they cannot show subject-matter jurisdiction because Congress has divested the federal district courts of jurisdiction over personnel matters like this one. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump* ("*AFGE*"), 929 F.3d 748, 752 (D.C. Cir. 2019). Congress has implicitly precluded district court review here "by specifying a different method to resolve claims about agency action." *Axon Enter. v. FTC*, 598 U.S. 175, 185 (2023). Congress has established a detailed statutory scheme wherein federal employment disputes must first be administratively exhausted before the employing agency and the Merit Systems Protection Board. Judicial review, if any, is available only in a court of appeals. *See AFGE*, 929 F.3d at 752 (citing 5 U.S.C. §§ 7105, 7123(a), (c)). To determine whether Congress's preclusion scheme reaches the claims in this case, the Court must consider "three considerations designed to aid in that inquiry": (1) "could precluding district court jurisdiction foreclose all meaningful judicial review of the claim"; (2) "is the claim wholly collateral to the statute's review provisions"; and (3) "is the claim outside the agency's expertise?" *Id.* (internal quotation marks, citation, and

alteration omitted). As Defendants will explain in detail in their Motion to Dismiss, each of these factors weighs heavily in favor of preclusion.

### b. The Court lacks jurisdiction over the claims brought by any PSCs.

To the extent any of the Plaintiffs are PSCs, Plaintiffs fail to satisfy their burden to establish that this Court has subject-matter jurisdiction over their claims. Plaintiffs seek to "set aside any actions taken at USAID . . . on behalf of or at the direction of Defendant Musk or DOGE." Am. Compl. (Prayer for Relief). Those alleged actions, as described in the Amended Complaint, relate to their employment status as USAID contractors. *See* Am. Compl. at 4 (claiming that "Defendants have pulled the rug out from under Plaintiffs professionally and financially[.]); ¶¶ 4-9 (claiming "interruptions to the ordinary course of their employment."). These Plaintiffs fail to establish that their claims will not ripen into the type of disputes that can *only* be brought through the procedures of the Contract Disputes Act, 41 U.S.C. §§ 7101–09 ("CDA"), and over which this Court would lack subject-matter jurisdiction. The CDA applies to certain types of contracts with the Federal Government, including contracts for "the procurement of services." 41 U.S.C. § 7102(a)(2); *see, e.g.*, *Lee v. United States*, 127 Fed. Cl. 734, 736 (2016) (personal service contract dispute heard in the Court of Federal Claims). After a properly submitted CDA claim has been exhausted pursuant to the procedures set forth in the statute, the proper forum is either the Civilian Board of Contract Appeals, which has jurisdiction to decide any appeal from a decision of a contracting officer on a contract made by USAID or the Department of State, *see* 41 U.S.C. § 7105(e)(1)(B), or the United States Court of Federal Claims, 41 U.S.C. § 7104(b). The fact that Plaintiffs seek only injunctive and declaratory relief is of no moment. When assessing whether the CDA governs, "plaintiffs' labelling is of little importance," given that "a plaintiff may not avoid the jurisdictional bar of the CDA merely by alleging violations of regulatory or statutory provisions rather than breach of contract." *A & S Council Oil Co. v. Lader*, 56 F.3d 234, 241 (D.C. Cir. 1995).

### c. Plaintiffs lack standing.

Plaintiffs also fail to meet their burden to plead facts that would establish standing; their allegations with respect to individual plaintiffs are wholly conclusory and need not be credited. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); Am. Compl. ¶¶ 4-9. Moreover, Plaintiffs offer no facts supporting standing with respect to the individual Plaintiffs as required. *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016) ("[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." (citation omitted)); *cf.* Am. Compl. ¶ 62 (alleging "data containing personally identifiable information . . . *of class members*" exported improperly) (emphasis added)). Further, the Fourth Circuit determined that Plaintiffs' previous allegations of similar harms were "remote and speculative," and "insufficient to show the required actual and imminent harm" "to the extent the[y] . . . are cognizable damages at all." Order at 11-12, *Does 1-26 v. Musk*, No.25-1273 (Mar. 28, 2025) (slip. op.).

### 2. Plaintiffs have failed to state a claim.

Plaintiffs fail to state a claim for violation of the Appointments Clause as to Mr. Musk for multiple reasons. First, they fail to plausibly allege that no "duly appointed official has final authority over the implementation of the governmental action[s]" of which they complain.

*Andrade v. Regnery,* 824 F.2d 1253, 1256–57 (D.C. Cir. 1987). Second, they fail to plausibly allege that Mr. Musk satisfies the basic predicate of such a claim: that he holds an "office"—a "continuing position established by law" vested with "significant authority pursuant to the laws of the United States," contending instead that Mr. Musk, a Senior Advisor to the President, has "*de facto*" power. *Lucia v. SEC*, 585 U.S. 237, 245 (2018); Am. Compl. at ¶ 10; *see also Landry v. FDIC*, 204 F.3d 1125, 1133 (D.C. Cir. 2000); *Tucker v. CIR*, 676 F.3d 1129, 1133 (D.C. Cir. 2012) ("[B]ecause we conclude . . . that Appeals employees do not exercise significant authority …, we need not resolve whether their positions were 'established by Law'" for purposes of the Appointments Clause.). Plaintiffs cannot distinguish Mr. Musk's role from numerous other Presidential advisors—like the White House Chief of Staff—who have immense *de facto* power that arises from their connection to the President, not from any authority vested "pursuant to the laws of the United States" in *their* positions. Third, allegations demonstrate that Mr. Musk's position and any power he has by virtue of that position is not personal to him. *See United States v. Donziger*, 38 F.4th 290, 297 (2d Cir. 2022).

Plaintiffs' separation-of-powers claim likewise fails, because it is nothing more than an improper attempt to dress the claim that Defendants exceeded their statutory authority in constitutional garb. *See, e.g.*, *Dalton v. Specter*, 511 U.S. 462, 473-74 (1994) (explaining that "claims simply alleging that [an official] has exceeded his statutory authority are not 'constitutional' claims[.]").

### 3. Plaintiffs' claims against the President should be dismissed.

Plaintiffs may not obtain—nor may the Court order—injunctive or declaratory relief directly against the President for his official conduct. *See Mississippi v. Johnson*, 71 U.S. 475, 501 (1866); *see also Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992). Courts in this and other circuits have rejected demands to enjoin the President in performing his official duties, regardless of the claim. The same is true for declaratory relief directed to the President. *Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010). The claims against the President should be dismissed.

### C. Request to Stay All Additional Deadlines & Case Management Obligations

Defendants respectfully request that the Court stay all additional case management obligations and discovery pending resolution of the Motion to Dismiss. *See Kennedy v. Fed. Nat. Mortg. Ass'n*, No. 4:13-cv-203-F, 2013 WL 5885154, *1 (E.D.N.C. Oct. 31, 2013) (holding that "the court has broad discretion to stay discovery pending resolution of a motion to dismiss") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *In re: Musk*, No. 25-5072 (D.C. Cir. Mar. 26. 2025) (granting emergency motion for stay of discovery and holding that Defendants "have shown a likelihood of success on their argument that the district court was required to decide their motion to dismiss before allowing discovery.").

The parties have conferred about whether this matter can be resolved without a motion.

Sincerely,

*/s/ Joshua E. Gardner*

Joshua E. Gardner

Garry Hartlieb
Christopher Lynch
Jacob Siler
James Wen

*Counsel for Defendants*

Cc:     Counsel of Record (via CM/ECF)