# Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| J. DOE 4 *et al.*, *individually and on behalf of all others similarly situated*, <br><br> ***Plaintiffs*,** <br><br> **v.** <br><br> ELON MUSK *et al.*, <br><br> ***Defendants***. | Case No. 8:25-cv-00462-TDC |

**[PROPOSED] PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiffs serve this Set of Written Discovery Requests to Defendants.

Pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, Defendants are under a duty to supplement their disclosures if they discover that in some material respect the information disclosed herein is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing.

**DEFINITIONS**

In general, words and phrases used in these discovery requests have the meanings ascribed to them under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Maryland, and other applicable law. The following specific terms are defined for purposes of these discovery requests:

1. "Document" is defined pursuant to Federal Rule of Civil Procedure 34 and includes, without limitation, written material of whatever kind or nature, whether in draft form,

typed, printed, handwritten, or otherwise produced, including the original or any non-identical copies of correspondence, meeting minutes, resolutions, directives, memos, and any other written, printed, or recorded material of any kind known to you or in the possession, custody, or control of you or anyone acting on your behalf.

2. "Describe," when used with respect to an interrogatory, means to give a complete and full accounting concerning the matter about which inquiry is made, based on all facts and information known or reasonably available to you.

3. "And" and "or" have both conjunctive and disjunctive meanings; "all" and "any" means both "each" and "every"; the plural shall include the singular and vice versa.

4. "DOGE" includes the United States DOGE Service; the Department of Government Efficiency; and their officers, agents, servants, and employees. The term also includes all individuals who at any time from January 20, 2025 through the date this interrogatory is answered have been designated as, or have served in the role as, a DOGE Team Lead or DOGE Team Member pursuant to Executive Order 14,158 for purposes of any activities relating to USAID, regardless of the formal personnel status of that individual.

5. "Direct" or "directed" means instances in which an employee, officer, or volunteer instructed, ordered, or otherwise took action to compel a particular course of action by another.

6. "Contracts" means any contract between USAID and an outside party, including grants.

7. "Database" means an organized collection of electronic information that can be searched, retrieved, changed, shared, and sorted using software.

8. "Identify," when used with respect to an interrogatory, means to state all facts and information known or reasonably available to you.

9. "Include" and "Including" do not imply any limitation to the items or kinds of items enumerated.

10. "Instrument" means a written document that formally records the establishment, delegation, or revocation of authorities, rights, obligations, or duties.

11. Unless words have been given a specific definition herein, each word or term used herein shall be given its usual and/or customary dictionary definition, except where such words have a specific custom and/or usage definition in your trade or industry or as relevant to the subject matter here, in which case they shall be interpreted in accordance with such usual custom and/or usage definition of which you are aware.

**INSTRUCTIONS**

1. In answering these discovery requests, you shall comply with the Federal Rules of Civil Procedure, including, without limitation, Fed. R. Civ. P. 33, and 34, and the Local Rules of the United States District Court for the District of Maryland.

2. These discovery requests are intended to elicit facts, information, and documents from all persons or entities, agents, contractors, employees, experts, investigators, representatives, servants, and others who are in possession of or may have obtained documents and other information for you or anyone acting on your behalf.

3. Unless specifically stated otherwise in these discovery requests, the time period(s) encompassed by each discovery request includes January 20, 2025 to the present. Further, these discovery requests are continuing in nature. Therefore, if any additional, contrary,

or supplemental documents or other information are made available to you, supplemental answers to these discovery requests must be made as required by Fed. R. Civ. P. 26(e).

4. Please produce all documents in the possession, custody, or control of you or anyone acting on your behalf, or that are otherwise available to you after a reasonably diligent inquiry, unless any document is claimed to be privileged from discovery. If you contend any document requested is privileged or immune from discovery, produce a privilege/redaction log pursuant to the Federal Rules of Civil Procedure within the time provided by the order of the court authorizing expedited discovery.

5. Please produce all documents requested in the requests for production within the time provided by the order of the court authorizing expedited discovery.

6. When producing documents electronically, please use Bates numbers and provide a description of the documents. When producing documents electronically, please ensure that each separate document is its own separate file. This is because documents must be produced "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(i).

7. Please produce all electronically stored information in native format, with all metadata intact. Fed. R. Civ. P. 34(b)(1)(C). "Native Format" means the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities. For example, the native format of an Excel workbook is a .xls or .xlsx file and the native format of a Microsoft Word document is a .doc or .docx file. "Metadata" means (i) structured (fielded) information embedded in a native file that describes the characteristics, origins, usage, and/or validity of the electronic file; (ii) information generated automatically by operation of a computer or

3

other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system; (iii) information, such as Bates numbers, created during the course of processing documents or ESI for production; and (iv) information collected during the course of collecting documents or ESI, such as the name of the media device, or the custodian or non-custodial data source from which it was collected.

8. Please make reasonably diligent efforts to obtain responsive documents. If, after reasonably diligent efforts, you still lack responsive documents, please say so, and describe the efforts made.

9. If you think any request for production is ambiguous, please do not refuse to respond on that ground. Instead, explain in your response how you have interpreted the request for production.

10. If you cannot answer an interrogatory in full and you have exercised thorough diligence in an attempt to secure the information requested, then you must so state. You must also explain to the fullest extent possible the specific facts concerning your inability to answer the interrogatory and supply whatever information or knowledge you have concerning any unanswered portion of the interrogatory.

