CONSTITUTIONAL
ACCOUNTABILITY CENTER

April 29, 2025

The Honorable Theodore D. Chuang, U.S. District Judge
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

> **Re:**    ***J. Does 1-26 v. Musk*, No. 25-cv-462**
> **Notice of Intent to File Consent Motion for Leave to File *Amicus* Brief in**
> **Opposition to Defendants' Motion to Dismiss**

Dear Judge Chuang,

Proposed *amicus curiae* Constitutional Accountability Center (CAC), in accordance with Section II of this Court's Case Management Order, submits this Notice of Intent to File Consent Motion for Leave to File *Amicus* Brief in Opposition to Defendants' Motion to Dismiss.

Counsel for all parties in this case <u>consent</u> to the filing of CAC's proposed *amicus* brief. However, leave of the Court is still required to file such a brief, and that leave is typically sought through a motion for leave to file. Alternatively, this Court may construe this letter as a motion for leave to file and may enter an order granting leave to the file the proposed *amicus* brief, rendering the proposed motion unnecessary.

CAC is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works to improve understanding of the Constitution and accordingly has an interest in this case. CAC has filed *amicus* briefs in courts across the country, including the Supreme Court, addressing the text, history, and operation of Article II's Appointments Clause. *See, e.g.*, Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Appellants, *United States ex rel. Zafirov v. Florida Med. Assocs., LLC*, Nos. 24-13581 & 24-13583 (11th Cir. filed Jan. 15, 2025); Brief of Constitutional and Administrative Law Scholars as *Amici Curiae* in Support of Affirmance, *Lucia v. SEC*, No. 17-130 (U.S. filed Apr. 2, 2018). CAC has also brought an Appointments Clause challenge to an officer who was serving unlawfully. *See* Complaint, *Blumenthal v. Whitaker*, No. 18-cv-2664 (D.D.C. filed Nov. 19, 2018). Accordingly, CAC has developed expertise relevant to the Appointments Clause's requirement that all offices of the United States be "established by Law," and its proposed brief provides a unique historical perspective and more detail on this novel issue than the parties can provide.

"Traditionally, the role of *amici* has been to act as a friend of the court, providing guidance on questions of law." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp.

720, 727 (D. Md. 1996). *Amicus* briefs "assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

There is no Federal Rule of Civil Procedure that governs motions for leave to file an *amicus* brief in a federal district court, but district courts have broad discretion to permit *amicus* briefs. *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). Typically, *amicus* briefs have been "allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Bryant*, 923 F. Supp. at 728 (citing *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)); *cf. Am. Coll. of Obstetricians & Gynecologists v. FDA*, 467 F. Supp. 3d 282, 293 (D. Md. 2020) (Chuang, J.) (denying permissive intervention but permitting participation as *amicus curiae*).

The proposed *amicus* brief meets these standards. Given the novelty of President Trump's double-pronged assault on the Appointments Clause, analysis of the Clause's requirement that offices be "established by Law," as a matter of first principles, will aid this Court in deciding Defendants' Motion to Dismiss. The proposed brief provides that analysis, drawing on constitutional text, structure, and history to demonstrate that Musk's failure to occupy an office "established by Law" is not a *defense* to Plaintiffs' Appointments Clause claim but a substantive *violation* of the Appointments Clause—separate and apart from the fact that Musk was not appointed in accordance with the procedures mandated by that Clause.

Accordingly, proposed *amicus curiae* CAC respectfully requests that this Court grant leave to file the proposed Consent Motion for Leave to File *Amicus* Brief in Opposition to Defendants' Motion to Dismiss, or that this Court simply construe this letter as a motion for leave to file said brief and grant leave to file the proposed brief. Though *amicus* does not believe that a pre-motion conference is necessary, counsel is prepared to appear if this Court so desires.

Respectfully submitted,

/s/ Miriam Becker-Cohen

Miriam Becker-Cohen
Constitutional Accountability Center
1200 18th Street NW, Suite 501
Washington, D.C. 20036
(202) 296-6889
miriam@theusconstitution.org

*Counsel for Proposed Amicus Curiae*