IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. DOE 4 et al., *individually and on behalf of all others similarly situated*,

        *Plaintiffs*,

        v.

ELON MUSK *et al.*,

        *Defendants*.

Case No.  8:25-cv-00462-TDC

## [PROPOSED] ORDER GRANTING MOTION FOR CLASS CERTIFICATION

Upon consideration of Plaintiffs' Motion for Class Certification and the Parties' submissions, and for good cause shown, the Court hereby ORDERS as follows:

1.    Plaintiffs' Motion is GRANTED.

2.    The Court hereby certifies the class entities pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) (the "Class"):

> All persons who, between January 20, 2025 through the present (the "Class Period"), worked at any time as employees of USAID, including as personal services contractors; specifically excluded from this class are Defendants or any other person who, during the Class Period, acted as Administrator or Deputy Administrator of USAID.

3.    The Class meets the requirements of Federal Rule of Civil Procedure Rule 23(a). First, numerosity is satisfied: as of January 20, 2025, USAID employed between 5,500 and 10,000 people throughout the United States and internationally, which is so numerous that joinder would be impracticable.  *See In re Zetia (Ezetimibe) Antitrust Litig.*, 7 F.4th 227, 234 (4th Cir. 2021) (noting that "a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone").

4. Second, commonality is satisfied. Several questions of law and fact are common to the Class, including whether: Defendant Musk unlawfully acted as an "Officer" pursuant to the Appointments Clause of the U.S. Constitution in his exercise of significant decisionmaking authority concerning USAID, despite not being nominated by President Trump or confirmed by the Senate; Defendants' collective actions to dismantle USAID without congressional authorization violates Separation of Powers principles; and DOGE, as structured and implemented, operates beyond the bounds of any proper executive power and violated Separation of Powers principles, including by embedding itself into USAID. The "determination of the truth or falsity" of these common issues "'will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Amaya v. DGS Constr., LLC*, 326 F.R.D. 439, 447 (D. Md. 2018) (quoting Fed. R. Civ. P. 23(a)(2)). Because this "class-wide proceeding [will] generate common answers" to these core questions, which are "apt to drive the resolution of the litigation," class certification is appropriate. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

5. Third, typicality is satisfied because the Class Representatives' claims and the Class members' claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members." *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 188 (D. Md. 2003). Defendants' alleged unconstitutional actions have directly injured Plaintiffs and all Class members in the same way, such that "prosecution of the claim[s] will 'simultaneously tend to advance the interests of the absent class members.'" *Coreas v. Bounds*, No. CV TDC-20-0780, 2020 WL 5593338, at *13 (D. Md. Sept. 18, 2020) (citation omitted).

6. Fourth, adequacy is satisfied because the Class Representatives and Class Counsel have demonstrated that they will adequately represent the interests of the Class, and have no conflicts of interest with any Class members. *See Coreas*, 2020 WL 5593338 at *14; *Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 459 (D. Md. 2014).

7. The Class meets the requirements of Rule 23(b)(2) because Defendants have acted on grounds "that apply generally to the class" and the injunctive and declaratory relief Plaintiffs seek will "provide the same relief to all class members." *Planned Parenthood of Maryland, Inc.*

*v. Azar*, No. CV CCB-20-00361, 2020 WL 3893241, at *7 (D. Md. July 10, 2020) (citation omitted). Thus, "the indivisible nature of the injunctive or declaratory remedy" warrants certification. *Dukes*, 564 U.S. at 360 (internal quotation marks and citation omitted).

8. The Court appoints J. Doe 4, J. Doe 7, J. Doe 22, J. Doe 27, J. Doe 28, and J. Doe 29 as Class Representatives.

9. The Court appoints State Democracy Defenders Fund, Marziani, Stevens & Gonzalez PLLC, and Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel.

**IT IS SO ORDERED**.

DATED: _____    _____
The Honorable Theodore D. Chuang
United States District Judge