**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4, *et al.*, *individually and on behalf of all others similarly situated,* | |
| **Plaintiffs,** | **Case No. 8:25-cv-00462-TDC** |
| **v.** | |
| ELON MUSK, *et al.*, | |
| **Defendants.** | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit for the Court's consideration as supplemental authority in connection with Defendants' motion to dismiss (ECF No. 110) a May 30, 2025 order from the U.S. Court of Appeals for the Ninth Circuit in *Am. Fed'n of Gov't Emps. v. Trump*, denying the government's request for an emergency stay of a May 22, 2025 district court order granting a preliminary injunction. *Am. Fed'n of Gov't Emps. v. Trump*, No. 25-3293, 2025 WL 1541714, at *1 (9th Cir. May 30, 2025) ("May 30 Order") (attached hereto). The May 30 Order, which was not available at the time that briefing on the pending motion to dismiss in this case concluded, further supports the denial of that motion.

*First*, the May 30 Order provides additional legal support for the argument that the Civil Service Reform Act ("CSRA") does not preclude Plaintiffs' claims. *See* Pls.' Opp. to Defs.' Mot. to Dismiss, ECF No. 121 at 8-24.

- The Ninth Circuit found the Plaintiffs' claims, which include a claim that agency officials acted "ultra vires and thus violated the separation of powers," May 30 Order at 16, "plainly fall outside the scope of the CSRA's review provisions" because neither the Merit Systems

1

Protection Board ("MSPB") or Federal Labor Relations Authority ("FLRA") has the authority to address such a constitutional claim. *Id.* at 11-12.

- Consistent with Plaintiffs' position that the CSRA does not preclude review of recognized Constitutional claims when no CSRA-covered action is implicated, the Ninth Circuit wrote, "It is telling that in nearly every case cited by Defendants in which a court channeled a constitutional or statutory claim through the CSRA, the plaintiffs raised at least one claim properly within the unquestioned jurisdiction of the MSPB or FLRA." *Id.* at 12 (citations omitted). It then distinguished recent cases where CSRA claims were implicated or no constitutional separation of powers issues were raised. *Id*. at 13-14.

- The Ninth Circuit found that channeling would preclude meaningful judicial review because, although the defendants "can point to a theoretical alternative path for an aggrieved party to seek review . . . such a path to the federal courts would be meaningless where, as here, entire offices and functions are being eliminated from federal agencies." *Id.* at 15.

- Consistent with Plaintiffs' arguments that the CSRA cannot limit claims of employees who are not covered by the CSRA,[1] the Ninth Circuit found that channeling would "offer no option at all" for Plaintiffs "who are not covered by the CSRA and are thereby unable to present any claim to the MSPB or FLRA in the first place." *Id*. at 16.

**Second**, the May 30 Order provides additional legal support to Plaintiffs' separation of powers claim that Defendants are unlawfully dismantling an independent agency created by Congress. *See* Pls'. Opp. to Defs.' Mot. to Dismiss, ECF No. 121 at 33-34. The Ninth Circuit wrote, "Neither the Constitution nor any federal statute grants the President the authority to direct

---

[1] *See, e.g.*, 5 U.S.C. § 7511(b)(6) ("does not apply to an employee . . . who is a member of the Foreign Service").

the kind of large-scale reorganization of the federal government at issue," May 30 Order at 17, and that "[w]ithout any independent basis in the Constitution, the failure to identify statutory authority . . . is fatal to Defendants' claim. Separation of powers and checks and balances are fundamental to the structure of the government established by our Constitution." *Id*. at 22.

Respectfully submitted,

*/s/ Tianna J. Mays*
Tianna J. Mays, [1112140221]
Norman L. Eisen, [9112170186]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite 102-
402 San Antonio, TX 78218
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

*Attorneys for Plaintiffs*
**Admitted pro hac vice*