IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *et al.*,<br><br>*Defendants.* | Case No. 8:25-cv-00462-TDC |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit for the Court's consideration as supplemental authority in connection with Defendants' motion to dismiss (ECF No. 110) an Opinion published yesterday, June 3, 2025, from the U.S. Court of Appeals for the Fourth Circuit in *Nat'l Assoc. of Immigration Judges v. Owen*, No. 23-2235 (Slip Op. attached).

In that case, immigration law judges challenged a discrete personnel policy that threatened adverse actions against the immigration law judges for noncompliance. *Compare* Slip Op. 20-31 & *with* Pls. Opp. at 15-24. The Fourth Circuit opined that, typically, such claims would be CSRA-precluded, but "[t]he structure of the CSRA relies fundamentally, however, on a strong and independent MSPB and Special Counsel. Serious questions have recently arisen regarding the functioning of both the MSPB and the Special Counsel. We cannot allow our black robes to insulate us from taking notice of items in the public record, including, relevant here, circumstances that may have undermined the functioning of the CSRA's adjudicatory scheme." Slip. Op. at 31. The court further wrote, "Congress enacted the CSRA on the bedrock principle that the members of the MSPB and the Special Counsel would be protected from removal on

1

political grounds." Slip Op. at 19. President Trump has removed the Special Counsel and MSPB members, depriving it of a quorum as well as independence from the President; moreover, the Government is arguing that the CRSA's removal protections impede upon executive authority. *Id*. These current events "call[] into question the constitutionality of a critical aspect of the CSRA, and the continued vitality of the statute's adjudicatory scheme," thereby requiring "a reevaluation of Congress's intent under *Thunder Basin*" to deprive district-court jurisdiction from federal employees. *Id*. at 20.

At the very least, this new precedent demonstrates that resolution of the Defendants' arguments on channeling cannot be resolved without further factual development, and thus Defendants' motion to dismiss should be denied.


Respectfully submitted,

*/s/ Tianna J. Mays*
Tianna J. Mays, [1112140221]
Norman L. Eisen, [9112170186]
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway, Suite
102-402 San Antonio, TX 78218
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

*Attorneys for Plaintiffs*
**Admitted pro hac vice*