

Aaron Zelinsky
PARTNER
Zuckerman Spaeder LLP
azelinsky@zuckerman.com
410.949.1167

June 30, 2025

**Via ECF**

Hon. Theodore D. Chaung
United States District Judge
U.S. District Court, District of Maryland
6500 Cherrywood Lane; Suite 245
Greenbelt, MD 20770

      Re:    *J. Doe 1, et al. v. Musk,* No 25-cv-462
             Notice of Intent to File Motion for Leave to File Amicus Brief in Opposition to Defendants' Motion to Dismiss

Dear Judge Chaung:

      Proposed *amicus curiae* American Foreign Service Association (AFSA), in accordance with Section II of this Court's Case Management Order, submits this Notice of Intent to File Motion for Leave to File *Amicus* Brief in Opposition to Defendant's Motion to Dismiss.

      Counsel for the Plaintiff's in this case consent to the filing of AFSA's proposed *amicus* brief. The Government objects to the filing of the brief as untimely under Local Rule 105(12)(e). Before the motion is made to file to file the brief, however, leave of the Court is still required.

      The American Foreign Service Association, established in 1924, is both professional association and representative for the U.S. Foreign Service. AFSA's close to 16,800 members include active-duty and alumni/retired members of the Foreign Service at the Department of State, the U.S. Agency for International Development (USAID), Foreign Commercial Service, Foreign Agricultural Service, Animal and Plant Health Inspection Service and U.S. Agency for Global Media. AFSA represents nearly 80 percent of active-duty members of the Foreign Service, including hundreds of Foreign Service Limited (FSL) Officers at USAID, who play a potentially critical role in this case. AFSA speaks for its members individually, ensuring that the law is upheld and due process followed, but also, crucially, for the long-term health and vigor of the Foreign Service as an institution, certain in the conviction that a career Foreign Service, characterized by excellence and professionalism, is in America's national interest.

      "Traditionally, the role of amici has been to act as a friend of the court, providing guidance on questions of law." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 727 (D.

Md. 1996). *Amicus* briefs "assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

There is no Federal Rule of Civil Procedure that governs motions for leave to file an amicus brief in a federal district court, but district courts have broad discretion to permit amicus briefs. *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). Typically, amicus briefs have been "allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Bryant*, 923 F. Supp. at 728 (citing *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)); *cf. Am. Coll. of Obstetricians & Gynecologists v. FDA*, 467 F. Supp. 3d 282, 293 (D. Md. 2020) (Chuang, J.) (denying permissive intervention but permitting participation as amicus curiae).

The proposed amicus brief meets these standards. Given the novelty of the Government's destruction of executive branch agencies like USAID without statutory authorization, and the complex issues related to "channeling" of potential class members that have now become the focus of this litigation, analysis of the unusual status of Foreign Service Limited (FSL) officers will aid this Court in deciding Defendants' Motion to Dismiss. The proposed brief provides that analysis, drawing on statutes, precedent, and USAID administrative materials, to demonstrate that FSLs are able to seek relief before the District Court directly, since they are precluded from bringing claims before any administrative bodies. The brief is also concise and tailored to the issues presented; it runs less than twelve pages.

Proposed *amicus* recognizes that, in addition to the Court's Case Management Order, permission of the Court is likewise needed to file the motion since the brief comes more than seven days after the filing of the principal brief of the party being supported. *See* Md. L. R. 12. Proposed *amicus* respectfully requests the Court's permission in these circumstance, since the unusual issues related to the FSLs were not readily apparent until the Reply Brief field in this case, ECF 133, and *amicus* thereafter moved as quickly as possible to research the issue and complete the draft for the Court's consideration. In addition, allowing AFSA to appear as an amicus here allows the Court to consider the full legal analysis concerning FSLs at this time, and is thus a more efficient use of the Court's time and resources than a possible intervention or future litigation in this matter. *See Am. Coll. of Obstetricians & Gynecologists v. FDA*, 467 F. Supp. 3d 282, 293 (D. Md. 2020) (Chuang, J.). AFSA has sought to proceed as efficiently as possible to spare judicial resources, which it recognizes are in high demand at this time. The motion will further explain these issues.

Accordingly, proposed *amicus* AFSA respectfully requests that this Court grant leave to file the proposed Motion for Leave to File Amicus Brief in Opposition to Defendants' Motion to Dismiss. Though amicus does not believe that a pre-motion conference is necessary, counsel is prepared to appear if this Court so desires.

Sincerely,

/s/ Aaron S.J. Zelinsky
Aaron S.J. Zelinsky (Bar. No. 31541)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
azelinsky@zuckerman.com

*Counsel for Amicus Curiae*