## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

J. DOE 4, *el al*.,

               Plaintiffs,

v.

ELON MUSK, *et al.*,

               Defendants.

Civil Action No. 25-462-TDC

## MOTION OF AMERICAN FOREIGN SERVICE ASSOCIATION (AFSA)
## FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Amicus curiae* American Foreign Service Association (AFSA) respectfully moves for leave to file the attached brief in opposition to Defendants' Motion to Dismiss. In support of this motion, *amicus* states:

1.      The American Foreign Service Association (AFSA), established in 1924, is both professional association and representative for the U.S. Foreign Service. AFSA's close to 18,000 members include active-duty and alumni/retired members of the Foreign Service at the Department of State, the U.S. Agency for International Development (USAID), Foreign Commercial Service, Foreign Agricultural Service, Animal and Plant Health Inspection Service and U.S. Agency for Global Media. AFSA represents nearly 80 percent of active-duty members of the Foreign Service, including hundreds of Foreign Service Limited (FSL) Officers at USAID. AFSA speaks for its members individually, ensuring that the law is upheld and due process followed, but also, crucially, for the long-term health and vigor of the Foreign Service as an institution, certain in the conviction

that a career Foreign Service, characterized by excellence, non-partisanship, and professionalism, is in America's national interest.

2.      No party's counsel authored the proposed brief in whole or part. No party or its counsel contributed money to fund the preparation and/or submission of the brief.

3.      *Amicus* has consulted with the parties in this case, and the Plaintiffs do not object to the filing of this brief. Defendants object to the filing of the brief as untimely per Local Rule 105(12)(e).

4.      There is no Federal Rule of Civil Procedure that governs motions for leave to file an amicus brief in a federal district court, but district courts have broad discretion to permit amicus briefs. *Am. Humanist Ass'n v. Md.-Nat'l Capital Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014); *see also* D. Md. L.R. 12. Typically, amicus briefs have been "allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 727 (D. Md. 1996) (citing *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Amicus briefs may also "assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999). *cf. Am. Coll. of Obstetricians & Gynecologists v. FDA*, 467 F. Supp. 3d 282, 293 (D. Md. 2020) (Chuang, J.) (denying permissive intervention but permitting participation as amicus curiae).

5.      The proposed amicus brief meets these standards. Given the novelty of the Government's destruction of executive branch agencies like USAID without statutory authorization, and the complex issues related to "channeling" of potential class members that have now become the focus of this litigation, analysis of the unusual status of FSLs will aid this Court

in deciding Defendants' Motion to Dismiss. The proposed brief provides that analysis, drawing on statutes, precedent, and USAID administrative materials, to demonstrate that FSLs are able to seek relief before the District Court directly, since they are precluded from bringing claims before any administrative bodies. The brief is also concise and tailored to the issues presented; it runs less than twelve pages.

6.      Permission of the Court is needed to file this brief, since more than seven days have elapsed from filing of the principal brief of the party being supported. *See* Md. L. R. 12; Md. L. R. 105(12)(e). *Amicus* respectfully requests the Court's permission in these unusual circumstances, since the unique issues related to the FSLs were not readily apparent until the Reply Brief filed in this case, ECF 133, and *amicus* thereafter moved as quickly as possible to research the issue and complete the draft for the Court's consideration.  What's more, because this amicus brief relates nearly exclusively to the FSLs standing issues, the Government is not prejudiced by the filing, since these legal arguments will better help the Court to reach a just and appropriate outcome in this case, and because there will no doubt be a variety of similar arguments the Government will have an opportunity to raise at the summary judgment stage with the benefit of a complete factual record.

7.      AFSA, as the professional association and representative of FSLs, has unique insight into, background, and knowledge regarding the legal status of FSLs and their widespread termination. *See Nat'l Shooting Sports Found., Inc. v. Brown*, 2025 WL 1530050, at *1 (D. Md. May 29, 2025) (allowing filing of amicus briefs that "may aid the court by providing a helpful analysis of the law or raising amici's special interest in the subject matter of the suit.").

8.      In addition, allowing AFSA to appear as an amicus here allows the Court to consider the full legal analysis concerning FSLs at this time, in the motion to dismiss stage, and is thus a

more efficient use of the Court's time and resources than a possible intervention or future separate litigation in this matter. *See Am. Coll. of Obstetricians & Gynecologists v. FDA*, 467 F. Supp. 3d 282, 293 (D. Md. 2020) (Chuang, J.). AFSA has sought to proceed as efficiently as possible to spare judicial resources, which it recognizes are in high demand. Were AFSA or a sub-class of FSLs to attempt to intervene here, prior to the certification of the class, there would no doubt be substantial litigation involving whether they would be permitted to do so, and whether separate sub-class representation (for a group of FSLs), or intervention (for AFSA on behalf of its members) was called for in these circumstances. That litigation would only delay and further complicate the resolution of this important matter, and so allowing AFSA to file a short and concise amicus brief here is the best use of judicial resources. *See McHenry v. Comm'r of Internal Revenue*, 677 F.3d 214, 227 (4th Cir. 2012) ("Numerous cases support the proposition that allowing proposed intervenor[s] to file an amicus brief is an adequate alternative to permissive intervention.").

9.    *Amicus* respectfully requests it be permitted to file the attached brief in opposition to the motion to dismiss.

This 1st day of July, 2025.

_____/s/_____
Aaron S.J. Zelinsky (Bar. No. 31541)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
azelinsky@zuckerman.com

*Attorney for Amicus Curiae*

4