UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ELON MUSK, *et al.*,<br><br>   *Defendants*. | Case No. 8:25-cv-00462-TDC |

**DEFENDANTS' OPPOSITION TO AMERICAN FOREIGN SERVICE ASSOCIATION'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Forty-six days after Plaintiffs opposed Defendants' motion to dismiss this case, the American Foreign Service Association ("AFSA") sought leave to file a brief as *amicus curiae* to support Plaintiffs' arguments. *See* ECF No. 143. Under this Court's local rules, motions seeking leave to file an amicus brief "must be filed, except with permission of the Court, no later than seven days after the filing of the principal brief of the party being supported." L.R. 105(12)(e).[1] That timing requirement makes good sense, as it permits a party opposed to the *amicus*'s position an opportunity to respond to any arguments raised, either in their own principal brief or in a reply brief. *See generally* L.R. 105(2)(a). Thus, although the government's policy is generally to consent to *amicus* participation regardless of the source or party supported, *see, e.g.*, ECF No. 119

---

[1] AFSA implies they need the Court's leave to file their proposed *amicus* brief only because they failed to comply with the timing requirements of Local Rule 105(12). *See* ECF No. 146 at 3. To the contrary, this Court's local rules require leave of court for *any amicus* brief, except those filed by a State or the Federal Government. *See* L.R. 105(12)(a).

at 3 (noting all parties' consent to the filing of an amicus brief), Defendants oppose AFSA's motion as untimely.

The sole reason AFSA offers to excuse the untimeliness of their motion for leave is that "issues related to" Foreign Service Limited ("FSL") officers "were not readily apparent until" Defendants filed their motion to dismiss reply brief on May 29, 2025. ECF No. 146 at 3; *see* ECF No. 133. Even assuming that is the relevant date, AFSA's motion for leave would nevertheless be untimely because it was filed thirty-two days after Defendants' reply. What is more, AFSA does not explain why Plaintiffs' motion to dismiss opposition brief or Plaintiffs' motion for class certification—both of which addressed "unique issues related to the FSLs"—were insufficient to put AFSA on notice that its members' interests might be affected by this litigation. ECF No. 146 at 3; *see* ECF No. 111 at 5 (May 1, 2025); ECF No. 121 at 7–8 (May 15, 2025).

Defendants therefore respectfully oppose AFSA's motion for leave to file an *amicus* brief as untimely. Should the Court nevertheless grant AFSA's motion, Defendants respectfully request the opportunity to respond to the arguments contained in that brief no later than July 29, 2025. *Cf.* Fed. R. App. P. 29(a)(6) ("A court may grant leave for" *amicus curiae* to file brief later than 7 days after the principal brief of the party being supported, "specifying the time within which an opposing party may answer.")

Dated: July 8, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

2

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Jacob S. Siler*
GARRY D. HARTLIEB (IL Bar. No. 6322571)
CHRISTOPHER M. LYNCH
(DC Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
*By Special Appearance*
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 353-4556
Email: jacob.s.siler@usdoj.gov

*Attorneys for Defendants*