IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4 *et al.*, *individually and on behalf of all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELON MUSK *et al.*,<br><br>*Defendants*. | Case No.  8:25-cv-00462-TDC |

**INITIAL JOINT STATUS REPORT**

Pursuant to the Court's Scheduling Order (ECF No. 155), Plaintiffs and Defendants, by and through the undersigned counsel, hereby submit this Initial Joint Status Report.

1. **Requests for Modifications**

The parties separately request modification of the scope of discovery outlined in the Scheduling Order, ECF No. 155.

**Plaintiffs' Position:** Plaintiffs believe additional time is needed for depositions in this matter, such that each side should have up to 40 hours of deposition of fact witnesses, including parties. Plaintiffs intend to file their Request for Modification on September 15, 2025.

**Defendants' Position:** Defendants respectfully suggest that discovery is inappropriate in this case.  Plaintiffs concede that discovery is unnecessary as to their separation-of-powers claim. *See infra* Part 5.  And for its part, Plaintiffs' Appointments Clause claim turns on a fundamental legal question:  whether Elon Musk occupied "a continuing position established by law" that is vested with "significant authority pursuant to the laws of the United States." *Lucia v. SEC*, 585 U.S. 237 (2018); *see Burnap v. United States*, 252 U.S. 512, 516 (1920); ECF No. 110-1 at 25–30.

No discovery is necessary to resolve that question. There is no dispute between the parties that Mr. Musk did not occupy any formal office. *See, e.g.*, 2d Am. Compl. ¶ 10, 130.

Discovery is particularly inappropriate in this case, where Plaintiffs seek only injunctive relief undoing a purported "shutdown" of USAID. ECF No. 124 at 6. This Court has already concluded that Plaintiffs' prior proposed discovery requests "would be unlikely to result in the production of evidence that would materially advance [their] ability to succeed in thwarting such a shutdown." *Id.* Even if some discovery were warranted as to remedies or the scope of relief— which it is not—it would be a far better use of judicial and party resources to resolve Defendants' liability on the Appointments Clause claim, including an appeal after final judgment as to liability, than subjecting high-level current and former government officials to burdensome discovery. If the Court is inclined to permit discovery on Plaintiffs' Appointments Clause claim, Defendants respectfully request the opportunity to submit a brief on why discovery should be denied.

If the Court disagrees and determines that discovery is warranted on Plaintiffs' Appointments Clause claim, Defendants respectfully request that the Court stay discovery pending Plaintiffs' proposed motion for partial summary judgment on their Separation of Powers claim, which could resolve the case without need for discovery. *See infra* Part 5. In addition, following the Court's denial of Defendant's motion to dismiss, Defendants intend to seek an appeal pursuant to 28 U.S.C. § 1292(b). Defendants intend to file a pre-motion letter with the Court seeking a Certificate of Interlocutory Appeal for the § 1292(b) appeal on September 15, 2025. Should an appeal proceed, following the filing of such appeal, Defendants intend to seek a stay and relief from all deadlines through the conclusion of any appeal.

Finally, Defendants oppose any expansion to the number of hours available for depositions. Even if depositions are permitted, Plaintiffs' request to expand the number of hours

available to them is premature in light of the proposed and potential motions, each of which could resolve the case without need for discovery. Defendants respectfully submit that the Court should defer consideration of Plaintiffs' request for additional deposition time until Plaintiffs have exhausted the 25 hours of deposition time initially allotted by the Court.

**Plaintiffs' Position in Response:** Plaintiffs oppose any stay and wish to proceed with discovery on the Appointments Clause claim, pursuant to the schedule set forth in the Scheduling Order, ECF No. 155, while simultaneously briefing their motion for partial summary judgment.

2. **Consent to Proceed Before a United States Magistrate Judge**

The parties do not consent to have all further proceedings before a Magistrate Judge. However, the parties do consent to proceed before a Magistrate Judge as to discovery disputes only.

3. **Mediation with a United States Magistrate Judge**

The parties do not consent to mediation with a Magistrate Judge at this time, as they do not believe such mediation is likely to be fruitful.

4. **Scope of Discovery**

**Plaintiffs' Position:** Plaintiffs anticipate that the bulk of the discovery in this case will be through depositions and interrogatories, which will be focused on the decision-making process at USAID in late January and early February 2025. Plaintiffs believe that written discovery will be narrowly focused and will tailor their requests accordingly.

