

**U.S. Department of Justice**

Civil Division, Federal Program Branch

---

September 15, 2025

**VIA CM/ECF**

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Motion to Certify Interlocutory Appeal in *Doe, et al., v. Musk, et al.*, No. 8:25-cv-00462-TDC

Dear Judge Chuang:

    Defendants submit this Notice of Intent to File a Motion requesting certification of the Court's August 13, 2025 Order Pursuant to 28 U.S.C. § 1292(b) and for a Stay Pending Appeal.

### A. Factual Background

    Plaintiffs, unidentified current and former employees and contractors of USAID, allege that Defendants unlawfully cancelled government contracts, reduced the number of USAID employees and contractors, and closed USAID's headquarters. Plaintiffs contend that these actions violate the Appointments Clause and separation of powers. *See* Compl., ECF No. 4. This Court granted Plaintiffs' motion for preliminary injunction on March 18, 2025. *See* ECF No. 75. The Fourth Circuit stayed that injunction pending appeal. *See* ECF No. 88. Plaintiffs amended their complaint on April 17, 2025, removing certain plaintiffs and adding defendants, including President Trump, and new factual allegations. *See* 2d Am. Compl., ECF No. 135.

    The Court denied Defendants' motion to dismiss on August 13, 2025. *See* ECF No. 150. First, the Court held that Plaintiffs have standing based on "interruptions to the ordinary course of [Plaintiffs'] employment," including placement on administrative leave and termination pursuant to a reduction in force ("RIF"). ECF No. 150 at 32–33. Second, the Court concluded that Plaintiffs' claims based on these employment injuries are not subject to mandatory statutory frameworks that govern personnel disputes, including the Civil Service Reform Act, the Foreign Service Act, and the Contract Disputes Act. *See id.* at 12–28. Third, the Court concluded that the Plaintiffs' allegations stated a valid claim on the merits. The Court rejected Defendants' argument that, even accepting Plaintiffs' Appointments Clause allegation, each challenged decision was either authorized or ratified by a duly appointed official. *See id.* at 40–43. The Court also rejected Defendants' argument that the separation-of-powers claim was precluded by *Dalton v. Specter*, 511 U.S. 462, 473-74 (1994), reasoning that the President lacked the authority to close USAID where "Congress has prescribed the existence of USAID in statute." *Id.* at 45.

### B. Legal Basis for the Motion

    Interlocutory review is available where an order presents "a controlling question of law as to which there is substantial ground for difference of opinion" and an immediate appeal would

"materially advance the ultimate termination of the litigation." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017). And as the Supreme Court has explained, courts "should not hesitate" to permit interlocutory appeals under Section 1292(b) for issues of "special consequence." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 111 (2009).

The Court's August 13 Order meets these standards. It involves at least four controlling questions of law: (1) whether Plaintiffs have Article III standing to sue; (2) whether Plaintiffs' claims fall outside of this Court's subject-matter jurisdiction because they are subject to mandatory channeling; (3) whether, despite concededly serving in a role with no formal legal authority for a statutorily time-limited period, Mr. Musk's position was required to be filled by an Officer of the United States; and (4) whether Plaintiffs' claim that Defendants violated the statute establishing USAID by "dismantling" it states a valid separation-of-powers claim. Each of those questions satisfies the standard for certifying an interlocutory appeal under 28 U.S.C. § 1292(b). *See Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 951–52 (D. Md. 2019).

**Standing**:  The Court concluded that Plaintiffs have standing based on "interruptions to the ordinary course of their employment."  ECF No. 150 at 32. But the relief Plaintiffs seek is not properly tailored to that injury. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (standing must be demonstrated for each pressed claim and for each form or relief sought). As to the Appointments Clause claim, the Court has recognized that all contract terminations, administrative leave decisions, and RIFs were either approved or ratified by a duly appointed USAID official. *See* ECF No. 73 at 26–27. Regardless of who first decided to take these actions, any Appointments Clause violation has been remedied by "a properly appointed official's ratification of an allegedly improper official's prior action." *Jooce v. Food & Drug Admin.*, 981 F.3d 26, 30 (D.C. Cir. 2020). And Plaintiffs do not even allege that the other two actions the Court found supported the Appointments Clause claim—the closure of USAID headquarters and removal of the USAID website—caused their employment-related injuries. *See* ECF No. 150 at 41.

