IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J. DOE 4 et al., *individually and on behalf of all others similarly situated*,

          ***Plaintiffs*,**

          **v.**

ELON MUSK *et al.*,

          ***Defendants*.**

Case No.  8:25-cv-00462-TDC

**RESPONSE TO MOTION FOR A STAY OF CASE IN LIGHT OF LAPSE OF APPROPRIATIONS**

Plaintiffs respectfully oppose the Government's request to stay proceedings based upon the lapse in funding appropriations for the Department of Justice (DOJ). ECF No. 165. The balance of harms, relevant case law, and statutory authority all weigh heavily against a stay. Moreover, Defendants' motion fails to articulate any hardship, damage, or prejudice that the Government would suffer in the absence of a stay. The DOJ's own contingency plan has mechanisms in place for this very situation, rendering the requested relief unnecessary. *See U.S. Dep't of Just.,* U.S. Department of Justice FY 2026 Contingency Plan 1 https://www.justice.gov/jmd/media/1377216/dl (last visited October 22, 2025). Finally, there is no end in sight to the current lapse in appropriations. Thus, a stay of proceedings would indefinitely delay this Court's ability to decide matters of great importance and provide relief for the irreparable harms Plaintiffs continue to endure as a result of Defendants' unconstitutional conduct.

Because Defendants fail to make the requisite showing for a stay, and the balance of interests strongly counsels against a stay, the Court should deny Defendants' motion.

## I. LEGAL STANDARDS

District courts have broad discretion to decide whether or not to stay proceedings as part of their inherent power to control their own dockets. *Landis v. North American*, 299 U.S. 248, 254 (1936). In exercising that discretion, a district court must "weigh competing interests and maintain an even balance," *id.* at 255, by examining three factors: "(1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *MAB of Parkside Towns 6, LLC v. Blythewood Partners, LLC*, No. CIV. TDC-23-0266, 2025 WL 1707533, at *3 (D. Md. June 18, 2025) ; *see also Abbella Grp. Healthtech, LLC v. Qualivis, LLC*, No. CIV. JMC-24-00331, 2025 WL 2430018, at *11 (D. Md. Aug. 22, 2025) (noting that the judicial economy is "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay") (citation omitted); *Bethel Ministries, Inc. v. Salmon*, No. CIV. SAG-19-01853, 2020 WL 1873623, at *2 (D. Md. Apr. 15, 2020) (explaining that the court must "balance the various factors relevant to the expeditious and comprehensive disposition" of the case (quoting *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)).

Additionally, courts consider the length of the requested stay. *See Stone v. Trump*, 402 F. Supp. 3d 153, 160 (D. Md. 2019); *Bethel Ministries, Inc. v Salmon,* No. SAG-19-01853, 2020 WL 1873623, at *2 (D. Md. Apr. 15, 2020). The non-moving party may be "required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or

2

convenience will thereby be promoted." *Landis,* 299 U.S. at 256. But a court must be satisfied both that a "pressing need" exists, and that such a "need for a stay outweighs any possible harm to the nonmovant." *Elite Const. Team, Inc. v. Wal- Mart Stores, Inc.,* JKB-14-2358, 2015 WL 925927, at *3 (D. Md. Mar. 2, 2015). Significantly, "[t]he party seeking a stay must justify [the stay] by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus, Inc.*, 715 F.2d 124, 127 (4th Cir.1983).

## II.     ARGUMENT

A lapse in appropriations does not lead to an automatic stay of proceedings in federal courts; rather, the Government must show "good cause—beyond the lack of appropriations—to justify staying the case." *See United States v. State of Maine*, No. 24-315 (D. Me. Oct. 9, 2025); *accord Lehman v. U.S. Dep't of Lab.*, No. 25-11846, 2025 WL 2808472, at *2 (E.D. Mich. Oct. 2, 2025) (denying the motion for a stay because "the government has not established good grounds for . . . a stay"); *In re FTCA Flint Water Cases,* This Ord. Relates to: All Cases, No. 17-CV-11218, 2025 WL 2965989, at *1 (E.D. Mich. Oct. 20, 2025) ("[T]he Court sees no reason why the lapse in appropriations should preclude the Government's participation in this matter."); *California v. U.S. Dep't of Health & Hum. Servs.*, No. 1:25-CV-12118-IT, 2025 WL 2855230, at *1 (D. Mass. Oct. 8, 2025) ("The lapse in appropriations does not justify a stay of these proceedings."). Accordingly, Defendants must satisfy the criteria for a stay as would "any other litigant." *United States v. Polselli*, No. 14-11385, 2025 WL 2822463, at *1-2 (E.D. Mich. Oct. 3, 2025). Their motion, however, provides no meaningful justification for a stay, much less demonstrate "clear and convincing circumstances outweighing potential harm" to the Plaintiffs. *Williford*, 715 F.2d at 127. Defendants instead merely point out that there has been a lapse in

