IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*, *individually and on behalf of all similarly situated*,<br><br>**Plaintiffs**,<br><br>v.<br><br>ELON MUSK, *et al.*,<br><br>**Defendants.** | Case No. 8:25-cv-00462-TDC |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS UNITED STATES DEPARTMENT OF STATE AND MARCO RUBIO**

Pursuant to Fed. R. Civ. P. 34, L.R. 104, and Appendix A to the Local Rules (Discovery Guidelines), Plaintiffs, by their undersigned attorneys, request that Defendants United States Department of State and Marco Rubio respond to this Request within 30 days, as prescribed by Fed. R. Civ. P. 34(b)(2)(A), and produce the following documents and electronically storied information ("ESI") on the 6th day of November, and continuing from day to day thereafter, until completed, at the offices of Democracy Defenders Fund, or at such time and place as may be agreed upon by all counsel.

INSTRUCTIONS

1.    Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity.

2.    If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4(a), above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, provide the information required by Discovery Guideline 10(e).

5. When a document contains both privileged and non-privileged material, the non privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration,

and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

7. These requests relate to all Documents which are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or Your respective officers, directors, agents, attorneys, accountants, employees, partners, or other persons occupying similar positions or performing similar functions. A Document is deemed to be in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such Document in whole or in part, (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such Document on any terms, (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms, or (d) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so.

8. If documents are produced as electronically stored information, they shall be produced in the form or forms consistent with Guideline 2.04 of the ESI Principles.

DEFINITIONS

1. *Communication*: The term "communication" means the transmittal of information by any means.

2. *Concerning*: The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Congress*: The term "Congress" refers to the United States House of Representatives or the United States Senate, including any members, committees, or subcommittees, formal or informal, including any staff thereof.

4. *Core functions*: The term "core functions" means operations, functions, and any other action mandated by federal statute, including the Foreign Affairs Reform and Restructuring Act of 1998, as well as applicable appropriations laws, including the Further Consolidated Appropriations Act of 2024 and the Full-Year Continuing Appropriations and Extensions Act of 2025.

5. *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

6. *Parties*: The terms "plaintiff" and "defendant" (including, without limitation, third party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This

definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

7. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

8. *Policy*: The term "policy" means any rule, directive, standard, procedure, memorandum, manual, internal instruction, training material, or communication (whether formal or informal, written or electronic) that governs, describes, or relates to USAID's operations, decision-making processes, or application of statutes or regulations.

9. *USAID:* The term "USAID" refers to the United States Agency for International Development, and all of its subordinate bureaus, offices, divisions, and components.

10. *You/Your*: The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

12. All terms used, if not specifically defined herein, shall be interpreted in accordance with their plain, common-sense meaning. Where a term or phrase is reasonably susceptible to more than one meaning, Defendants shall adopt the broader meaning so as to achieve the most thorough and complete response to the request.

## REQUESTS FOR PRODUCTION

1. Any and all documents referred to or or supporting your responses to Plaintiffs' Interrogatories.

2. Any and all documents reflecting, memorializing, summarizing, or discussing Defendant Musk's attendance or participation in meetings or discussions with United States government officials concerning the dismantling, closing, reorganizing, or restructuring of USAID, including terminating USAID employees or placing them on administrative leave, terminating personal services contractors (PSCs), or terminating USAID contacts or grants.

3. Any and all documents concerning, analyzing, reflecting, memorializing, summarizing, or discussing any dismantling, closing, reorganizing, or restructuring of USAID, including the closing, downsizing, or combining of any USAID bureau, office, division, or component.

4. Any and all documents submitted to or received from Congress concerning any reorganization or restructuring of USAID, including any plans, proposals, or requests for authorization thereof. This Request includes but is not limited to any and all documents provided in response to or in connection with a letter sent from Rep. Gregory W. Meeks to Secretary of State Marco Rubio on or about July 16, 2025 regarding the dismantling of USAID.

5. Any and all documents concerning USAID's compliance with performing its Core Functions and other statutorily required activities (including those mandated by the Federal Information Technology Acquisition Reform Act, the Federal Information Security Management Act, the Privacy Act, the E-Government Act of 2002, the Government Performance and Results Act, and any reporting and transparency obligations as required by statute), including defining,

determining, evaluating, opining on, or otherwise assessing what operations, functions, and other actions are required of USAID by federal law.

    6.    Any USAID Policy currently in effect.

Dated: October 7th, 2025

Respectfully submitted,

/s/ Tianna J. Mays
Norman L. Eisen, [9112170186]
Tianna J. Mays, [1112140221]
Andrew H. Warren*
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com

*Attorneys for Plaintiffs*
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of October, 2025, I electronically served the foregoing Plaintiffs' First Request For Production of Documents to Defendants United States Department of State and Marco Rubio on attorneys for Defendants.

                                                          */s/ Rebecca (Beth) Stevens*
                                                          Rebecca (Beth) Stevens
                                                          **MARZIANI, STEVENS & GONZALEZ PLLC**
                                                          500 W. 2nd Street, Suite 1900
                                                          Austin, TX 78701
                                                          Tel: (210) 343-5604
                                                          bstevens@msgpllc.com