UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ELON MUSK, *in his official capacity*, et *al.*,<br><br>    *Defendants*. | Case No. 8:25-cv-00462-TDC |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

Pursuant to Local Rule 105, Guideline 9 of this District's Discovery Guidelines, and Part II(a)(1) of this Court's Case Management Order, Defendants respectfully request an extension of time of two weeks to respond to (1) Plaintiffs' first set of interrogatories and requests for production to Defendants United States' Department of State and Marco Rubio (collectively, the "State Department") and (2) Plaintiffs first set of interrogatories and requests for production to Defendants United States DOGE Service, Department of Government Efficiency, and Amy Gleason (collectively, "USDS").

Plaintiffs, unidentified current and former employees and contractors of USAID, allege that Defendants unlawfully cancelled government contracts, reduced the number of USAID employees and contractors, and closed USAID's headquarters. Plaintiffs contend that these actions violate the Appointments Clause and separation of powers. *See* 2d Am. Compl., ECF No. 135. After this Court denied Defendants' motion to dismiss and granted Plaintiffs' request to certify a

class, *see* ECF Nos. 150–153, Defendants filed their Answer on August 27, 2025, *see* ECF No. 154. The Court subsequently entered a Scheduling Order opening the discovery period on September 5, 2025. ECF No. 155. That schedule contemplates the completion of discovery on January 16, 2026.

At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. Appropriations for many other federal agencies similarly lapsed as of that date, and certain individuals who had been responsible for this case were then placed on furlough status. *See* ECF No. 165. Defendants immediately sought a stay of this case for duration of the lapse, with commensurate extensions to the discovery period for every day the case was stayed. *Id.* This court denied that motion on October 27, 2025. *See* ECF No. 174. In doing so, however, the Court noted that it took "no position on whether counsel for the United States Department of Justice are permitted to work on this case because it involves an emergency 'involving the safety of human life or the protection of property.'" *Id.* (citing 31 U.S.C. § 1342).

Plaintiffs served no discovery requests between this Court's September 5 Scheduling Order and the lapse in appropriations. After the lapse in appropriations but before this Court ruled on Defendants' related stay motion, Plaintiffs served interrogatories and requests for production of documents on the Department of State and USDS on October 7, 2025. Under the default timelines set by the Federal Rules of Civil Procedure, responses to those requests are due by November 6.

Good cause supports this motion. Counsel for Defendants have been working on responses to those discovery requests pending resolution of their request for a stay due to the ongoing lapse in appropriations. Although Defendants had hoped to meet the default deadline, it has recently become clear that Defendants require additional time to prepare their responses. Defendants have

been hampered in their ability to coordinate with the defendant agencies due to the ongoing lapse in appropriations and resultant furloughs. In addition, counsel for Defendants have been tasked with responding to multiple requests for emergency relief in other cases during the past thirty days. *See, e.g.*, *California v. U.S. Dep't of Health & Hum. Servs.*, No. 1:25-cv-12118 (D. Mass.) (opposition to motion for preliminary injunction filed October 15, 2025); *AFGE v. v. U.S. Dep't of Educ.*, 1:25-cv-03553 (D.D.C.) (expedited cross-motions for summary judgment and hearing on November 4, 2025); *Chicago Headline Club v. Noem*, No. 1:25-cv-12173 (N.D. Ill.) (expedited hearing on modification to temporary restraining order on October 28, 2025). Defendants therefore respectfully request an additional two weeks to respond to Plaintiffs' discovery requests, such that the revised deadline will be November 20, 2025.

Consistent with this Court's Discovery Guideline No. 9, counsel for Defendants sought Plaintiffs' agreement to extend their deadline to respond to the discovery requests on Monday, November 3, or "three (3) days before the response is due." Plaintiffs oppose the extension, apparently due to depositions that they seek to schedule for the week of November 17 and concerns about the close of the discovery period. To Defendants' knowledge, however, the proposed third parties that Plaintiffs seek to depose that week have yet to be served with subpoenas. In any case, Defendants would not oppose an appropriate extension of the discovery period to accommodate Defendants' requested extension.

Defendants have separately moved this Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay discovery during the pendency of any such appeal. *See* ECF No. 166. That motion is ripe for consideration. The Court could resolve Defendants' concerns about discovery scheduling by staying discovery while it considers that motion. Defendants preserve all objections to the substance of any discovery request.

Defendants, therefore, respectfully request that the Court grant a two-week extension to their time to respond to Plaintiffs' first set of written discovery requests.

Dated: November 4, 2025			Respectfully submitted,


					BRETT A. SHUMATE
					Assistant Attorney General, Civil Division

					DIANE KELLEHER
					Director, Federal Programs Branch

					CHRISTOPHER R. HALL
					Assistant Branch Director, Federal Programs Branch

					*/s/ Jacob S. Siler*
					CHRISTOPHER M. LYNCH
					(DC Bar No. 1049152)
					JACOB S. SILER (DC Bar No. 1003383)
					JAMES J. WEN (NY Bar No. 5422126)
					*By Special Appearance*
					Trial Attorney
					U.S. Department of Justice
					Civil Division, Federal Programs Branch
					1100 L Street NW
					Washington, DC 20005
					Phone: (202) 353-4556
					Email: jacob.s.siler@usdoj.gov

					*Attorneys for Defendants*