IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>ELON MUSK, *et al.*,<br><br>*Defendants.* | Civil Action No. 25-00462-TDC |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS'
FIRST SET OF DISCOVERY REQUESTS**

Twenty-eight days after Plaintiffs served four sets of written discovery requests and two days before the responses are due, Defendants move for a two-week extension to respond. Defendants claim that the government shutdown justifies an extension, but their motion is a conspicuous attempt to delay discovery for a third time in a less than two month span. In light of Defendants' repeated assertions of their intent to challenge any discovery in this matter, the Court should deny Defendants' motion for an extension of time.

On September 4, 2025, the Court entered a scheduling order with deadlines for discovery. ECF No. 155. Plaintiffs promptly began organizing their discovery plan, and they met and conferred with Defendants before submitting an initial joint status report on September 15. ECF No. 156; *see* Decl. of R. Stevens ¶ 2. The Court thereafter held a case management conference on September 25. ECF No. 163. On September 26, the Court modified the September 4, 2025 Scheduling Order and directed the parties to meet and confer regarding the submission of a joint record in connection with Plaintiffs' potentially upcoming motion for partial summary judgment. Decl. of R. Stevens ¶ 3. While evaluating

1

whether to file a motion for partial summary judgment, and considering the Court's statements during the case management conference, Plaintiffs proceeded with discovery by proposing deposition time frames in an email with Defendants on September 26, then by requesting availability for depositions in a telephone call with Defendants on September 29, 2025. Decl. of R. Stevens ¶ 4. Defendants did not propose dates or provide availability during the call or during follow-up emails the next week. *Id.* Plaintiffs also served four sets of written discovery requests on Defendants on October 7, 2025: (1) 19 interrogatories on the Department of State and Secretary Rubio; (2) six requests for production of documents on the Department of State and Secretary Rubio; (3) two interrogatories on the U.S. DOGE Service, the Department of Government Efficiency, and Amy Gleason; and (4) one request for production of documents on the U.S. DOGE Service, the Department of Government Efficiency, and Amy Gleason. Plaintiffs' discovery requests expressly stated that Defendants' responses were due thirty days later, pursuant to the Federal Rules of Civil Procedure. *Id.* ¶ 5.

As the Court is well aware, the government shutdown began on October 1, 2025. Defendants filed a motion to stay discovery in light of the lapse of appropriations, ECF No. 165, which the Court denied. ECF No. 174. Defendants now assert, for the second time, that the shutdown has hampered their ability to respond to the discovery requests and request a two-week extension—nearly a 50% increase in the time to respond. Although Plaintiffs are not unsympathetic to disruptions that may have resulted from the shutdown, the facts belie any need for a two-week extension.

Defendants waited until three days before the response deadline to raise any issue regarding their ability to timely serve responses. The parties have exchanged multiple email correspondence over the past four weeks, but Defendants did not mention even the possibility of an extension until Monday, November 3, 2025. Decl. of R. Stevens ¶ 7. At that time, Defendants requested a one-week extension, citing the shutdown as the justification. *Id.* ¶ 8. Plaintiffs told Defendants that they would agree to the

2

one-week extension on the condition that Defendants agreed to extend the deadline for Plaintiffs' initial Rule 26(a)(2) expert disclosure by two days and confirm dates for depositions. *Id.* ¶ 9. Defendants rejected Plaintiffs' proposal, arguing that Plaintiffs' need for the request was their own fault.[1] *Id.* ¶ 10. One day after requesting a one-week extension to respond, Defendants told Plaintiffs that they would file a motion with the Court seeking an additional *two* weeks to respond to Plaintiffs' written discovery requests. Defendants did not provide any explanation as to why they doubled their requested extension. *Id.* ¶ 12.

The shutdown is not a compelling excuse for delay. On October 1, the first day of the shutdown, Defendants filed a motion to stay the case in light of the lapse in appropriations. ECF No. 165. Defendants did not specify any potential difficulty responding to discovery requests or otherwise continuing to participate in this case. Rather, Defendants argued that government counsel was prohibited from working, even voluntarily, except in very limited circumstances. The Court denied the motion, finding "Defendants' need for the stay does not outweigh the prejudice to Plaintiffs." ECF No. 174. Since October 1, government counsel has continued to work on this case. For example, on October 2, they filed a motion and memorandum of law for an interlocutory appeal and stay of discovery, ECF No. 166; on October 15, they served interrogatories on Plaintiffs, Decl. of R. Stevens ¶ 13; and on October 30, they filed a reply in support of the October 2 motion, ECF No. 175. Clearly, government counsel has been able to continue working on this case throughout the shutdown, and whatever impediments the shutdown has created do not justify a last-minute extension. *See Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring) (noting that when all of the government's motions to stay in light of the shutdown were denied, "the Government then participated" in each of the proceedings); *Order Denying Mot. to Stay*, *Lehman v. U.S. Dep't of Lab.*,

---

[1] Plaintiffs ultimately served their expert disclosures on Defendants on Monday, November 3, as directed by the Scheduling Order. Decl. of R. Stevens ¶ 11.

