IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs,*<br><br>v.<br><br>ELON MUSK, *et al.*,<br><br>*Defendants.* | Civil Action No. 25-00462-TDC |

**DECLARATION OF REBECCA STEVENS IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

I, Rebecca Stevens, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly licensed to practice law in the State of Texas. I am admitted *pro hac vice* in this Court and admitted in other federal courts. I am a founding partner at the law firm Marziani, Stevens, and Gonzalez, PLLC, which serves as counsel for Plaintiffs and the certified class as co-counsel in the above-captioned action. I submit this Declaration in support of Plaintiffs' Response in Opposition to Defendants' Motion for Extension of Time to Respond to Plaintiffs' First Set of Discovery Requests. I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would competently testify thereto.

2. Plaintiffs promptly began organizing their discovery plan after the Court entered its September 4, 2025 Scheduling Order, including meeting and conferring with Defendants before submitting an initial joint status report on September 15.

3. On September 26, the Court modified the September 4, 2025 Scheduling Order and

Docusign Envelope ID: 81485954-5524-4DAE-8645-38170A8E2C16

directed the parties to meet and confer regarding the submission of a joint record in connection with Plaintiffs' potentially upcoming motion for partial summary judgment.

4. While evaluating whether to file a motion for partial summary judgment, and considering the Court's statements during the case management conference, Plaintiffs proceeded with discovery by proposing deposition time frames in an email with Defendants on September 26, then by requesting requesting availability for depositions in telephone call with Defendants on September 29, 2025. Defendants did not propose dates or provide availability during the call or during follow-up emails the next week.

5. Plaintiffs served four sets of written discovery requests on Defendants on October 7, 2025: (1) 19 interrogatories on the Department of State and Secretary Rubio; (2) six requests for production of documents on the Department of State and Secretary Rubio; (3) two interrogatories on the U.S. DOGE Service, the Department of Government Efficiency, and Amy Gleason; and (4) one request for production of documents on the U.S. DOGE Service, the Department of Government Efficiency, and Amy Gleason. Plaintiffs' discovery requests expressly stated that Defendants' responses were due thirty days later, pursuant to the Federal Rules of Civil Procedure.

6. Having received no proposed dates on which government counsel and the witnesses they represent could be available, Plaintiffs provided their intended deposition schedule for seven witnesses to Defendants on October 10. On October 14, government counsel indicated their own unavailability for two of the dates proposed but did not provide any alternative dates and did not provide availability for the five other deposition dates proposed by Plaintiffs. On October 15, Plaintiffs' counsel sought government counsel's availability for all of November and the first half of December. On October 20,

Docusign Envelope ID: 81485954-5524-4DAE-8645-38170A8E2C16

government counsel confirmed the availability of one of the witnesses for one of the dates proposed, confirmed government counsel's own availability for one week of the proposed date range but did not provide their own availability for any of the other dates proposed nor a list of dates on which they are available in November or December. Government counsel still has not provided their full availability for November and early December. On November 4, government counsel indicated they would hold the deposition dates noticed by Plaintiffs' counsel, this only after they requested an extension to their written discovery deadline.

7. The parties have exchanged multiple email correspondence over the past four weeks, but Defendants did not mention even the possibility of an extension until Monday, November 3, 2025.

8. On November 3, 2025, Defendants requested a one-week extension of the deadline to respond. Defendants stated that they required an extension due to the government's lapse in appropriations and need to respond to emergency court deadlines in other litigation.

9. Plaintiffs told Defendants that they would agree to the one-week extension on the condition that Defendants agreed to extend the deadline for Plaintiffs' initial Rule 26(a)(2) expert disclosure (due on November 3, 2025) by two days and confirm that government counsel is available on the deposition dates proposed by Plaintiffs or suggest alternative dates if not available.

10. Defendants rejected Plaintiffs' proposal for a reciprocal extension and told Plaintiffs that "[a]ny scheduling difficulties you face now" with respect to depositions "are entirely an emergency of your own making."

11. Plaintiffs served their expert disclosures on Defendants on November 3, 2025, as directed

by the Scheduling Order.

12. The next day, November 4, 2025, at 4:50pm EST, Defendants told Plaintiffs of their intent to file a motion with the Court seeking an additional two weeks to respond to Plaintiffs' written discovery requests. Defendants did not provide any reason as to why they would request a two-week extension from the Court after telling Plaintiffs they needed one week the day prior. Defendants stated that if Plaintiffs would agree to a two-week extension, they would "be open" to an agreement to extend the deadline for the close of discovery, without waiving objections to the timing and substance of discovery. Defendants requested a response within approximately three hours. Plaintiffs did not agree to Defendants' proposal.

13. Since the government shut down on October 1, 2025, government counsel has continued to work on this case, including serving interrogatories on Plaintiffs on October 15, 2025.

14. Over the past two months, Plaintiffs have worked in good faith to plan and conduct discovery expeditiously in the timeframe set by the Court.

15. Defendants have repeatedly obstructed these efforts, including: arguing to Plaintiffs that discovery should not proceed, despite the Court ruling otherwise; refusing to fully cooperate in coordinating deposition dates, including refusing to fully provide availability of government counsel to attend depositions; refusing to accept service for other government employee witnesses subpoenaed in their official capacity; and failing to confirm the employment status of DOGE members Gavin Kliger and Luke Farritor for purposes of serving subpoenas.

16. Plaintiffs have diligently pursued this case since its inception and have endeavored to conduct discovery as expeditiously as possible, consistent with the Court's schedule.

Docusign Envelope ID: 81485954-5524-4DAE-8645-38170A8E2C16

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____11/6/2025_____, at Austin, Texas.

/s/ *R. Stevens*
Rebecca Stevens