UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>　　*Plaintiffs*,<br><br>　v.<br><br>ELON MUSK, *in his official capacity*, et *al.*,<br><br>　　*Defendants*. | Case No. 8:25-cv-00462-TDC |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

　　Defendants requested an extension to the default time to respond to Plaintiffs' first set of written discovery requests three days before the deadline.  That request was timely under this District's Discovery Guideline 9, which provides that "[a]bsent exigent circumstances, attorneys seeking additional time to respond to discovery requests should contact opposing counsel as soon as practical after receipt of the discovery request, but not later than three (3) days before the response is due."  Defendants had made efforts to comply with the default deadlines, even though counsel for Defendants have been working unpaid through the lapse in appropriations on cases for which an exemption applies.  Certain individuals who had been working with counsel on this case have also been furloughed.  The Court only recently denied the Government's motion to stay this case pending that lapse.  Finally, Defendants have had to respond to extremely urgent deadlines in other matters with requests for emergency relief.  *See* ECF No. 176.

1

Discovery Guideline 9 also requires that a "request for additional time which does not conflict with a scheduling deadline imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court, or a court order should not be unreasonably refused." Yet instead of agreeing to Defendants' reasonable extension request, Plaintiffs conditioned their consent on the Defendants' agreement to (1) extend the deadline for Plaintiffs' expert disclosures; and (2) confirm certain deposition dates. As to the expert disclosure deadline, Plaintiffs made the request to extend that deadline on the day their report was due, which is itself inconsistent with Discovery Guideline 9. Even so, Defendants explained they would not oppose Plaintiffs seeking an extension of the deadline. But because that deadline was set by this Court's scheduling order, Defendants pointed out that Plaintiffs would need to seek approval of the Court to do so. *See* Discovery Guideline 9(a) ("Unless otherwise provided by the Local Rules of the Court, no stipulation that modifies a court-imposed deadline shall be deemed effective unless and until the Court approves the stipulation."). Plaintiffs instead chose to meet the deadline.

As to deposition scheduling, Defendants' position is that, consistent with the Court's prior instructions, Plaintiffs should have been pursuing the less controversial written discovery prior to scheduling depositions. Instead, they did not serve any written discovery until more than a month of the discovery period had lapsed, at which time appropriations had also lapsed. In addition, Plaintiffs seek to depose several individuals who are former government officials or who are otherwise not currently employed by any Defendant agency. Defendants' position has merely been those individuals need to be subpoenaed under Fed. R. Civ. P. 45, and scheduling worked out with those witnesses' counsel, if any. And contrary to Plaintiffs' assertions, Defendants counsel have at different times provided dates they would be available for certain depositions, including of certain witnesses employed by Defendant agencies, if those depositions move forward

notwithstanding Defendants' request for a stay during any interlocutory appeal and any other substantive objections Defendants may make to discovery.

In the end, none of this discovery back-and-forth is relevant to whether Defendants' request for an extension should be granted. The Government is undergoing a historically long lapse in appropriations, which places additional burdens on Government counsel and Federal agencies in their ability to respond to discovery requests. Defendants are merely asking for an extra two weeks to respond to the requests, while preserving substantive objections they might assert. To avoid any possible prejudice, Defendants have indicated they would not oppose an appropriate extension of the discovery period to accommodate this two-week extension of specific discovery deadlines. That should be enough to grant Defendants' reasonable request for additional time.

Dated: November 6, 2025              Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Jacob S. Siler*
CHRISTOPHER M. LYNCH
(DC Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
*By Special Appearance*
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 353-4556
Email: jacob.s.siler@usdoj.gov

*Attorneys for Defendants*