

**U.S. Department of Justice**
Civil Division, Federal Program Branch

---

November 10, 2025

**VIA CM/ECF**

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Motion for Protective Order in *Doe, et al., v. Musk, et al.*, No. 8:25-cv-00462-TDC

Dear Judge Chuang:

     Defendants submit this Notice of Intent to File a Motion seeking a protective order pursuant to Federal Rule of Civil Procedure 26(c).  In the afternoon of Friday, October 31, 2025, counsel for Plaintiffs sent to counsel for the Defendants seven documents purporting to schedule depositions of seven individuals beginning as early as November 17.  Those purported subpoenas included three current or former high-ranking government officials who were sued in their official capacity:  Elon Musk, Peter Marocco, and Jeremy Lewin.[1]  In addition, Plaintiffs' broad-reaching discovery is unnecessary and disproportionate to the needs of this case. Accordingly, the Government moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c):  (1) barring the Plaintiffs from deposing high-level Executive Branch officials; and (2) precluding discovery regarding the mental processes of government actors in reaching a decision, because the discovery sought is disproportionate to the needs of the case and because Plaintiffs have not made and cannot make the showing required to obtain the testimony of high-level Executive Branch officials under the apex doctrine.

    A. **Factual Background**

     Plaintiffs, unidentified current and former employees and contractors of USAID, allege that Defendants unlawfully cancelled government contracts, reduced the number of USAID employees and contractors, and closed USAID's headquarters. Plaintiffs contend that these actions violate the Appointments Clause and separation of powers. *See* Compl., ECF No. 4. After this Court denied Defendants' motion to dismiss and granted Plaintiffs' request to certify a class, *see*

---

[1] None of these individuals still serves in the official capacities in which he was named.  Mr. Marocco, who was sued in his official capacity as "either serv[ing] or perform[ing] the duties and functions of the Acting USAID Deputy Administrator," 2d Am. Compl. ¶ 17, was succeeded in those duties by Mr. Lewin and Kenneth Jackson.  Mr. Jackson and Mr. Lewin were succeeded in that capacity by Eric Ueland, who is now performing the duties of USAID Deputy Administrator.  Mr. Musk, who was sued "in his official capacity as the *de facto* leader of DOGE," 2d Am. Compl. at 2, has left government service without successor.  In addition, Russell Vought has succeeded Secretary of State Marco Rubio as Acting Director of USAID.  Pursuant to Federal Rule of Civil Procedure 25(d), the originally named official capacity Defendants are automatically substituted for their successors.

ECF Nos. 150–153, Defendants filed their Answer on August 27, 2025, *see* ECF No. 154. The Court then entered a Scheduling Order opening the discovery period on September 5, 2025. ECF No. 155. That schedule contemplates the completion of discovery on January 16, 2026.

### B. Legal Basis for the Motion

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). Such an order is needed here for at least two reasons: (1) Plaintiffs' broad discovery requests are disproportionate to the needs of this case and (2) their attempt to depose certain high-ranking government officials is not permitted by law absent a heightened showing they cannot make.

*First*, Plaintiffs have not shown a need for *any* discovery in this case. Under Rule 26, information that is not "relevant to any party's claim or defense *and* proportional to the needs of the case" is outside "the scope of discovery." Fed. R. Civ. P. 26(b)(1) (emphasis added). As Defendants have explained, discovery is inappropriate on Plaintiffs' Appointment Clause claim, which presents a purely legal issue for which no factual development is necessary. And Plaintiffs have previously agreed that their Separation of Powers claim does not require discovery because the factual basis for that claim is not in dispute. Defendants acknowledge that the Court has rejected that argument and assert it here to preserve it for the possibility of appellate review. Yet separate and apart from that, Plaintiffs have not shown that any of the discovery they seek is proportionate to the needs of this case. Defendants have repeatedly requested that for purposes of potential stipulations, Plaintiffs provide a list of facts they hope to establish in lieu of discovery. Plaintiffs have not agreed to provide a proposal for stipulated facts that would pretermit all of the burdensome discovery they seek.

*Second*, Plaintiffs cannot establish that extraordinary circumstances warrant the depositions of Messrs. Musk, Marocco, and Lewin, who are or were all high-level Executive Branch officials. "[E]xceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *See In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (quotation marks omitted); *see also Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985) ("[T]op executive department officials should not, absent extraordinary circumstances, be called to testify[.]"). Indeed, "the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (citing *United States v. Morgan*, 313 U.S. 409 (1941)). Even assuming some of these deponents took decisions Plaintiffs object to, "a government decision-maker will not be compelled to testify about his mental processes in reaching a decision, including the manner and extent of his study of the record and his consultations with subordinates." *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *see also Simplex Time Recorder Co.* 766 F.2d at 587. These considerations apply to Mr. Musk with special force, as he is a former senior White House advisor. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 388 (2004); *cf. In re Murthy*, No. 22-30697 (5th Cir. Jan. 5, 2023) (applying apex doctrine to former Assistant to the President).

To meet the "extraordinary circumstances" standard, Defendant must "establish *at a minimum*, that the [officials] possess information essential to [her] case which is not obtainable from another source." *In re United States (Reno)*, 197 F.3d 310, 313-14 (8th Cir. 1999) (emphasis

added and citations omitted).  And here there are several other sources from which Plaintiffs could obtain their requested information, including interrogatories and stipulations.

      Finally, Mr. Musk's departure from government service does not affect the application of the high-ranking government official doctrine.  *See In re Murthy*, No. 22-30697 (5th Cir. Jan. 5, 2023) ("We agree with other circuits that [the doctrine] is equally applicable to former officials, lest they be ensnared in unnecessary discovery upon leaving office."); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 705 (9th Cir. 2022); *In re United States*, 542 F. App'x 944, 949 (Fed. Cir. 2013).

Dated: November 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Jacob S. Siler*
CHRISTOPHER M. LYNCH (DC Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
*By Special Appearance*
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 353-4556
Email: jacob.s.siler@usdoj.gov

*Attorneys for Defendants*

Cc:    Counsel of Record (via CM/ECF)