11. If your answer to any interrogatory is "unknown," "not applicable," or any similar phrase or answer, state the following: (a) Why the answer to that interrogatory is unknown; and (b) The efforts made to obtain answers to the particular interrogatory.

**REQUESTS FOR PRODUCTION**

1. The 12:42 AM, February 3, 2025 email that was sent to USAID staff telling them to work remotely that Monday, as USAID headquarters would be closed. This is the email purported to be from "USAID Press" which stated that the directive was "[a]t the direction of Agency leadership," and wherein Gavin Kliger is listed as the reply-to recipient.

2. The February 8, 2025, "Action Memo for Secretary Rubio" drafted by Defendant Lewin.

3. The unredacted version of and full metadata for all documents submitted in response to the Court's Order for documents, ECF No. 66, including the unredacted version of and full metadata for ECF Nos. 70-1, 70-2, 70-3, 70-4, 70-5, 70-6, 70-7, 70-8, and 70-9.

4. The memorandum prepared by Nicholas Gottlieb, USAID Director of Employee and Labor Relations, on or around January 30, 2025, detailing why there was no legal justification for keeping the 57 senior officials individuals on administrative leave and his intention to reinstate those individuals that afternoon, as well as any accompanying email or email chain to which it was attached.

5. The memorandum prepared by Nicholas Gottlieb, USAID Director of Employee and Labor Relations, on or around February 3, 2025, with the subject line "Summary of the Events Leading to My Placement on Administrative Leave", as well as any accompanying email or email chain to which it was attached.

6. The February 7, 2025 email, which states "all USAID direct hire personnel will be placed on administrative leave globally, with the exception of designated personnel responsible for mission-critical functions, core leadership and specially designated programs."

7. All official communications between USAID leadership and members of Congress about the restructuring or reorganizing of USAID pursuant to or as envisioned by the Further Consolidated Appropriations Act, 2024 or the Full-Year Continuing Appropriations and Extensions Act of 2025.

8. All official communications between State Department leadership and members of Congress about the restructuring or reorganizing of USAID pursuant to or as envisioned by the Further Consolidated Appropriations Act, 2024 or the Full-Year Continuing Appropriations and Extensions Act of 2025, including but not limited to the March 3, 2025 Letter from Secretary Rubio and the March 28, 2025, Congressional Notification Transmittal Letter from Paul Guaglianone.

9. All emails sent agencywide to USAID from Jeremy Lewin, including but not limited to the March 19, 2025, "Next Phase of USAID" email and the March 28, 2025 "Final Mission" email.

10. The memorandum publicly reported on or about March 18, 2025, which details foreign aid policy plans, including winding down USAID and then "[c]odifying the refocused USAID under a new name as a subsidiary of the State Department," and "abolishing its legal status as an 'independent establishment.'" In the "Structural Changes, Short Term" section of the Appendix "Roadmap to Implementation," the document recommended entirely eliminating 12 bureaus and 8 offices within USAID, as well as consolidating other bureaus within the Agency. The memorandum is reported about here: https://perma.cc/NDV5-CDHZ.

11. Any instruments associated with Interrogatories 2, 3, and 4.

12. Reserved

13. Reserved

14. Reserved

## INTERROGATORIES

1. Identify all DOGE personnel with systems access to the following USAID data systems between January 20, 2025 and the date this interrogatory is answered, including the level of access for each person for each data system:
    a. USAID.gov;
    b. Google workspace;
    c. Azure;
    d. CCURE;
    e. Phoenix;
    f. GLAAC;
    g. Active Directory;
    h. AWS;
    i. Akamai;
    j. HCTM instance of SemiCon Now;
    k. GovTA;
    l. EC2 access (infrastructure).

2. Identify by what instrument, including the date the instrument was executed, Secretary Rubio was appointed Acting Administrator of USAID.

3. Identify by what instrument, including the date the instrument was executed, Peter Marocco was delegated the authority of acting deputy administrator for USAID.

4. Identify by what instrument, including the date the instrument was executed, Jason Gray was formally relieved of his duties as acting administrator for USAID. If there is no instrument, identify with specificity how and on what date and approximate time Jason Gray was relieved of his duties.

5. Provide the total USAID personnel numbers, disaggregated by hiring mechanism (e.g. Foreign Service Officers, Foreign Service Limited, Civil Service Excepted, Personal Services Contractors), as of January 19, 2025 as compared to the actual total USAID personnel numbers, by hiring mechanism, on the date this interrogatory is responded to, and the anticipated total USAID personnel, by hiring mechanism, as of July 1, 2025 and September 1, 2025.

6. Identify every individual who has served as DOGE Administrator or as the functional head of DOGE, including in an acting capacity, since January 20, 2025, and the dates served in that capacity. As part of this response, identify all individuals with authority to hire or terminate employment of DOGE personnel since January 20, 2025.

7. Provide the total number of USAID contracts in existence on January 19, 2025 as compared to the total number of contracts in existence on the date this interrogatory is responded to.

8. Reserved

9. Reserved

10. Reserved


Respectfully submitted,
*/s/ Norman L. Eisen*
Norman L. Eisen [9112170186]
Tianna J. Mays [1112140221]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite
102-402 San Antonio, TX 78218
Tel: (210) 343-5604

7

Richard M. Heimann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

* *Admitted pro hac vice*

8