**Defendants' Position:** Defendants do not believe merits discovery is necessary or appropriate, because Plaintiffs' claims can and should be resolved as a matter of law. If discovery is ordered, Defendants anticipate taking some jurisdictional discovery and will need to be provided

3

the identities of named plaintiffs, which Defendants would be willing to receive subject to a protective order.

5. **Case Management Conference**

**Plaintiffs' Position:** Plaintiffs intend to move for partial summary judgment on their Separation of Powers claim while proceeding with discovery on the Appointments Clause claim, pursuant to the schedule set forth in the Scheduling Order, ECF No. 155. Plaintiffs' position is that there is no discovery needed for the Court to evaluate Plaintiffs' Separation of Powers claims on summary judgment. Plaintiffs do not believe that additional briefing is necessary as to whether discovery is appropriate regarding the Appointments Clause claim, in light of the Court's determination, following extensive briefing in connection with motions for preliminary relief, dismissal, and class certification, that "additional factual development through discovery is necessary to assess the scope and breadth of the alleged Appointments Clause violation, including by determining the identity of the actual decisionmakers for any exercises of significant authority." ECF No. 150 at 43.

Defendants agreed that no discovery is needed on the Separation of Powers claim. *See* Def. Resp. to Pl. Mot. for Exp. Disc., ECF 113, at 20. This Court has evaluated Plaintiffs' Separation of Powers claim on at least three occasions: granting Plaintiffs a preliminary injunction, ECF No. 73 at 37-53; denying the Government's Motion to Dismiss, ECF No. 150 at 43-47; and approving a Modified Class to pursue classwide relief, *see generally* ECF No. 152. Defendants filed their Answer, ECF No. 254, on August 27, 2025, confirming that there remains no genuine issue of material fact as to Plaintiffs' Separation of Powers claim. A timely resolution of the Separation of Powers claim is ripe and essential.

4

Plaintiffs seek leave to file their motion for partial summary judgment and for the Court to set a briefing schedule, or in the alternative, a telephone Case Management Conference with the Court to discuss a briefing schedule. Plaintiffs also intend to file a pre-motion letter requesting leave to file a motion for partial summary judgment, pursuant to Case Management Order, ECF 6, on this date.

**Defendants' Position:** Defendants do not oppose Plaintiffs' request for a conference.

Respectfully submitted,

| | |
|---|---|
| /s/ Tianna J. Mays | BRETT A. SHUMATE |
| Norman L. Eisen, [9112170186] | Assistant Attorney General, Civil Division |
| Tianna J. Mays, [1112140221] | |
| **DEMOCRACY DEFENDERS FUND** | DIANE KELLEHER |
| 600 Pennsylvania Avenue SE, Suite 15180 | Director, Federal Programs Branch |
| Washington, DC 20003 | |
| Tel: (202) 594-9958 | CHRISTOPHER R. HALL |
| Norman@democracydefenders.org | Assistant Branch Director, Federal Programs |
| Tianna@democracydefenders.org | Branch |
| | |
| Mimi Marziani* | */s/ Jacob S. Siler* (with permission) |
| Rebecca (Beth) Stevens* | GARRY D. HARTLIEB (IL Bar. No. 6322571) |
| Joaquin Gonzalez* | CHRISTOPHER M. LYNCH |
| **MARZIANI, STEVENS & GONZALEZ** | (DC Bar No. 1049152) |
| 500 W. 2nd Street, Suite 1900 | JACOB S. SILER (DC Bar No. 1003383) |
| Austin, TX 78701 | JAMES J. WEN (NY Bar No. 5422126) |
| Tel: (210) 343-5604 | By Special Appearance |
| mmarziani@msgpllc.com | Trial Attorney |
| bstevens@msgpllc.com | U.S. Department of Justice |
| jgonzalez@msgpllc.com | Civil Division, Federal Programs Branch |
| | 1100 L Street NW |
| Richard M. Heimann* | Washington, DC 20005 |
| Nicole M. Rubin | Phone: (202) 353-4556 |
| **LIEFF CABRASER HEIMANN &** | Email: jacob.s.siler@usdoj.gov |
| **BERNSTEIN, LLP** | |
| 275 Battery Street, 29th Floor | *Attorneys for Defendants* |
| San Francisco, CA 94111 | |
| Tel: (415) 956-1000 | |

*Attorneys for Plaintiffs*

*Admitted pro hac vice

5