Plaintiffs' separation-of-powers claim faces similar defects. Plaintiffs have not asserted that the separation of powers requires their continued employment. To the contrary, the Court acknowledged that the "injunctive and declaratory relief sought would not necessarily require" any action to redress plaintiffs' alleged injury, such as their reinstatement. *Id.* at 27.

At a minimum, reasonable jurists could disagree on whether Plaintiffs have standing to bring this lawsuit, and it is appropriate for interlocutory review. *See, e.g.*, *Peterson v. Nat'l Telecommunications & Info. Admin.*, 478 F.3d 626, 631 n.2 (4th Cir. 2007) ("[S]tanding is a question of law that we review de novo."); *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021) (whether plaintiff has "standing" presents "pure question[] of law").

**Subject-Matter Jurisdiction/Mandatory Channeling**: Reasonable jurists could also disagree about whether Plaintiffs' claims are subject to mandatory statutory frameworks that deprive this Court of subject-matter jurisdiction, including the CSRA, FSA, and CDA. Indeed, the D.C. Circuit recently held that Congress deprived district courts of jurisdiction over similar claims challenging the alleged dismantling of another federal agency. *See National Treasury Emps. Union v. Vought* (*NTEU*), 2025 WL 2371608, *5–6 (D.C. Cir. Aug. 15, 2025); *see also Widakuswara v. Lake*, 2025 WL 1288817, *2-3 (D.C. Cir. May 3, 2025) (per curiam) (granting stay of preliminary injunction in part because CSRA, FSA, and CDA likely covered challenges to personnel actions

as part of alleged effort to "dismantl[e] an entire federal agency"); *Widakuswara v. Lake*, 2025 WL 1556440, *1 (D.C. Cir. May 22, 2025) (en banc) (denying reconsideration in relevant part). And another district court reached this same conclusion in two cases by employee and contractor unions challenging the alleged closure of USAID. *American Foreign Service Ass'n v. Trump*, 2025 WL 2097574, *7 (D.D.C. July 25, 2025). The views of these judges underscore that there are substantial grounds for difference of opinion.

**Merits**:  There is also substantial ground for difference of opinion on whether Plaintiffs' Appointments Clause and separation-of-powers theories state a valid claim for relief on the merits. As the Fourth Circuit stay panel explained, USAID officials approved or ratified the core actions plaintiffs challenge—including the personnel actions that directly caused their alleged injuries. 2025 WL 1020995, at *3. The only actions this Court identified which Musk purportedly directed unilaterally were the closure of USAID's headquarters and website—actions which plainly did not injure Plaintiffs. *See* ECF No. 150 at 41. Because the only decisions that conceivably injured Plaintiffs were approved or ratified by USAID officials, Plaintiffs fail to state a claim under the Appointments Clause.

Plaintiffs' separation-of-powers claim is at least as appropriate for interlocutory review. The D.C. Circuit persuasively explained that an assertion that the Executive usurped Congress's authority by "shutting down" an agency is a disguised statutory claim subject to the extremely stringent standards of *ultra vires* review. *NTEU*, 2025 WL 2371608, at *20 (citing *Dalton*, 511 U.S. at 471). This Court, of course, reached a contrary conclusion. Those conflicting rulings, however, are a strong indication that interlocutory review is warranted.

For these reasons, Defendants believe this case presents circumstances for which an immediate appeal would "materially advance the ultimate termination of the litigation." *United States ex rel. Michaels*, 848 F.3d at 340.

### C. Request to Stay All Additional Deadlines & Case Management Obligations

In addition, Defendants respectfully request that the Court stay discovery pending resolution of the Motion to Certify Interlocutory Appeal and resolution of any appeal that is authorized. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants"). Resolution of any of the questions described above in Defendants' favor would result in dismissal of all or a substantial part of this case and obviate burdensome discovery.

If the Court is not inclined to certify an interlocutory appeal, Defendants request in the alternative that it stay discovery on Plaintiffs' Appointments Clause claim while the parties brief Plaintiffs' summary judgment motion as to their separation-of-powers claim. Discovery is inappropriate as to the Appointments Clause claim, which presents a pure issue of law.

The parties have conferred about whether this matter can be resolved without motion. Plaintiffs oppose certification and any discovery stay.

Dated: September 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ James J. Wen*
GARRY D. HARTLIEB (IL Bar. No. 6322571)
CHRISTOPHER M. LYNCH (DC Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
*By Special Appearance*
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8185
Email: james.j.wen@usdoj.gov

*Attorneys for Defendants*

Cc:    Counsel of Record (via CM/ECF)