3

appropriations for the DOJ and that many DOJ employees are furloughed as a result. *See* ECF No. 165, ¶¶ 1-3. This is plainly insufficient. The Government does not identify the harms that they would allegedly face due to the lapse of appropriations in the event the case is not stayed, nor do they reckon with the impact of a stay on judicial economy.[1]

Federal courts require that the Government do more than just recite the fact that there is a lapse of appropriation. *See Order Denying Mot. to Stay*, *Washington v. United States Dep't of Educ.*, No. C25-1228-KKE, 2025 WL 2841595, at *1 (W.D. Wash. Oct. 7, 2025) ("Defendants have not shown that it would pose an undue or inequitable hardship if they were required to proceed with this litigation despite a current lapse in appropriations."). For this reason, district courts nationwide have repeatedly denied motions nearly identical to that of Defendants. For example, in *Kornitzky Grp., LLC v. Elwell*, the D.C. Circuit denied a motion to stay, stating that "when federal appropriations lapsed in 2013, resulting in a 'shutdown' from October 1 to October 17, 2013, [the D.C. Circuit] received Government motions to stay oral argument in at least sixteen cases," all of which cited the same statute, 31 U.S.C. § 1342, that Defendants' present motion cites. 912 F.3d 637, 638 (D.C. Cir. 2019) (J. Srinivasan concurring); *see* ECF No. 165 at 1. All sixteen motions were denied by the D.C. Circuit in 2013 and "every time, the Government then participated" in the proceedings. *Kornitzky*, 912 F.3d at 638. This practice continued during the most recent government shutdown from December 22, 2018, to January 25, 2019, *id.*, and it continues today. *See, e.g.*, *Order Denying Mot. to Stay, Guerrero Orellana v.*

---

[1] Defendants briefly address the standards for a stay in their 1292(b) motion, wherein they argue that judicial economy would be promoted by a stay of discovery pending interlocutory appeal. *See* ECF No. 166-1 at 19-20. Plaintiffs have addressed those arguments in their Response in Opposition to Defendants' 1292(b) motion, and those arguments are incorporated herein. *See* ECF No. 169 at 17-18. However, nowhere in Defendants' memorandum in support of its 1292(b) motion were substantive arguments advanced in support of an indefinite stay due to a lapse of appropriation. *See* ECF No. 166-1 at 18-21.

*Moniz, et al.*, No. 25-12664 at ECF No. 51 (D. Mass filed Oct. 2, 2025); *Order Denying Mot. to Stay, State of Rhode Island v. Trump, et al.*, No. 25-00128 at ECF No. 84 (D. R.I. filed Oct. 3, 2025) (denying motion to stay and citing DOJ's Contingency Plan); *Order Denying Mot. to Stay, New York, et al. v. Kennedy et. al.*, No. 25-00196 at ECF No. 2 (D. R.I. filed Oct. 3, 2025); *Order Denying Mot. to Stay, United States v. State of Rhode Island, et. al.*, No. 14-00175 at ECF No. 212 (D. R.I. filed Oct. 2, 2025); *Order Denying Mot. to Stay, J.P. Morgan Chase Bank v. Carver et al.*, No. 24-00478 at ECF No. 17 (D. R.I. filed Oct. 3, 2025); *Order Denying Mot. to Stay, In re Camp Lejeune Water Litig.*, No. 4:23-CV-62, 2025 WL 2827029, at *2 (E.D.N.C. Oct. 6, 2025) (holding "the court finds no good cause to support the motion, nor would allowing the motion help foster a just, speedy, and inexpensive determination of these cases"); *Order Granting in Part and Denying in Part Mot. to Stay, California et al v. United States Department of Agriculture et al.*, No. 25- 06310 at ECF 97 (N.D. Cal. filed Oct. 3, 2025) (refusing to stay briefing on plaintiffs' motion for preliminary injunction); *Order Denying Mot. to Stay, Lehman*, No. 25-11846 at *1 ("[L]abor by government counsel not otherwise 'authorized by law' nevertheless is authorized when counsel is ordered by a federal court to comply with its scheduling deadlines.") (citations omitted); *Order En Banc Denying Mot. to Stay, Nat'l Treasury Employees Union v. Vought,* No. 25-5091 at ECF No. 1208787056 (D.C. Cir. filed Oct. 17, 2025) (per curiam) ("*In re CFPB*")

Just last week, in *In re CFPB,* the Government made the exact assertion Defendants do here: that counsel was "prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" *In re CFPB,* No. 25-5091 at ECF No. 1208787056 (quoting 31 U.S.C. § 1342). There, the Government also asserted that, assuming the motion to stay was granted, it

5

would need an extension for any future filings—it requested that deadlines be extended by an amount of days double the length of the lapse time (a total extension of at least 28 days by the time of the Government's filing). After the D.C. Circuit denied the Government's motion, counsel for the Government successfully filed their brief just four days later, suggesting its requested, and purportedly necessary, extension was illusory. *Opposition to Petition for Rehearing En Banc, Nat'l Treasury Employees Union v. Vought,* No. 25-5091 at ECF No. 1208787949 (D.C. Cir. filed Oct. 21, 2025)