3

No. 25-11846 at *1 (E.D. Mich. Oct. 2, 2025) ("[L]abor by government counsel not otherwise 'authorized by law' nevertheless is authorized when counsel is ordered by a federal court to comply with its scheduling deadlines.") (citations omitted).

Further, Defendants' motion is untimely. District of Maryland Discovery Guideline No. 9 directs parties seeking additional time to respond to discovery requests to contact opposing counsel "as soon as practical after receipt of the discovery request," absent exigent circumstances. D. Md. Loc. R., App. A, Disc. Guideline 9. Here, Defendants waited twenty-seven days to raise the issue with Plaintiffs, despite the fact that the shutdown had been in effect for over a month and *preceded* the receipt of Plaintiffs' discovery requests. To the extent that the shutdown might warrant additional time to respond, those circumstances clearly existed at the time Plaintiffs served the four discovery requests, and Defendants should have notified Plaintiffs at that time. Plaintiffs are unaware of, and Defendants have not identified, any circumstances that have changed since Plaintiffs served discovery on October 7. The Court should not countenance Defendants' untimely request for an extension.

A two-week extension for Defendants to respond to the October 7 discovery requests would significantly disrupt the discovery schedule in place. Over the past two months, Plaintiffs have worked in good faith to plan and conduct discovery expeditiously in the timeframe set by the Court. Decl. of R. Stevens ¶ 14. Defendants, however, have repeatedly obstructed these efforts to permit discovery to be completed "in a more just, speedy, [or] inexpensive way." D. Md. Loc. R., App. A, Disc. Guideline 1. They have argued to Plaintiffs that discovery should not proceed, despite the Court ruling otherwise; refused to fully cooperate in coordinating deposition dates, including refusing to fully provide availability of government counsel to attend depositions;[2] refused to accept service for other

---

[2] More than six weeks ago, Plaintiffs identified the individuals it intends to depose and has been trying to finalize schedules since that time. On September 29, Plaintiffs first requested Defendants' availability to schedule these depositions. Having received no proposed dates on which government counsel and the witnesses they represent could be available, Plaintiffs provided their intended

4

government employee witnesses subpoenaed in their official capacity; and failed to confirm the employment status of DOGE members Gavin Kliger and Luke Farritor for purposes of serving subpoenas.[3] Decl. of R. Stevens ¶ 15. And despite Defendants having filed two separate motions for a stay, ECF No. 165 and 166—one of which the Court already denied, ECF No. 174—Defendants yet again ask the Court to delay discovery, even as the Court considers its request to stay in conjunction with the motion for an interlocutory appeal.

A two-week delay would mean that Plaintiffs would not receive the requested discovery until after several depositions are currently scheduled to occur, requiring those and subsequent depositions to be postponed at least two weeks (or more, in light of the intervening Thanksgiving holiday), and effectively pushing back all discovery deadlines at least two weeks.

Defendants' requested extension would also compound the delay that will surely come as a result of Defendants' "objections to the substance of any discovery request," ECF No. 176 at 3, which Defendants have repeatedly foreshadowed. *See, e.g.*, ECF No. 106 ("Defendants represented to Plaintiffs their intent to raise apex doctrine objections to deposing Defendants Lewin and Marocco."); ECF No. 113 at 14-15 (raising objections to Plaintiffs' intended discovery on the Executive Branch); ECF No. 156 at 1-2 (stating that "discovery is inappropriate in this case" generally and warning that Defendants will "request the opportunity to submit a brief on why discovery should be denied" as to Plaintiffs' Appointments Clause claims); ECF No. 166-1 (referencing future "disputes about the scope of discovery"). The Court will be required to resolve Defendants' various discovery objections, which itself will prolong the discovery period. Plaintiffs have diligently pursued this case since its inception

---

deposition schedule to Defendants on October 10. Decl. of R. Stevens ¶¶ 4, 6. Despite repeated requests, government counsel still has not provided their own availability for November or December but rather, on November 4, indicated they would hold the dates noticed by Plaintiffs —and only after asking for an extension to respond to the written discovery requests. *Id.* ¶ 6.

[3] Plaintiffs do not raise these concerns to litigate the propriety of Defendants' conduct but rather to provide context for their untimely motion.

and have endeavored to conduct discovery as expeditiously as possible, consistent with the Court's schedule. Decl. of R. Stevens ¶ 16. Defendants' latest attempt to delay this case and postpone the relief to which Plaintiffs are entitled should not be granted.

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' motion for an extension of time to respond to Plaintiffs' properly served written discovery requests.

Dated: November 6, 2025

Respectfully submitted,
/s/ Tianna J. Mays
Tianna J. Mays, [1112140221]
Norman L. Eisen, [9112170186]
Andrew H. Warren*
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Hiemann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111

6

Tel: (415) 956-1000

Attorneys for Plaintiffs
*Admitted pro hac vice