The motion here echoes those described above. Instead of articulating a harm that Defendants would suffer as a result of allowing this case to proceed, the motion recites the same statement that counsel for Defendants are "prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" ECF No. 165 at 1 (quoting 31 U.S.C. § 1342). However, this statement does not provide the entire picture, because counsel at the Department of Justice are also required to continue working in the circumstance that this Court gives it "express legal authorization" to do so. Contingency Plan at 3. The Contingency Plan specifically directs DOJ litigators to bring stay motions such as this one and explains that if a court denies the request for a stay and orders the case to continue, "the Government will comply with the court's order, which would constitute express legal authorization" for the DOJ to litigate that case during the lapse. *Id*. Thus, the denial of this motion would dispose of any potential harm to Defendants. *See, e.g., California*, 2025 WL 2855230, at *1 (D. Mass. Oct. 8, 2025) ("Where the Department has authorized attorneys to continue litigation during the lapse pursuant to a court order, denying a stay will not prejudice Defendants in this case.")

6

Further, federal law authorizes the payment of wages for "excepted activities" during a lapse in appropriations, so this Court's denial of the stay would create no harm to Defendants' counsel. *See* 31 U.S.C. § 1341(c)(2); *see also* Contingency Plan at 3 (DOJ is required to maintain civil litigation staffing at the level necessary to continue activities in proceedings that are not stayed.); *see Doe v. Noem*, No. 1:25-CV-10495-IT, 2025 WL 2898122, at *1 (D. Mass. Oct. 9, 2025) (stating that "should a court deny a request for a stay, the litigation would subsequently fall under activities that will continue during a lapse in appropriations, allowing attorneys for the government to continue working."); *United States v. Polselli*, No. 14-11385, 2025 WL 2822463, at *2 (E.D. Mich. Oct. 3, 2025) (holding that "[t]he Department of Justice has represented publicly that it will make staff available to continue the litigation in the event the Court denies the requested stay [and] the government has not established good grounds for a stay.")

The Government "seek[s] an extraordinary remedy" in requesting an indefinite stay of proceedings in this case. *S.C. Coastal Conservation League v. Ross*, No. 2:18-CV-03326-RMG, 2019 WL 259116, at *2 (D.S.C. Jan. 18, 2019). As the Fourth Circuit has articulated, "[o]ur system of law universally frowns on a party who would use the stay as both a sword and a shield." *In re A.H. Robins Co. Inc.*, 828 F.2d 1023, 1026 (4th Cir. 1987). And should this Court deny the present motion to stay, there would be limited harm to Defendants, if any at all. On the other hand, Plaintiffs and the public would be harmed by an indefinite stay of proceedings. *See Washington v. United States Dep't of Educ.*, 2025 WL 2841595, at *1 (explaining that "an indefinite stay would only magnify the uncertainty that currently exists around the status of the discontinued grants at the heart of this litigation"); *Priests For Life v. U.S. Dep't of Health & Hum. Servs.*, No. CV 13-1261, 2013 WL 5572730, at *1 (D.D.C. Oct. 2, 2013) (finding that "an indefinite stay would be incompatible with the fair administration of justice."). Plaintiffs

continue to suffer myriad injuries resulting from the unconstitutional dismantling of a Congressionally established agency. *See* ECF No. 150 at 33-37 ("Mem. Op."). And as the Court has noted, this case has already been delayed "for a very long time," Case Mgmt. Conf. Tr. at 03:8-11, which has only exacerbated the harms suffered by Plaintiffs to date.

In sum, this case must be allowed to proceed. No "public welfare" would be promoted by further preventing a decision on the unilateral decimation of a decades-old, independent, and congressionally established humanitarian agency, nor could an indefinite stay of such a case plausibly be considered as "[un]oppressive in its consequences." *Landis,* 299 U.S. at 256. The lapse of appropriations could stretch into perpetuity, thereby indefinitely insulating from judicial review all further actions by Defendants to dismantle USAID and subjecting Plaintiffs to additional direct and irreparable harm.

### III.   CONCLUSION

Defendants have failed to show that they would suffer any harms that satisfy a "pressing need…[and] outweigh[] any possible harm" to the Plaintiffs. *Elite Const. Team, Inc.* 2015 WL 925927, at *3. Thus, and for the reasons set forth herein, Plaintiffs respectfully request that the Court deny Defendants' motion for a stay of case in light of lapse of appropriations.

Respectfully submitted,

 /s/ Tianna J. Mays
Norman L. Eisen [9112170186]
Tianna J. Mays [1112140221]
Andrew Warren*
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE
Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
1533 Austin Highway
Suite 102-402
San Antonio, TX 78218
Tel: (210) 343-5604

Richard M. Heimann*
Nicole M. Rubin (30711)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

*Class Counsel*

* *Admitted pro hac vice*