# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4,  *et al., on behalf of themselves and all others similarly situated,* | |
| *Plaintiffs,* | Civil Action No. 25-00462-TDC |
| **v.** | |
| ELON MUSK, *et al.*, | |
| *Defendants.* | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Peter Marocco, Jeremy Lewin, and Elon Musk were the primary actors who personally authorized and implemented USAID's dismantling. Defendants seek to shield these key witnesses by arguing they are entitled to protection as "high-ranking" officials. However, there is no doctrine that prohibits deposing government officials who were personally and materially involved in the facts at issue. As the Court recognized, Marocco, Lewin, and Musk are key actors at the center of this case. Plaintiffs must have the opportunity to probe the specific knowledge and test the credibility of those responsible for dissolving the agency. Granting Defendants' motion would prevent Plaintiffs from vigorously pursuing their claims and providing the Court a complete record to render judgment.

## LEGAL STANDARD

"[D]istrict courts within the Fourth Circuit have applied the apex doctrine to limit discovery to avoid abuse or harassment" of "high-level executives or high-ranking government officials." *Trull v. Mag Mut. Ins. Co.*, No. 3:24-CV-00202, 2025 WL 2550049, at *2 (S.D.W. Va. Sept. 4, 2025) (internal citations and quotation marks omitted). The doctrine "is the application of the rebuttable presumption that the deposition of a high-ranking [official] constitutes 'good cause' for [a protective] order as an 'annoyance' or 'undue burden' . . . ." *Performance Sales & Mktg. LLC v. Lowe's Co.*, No. 5:07–CV–00140, 2012 WL 4061680, at *3 (W.D.N.C. Sept. 14, 2012)). "Typically, 'apex' deponents" sit "at the highest level of a corporation or government; such as, governors, cabinet members, chief executive officers" who are "removed from the daily subjects of the litigation and have no unique personal knowledge of the facts at issue." *Cunagin as Next friend of J.C. v. Cabell Huntington, Hosp., Inc.*, No. 3:19-CV-00250, 2021 WL 1518877, at *4 (S.D. W. Va. Apr. 16, 2021) (internal citations and quotation marks omitted).

"The doctrine 'is bottomed on the apex executive lacking *any* knowledge of the relevant

1

facts'" and "does not prohibit deposing executives who have personal knowledge relevant to the parties' claims and defenses." *Trull*, 2025 WL 2550049, at *3 (quoting *Paice, LLC v. Hyundai Motor Co.*, No. CIV. WDQ-12-0499, 2014 WL 3613394, at *1 (D. Md. June 27, 2014)) (emphasis in original). "[C]ourts will require [a] high-ranking official submit to deposition . . . if: 1) extraordinary circumstances are shown; or 2) the official is personally involved in a material way." *United States v. Wal-Mart Stores, Inc.*, No. CIV.A. PJM-01-1521, 2002 WL 562301, at *3 (D. Md. Mar. 29, 2002); *accord Parris v. Bd. of Educ. of Baltimore Cnty.*, No. CV L-09-0704, 2010 WL 11691753, at *1 (D. Md. Feb. 16, 2010); *see also Wood v. Harshbarger*, No. 3:13-CV-21079, 2014 WL 3056855, at *3 (S.D.W. Va. July 7, 2014) ("[U]nless extraordinary circumstances are shown, or the official has personal knowledge essential to the case.").

## ARGUMENT

Defendants do not clearly cite the apex doctrine, but do cite *Morgan* doctrine caselaw, which is based on "mental process privilege." *Wal-Mart Stores*, 2002 WL 562301, at *1. However, they invoked the "apex doctrine" in their notice to the Court, ECF No. 180 at 1, and the Court already decided that "the mental processes of government actors" are not at issue currently. *See* Nov. 19, 2025 Telephonic Case Mgmt. Conf. Tr. at 13:22–14:06 (Ex. A hereto).[1] Regardless, Defendants' arguments fall flat for four reasons: *first*, the depositions are clearly proportionate and not harassing; *second*, they have not shown the witnesses are "high-ranking"; *third* the witnesses have special knowledge of and personal involvement in the facts at issue; and *fourth*, the information cannot be obtained through other means.

---

[1]Accordingly, Plaintiffs do not understand this motion to concern mental process privilege. To be clear, Plaintiffs do not concede that it would be inappropriate to ask deponents about their reasons for taking official actions. *See* Mot. at 4, n.4. Rather, Plaintiffs stated that they do not intend to ask such questions and disputed that the deliberative process privilege would even apply at deposition. *See* Ex. A at 4:8-25. Plaintiffs reserve the right to address the issue if it becomes ripe.

As an initial matter, the Court already rejected the notion that Marocco's, Lewin's, and Musk's depositions would be disproportionate, calling the argument a "non-starter," and explaining that "these are the key people in the case." Ex. A at 13:6–21. Similarly, it is undisputed that these depositions are not meant to annoy or harass.

Defendants fail to make the requisite showing that Marocco or Lewin are "high-ranking." A protective order movant "must 'make a specific demonstration of facts to support [its] request . . . and may not rely on conclusory or speculative statements.'" *Byrd v. D.C.*, 259 F.R.D. 1, 7 (D.D.C. 2009) (citation omitted). Defendants provide no facts to support a finding that Marocco or Lewin held positions "of such importance as to be viewed in the same light" as cabinet officials, senators, or mayors. *Id.* at 8. The cases they rely on are unavailing because the determination is "made on a case-by-case basis." *S.L. ex rel. Lenderman v. St. Louis Metro. Police Dep't Bd. of Comm'rs*, No. 4:10-CV-2163 CEJ, 2011 WL 1899211, at *2 (E.D. Mo. May 19, 2011).

The witnesses also have "personal involvement and direct knowledge of the factual issues."[2] *City of Huntington v. AmerisourceBergen Drug Corp.*, No. CV 3:17-01362, 2020 WL 3520314, at *3 (S.D. W. Va. June 29, 2020). The actions of Musk, Marocco, and Lewin—what they did, when they did it, and under whose authority—are "so intertwined with the issues in controversy that fundamental fairness requires the discovery of factual information held by the official by way of deposition." *Wal-Mart Stores, Inc.*, 2002 WL 562301, at *3. The Court has already recognized factual questions pertaining to Marocco's and Musk's exercising significant authority, the identity of the individual(s) who made "the decisions to initiate a shutdown of USAID by permanently closing USAID headquarters and taking down its website," and whether, and during what period, Musk was the head of DOGE. *Does 1-26 v. Musk*, 771 F. Supp. 3d 637,

---

[2] Plaintiffs further detailed Marocco's and Lewin's personal involvement in their Motion for Expedited Discovery and incorporate the argument herein. *See* ECF No. 106 at 16-20.

663-66, 668-69 (D. Md. 2025).

One way to "show good cause under the apex doctrine" and thus shift the burden onto the non-moving party, is to "submit an affidavit from [the witness] stating that he or she lacks superior or unique knowledge of the relevant facts." *City of Huntington*, 2020 WL 3520314, at *3. But Defendants submit no such affidavit because they cannot dispute these witnesses' personal knowledge. To the contrary, Defendants rely on declarations by Marocco and Lewin in briefing and for their limited responses to Plaintiffs' interrogatories. *See* ECF No. 28-2 (Marocco Decl.); ECF No. 77-2 (Lewin Decl.); *see, e.g.*, Defs.' Mot. To Dismiss at 5-6, 18. Marocco's declaration details multiple actions he was "personally involved in [in] a material way," *Wal-Mart Stores, Inc.*, 2002 WL 562301, at *3, including key ones "regarding personnel, funding, [and] the like." ECF No. 28-2 at ¶¶ 9-18, 27 (Marocco Decl.). Similarly, Lewin positions himself at the center of USAID's dismantling on a "day to day" basis. ECF No. 77-2 (Lewin Decl.); *see also* ECF No. 110-1 at 6, 22-23; *compare with Cunagin*, 2021 WL 1518877, at *4 (apex officials are "removed from the daily subjects of the litigation and have no unique personal knowledge of the facts at issue."). Defendants cannot rely on these declarations while denying Plaintiffs access to examine the declarants about the details, deficiencies, and discrepancies in their statements. *Cf. United States v. Nobles*, 422 U.S. 225, 239, n.14 (1975) ("[W]here, as here, counsel attempts to make a testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination."). Moreover, Musk has publicly proclaimed his special knowledge and intimate involvement via social media posts. *See* ECF No. 73 at 10-13, 37-38; ECF No. 150 at 35. "[F]undamental fairness requires" permitting Plaintiffs to probe their statements, which are "intertwined with the issues in controversy." *Wal-Mart Stores, Inc.*, 2002 WL 562301, at *3.

No lower-ranking witnesses have these official's knowledge. Defendants do not even try

to identify "lower-ranking employees" who might possess the necessary information. *See City of Huntington*, WL 3520314, at *2. Only Musk or President Trump could testify to the parameters of Musk's role as DOGE leader—the basis of the Appointments Clause claim. Only Marocco, Secretary Rubio, and President Trump know when and how Marocco assumed his role—and Plaintiffs have identified apparent discrepancies in his appointment timeline, *see* Pls.' First Am. Compl. (ECF No. 93) at ¶ 17, and evidence that he may not have approved acts purportedly taken in his name. *See* Pls.' Resp. to Defs.' Submission at 2-3 (Mar. 14, 2025) (ECF No. 71).

Written discovery cannot substitute for live testimony in this case. *Cf. California v. Green*, 399 U.S. 149, 158 (1970) ("[C]ross-examination [is] the 'greatest legal engine ever invented for the discovery of truth."). Defendants argue that Plaintiffs were required to "exhaust alternatives before seeking depositions of high-ranking personnel," Mot. at 4, ECF No. 189-1, but "[t]he 'wait and see' approach is meant to protect high-level executives who lack unique knowledge." *See Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 127 (D. Md. 2009) (citation omitted). That is not the case here. To boot, Defendants have failed to provide adequate interrogatory responses concerning relevant information. For example, one interrogatory asked to identify meetings Musk had between December 1, 2024 and May 31, 2025 concerning the dismantling, closing, reorganizing, or restructuring of USAID. Defendants refused to answer on proportionality and deliberative process grounds. Defendants continue to assert that Plaintiffs have not sent stipulations, Defs.' Mem. at 4 (ECF No. 189-1); however, Plaintiffs sent an initial draft to Defendants on October 24, but have not received any feedback. *See* Ex. B. Regardless, no written discovery could obviate the need to confront the witnesses whose conduct forms the basis for the facts underlying Plaintiffs' claims.

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' motion.

Dated: November 25, 2025

Respectfully submitted,

*/s/ Tianna J. Mays*                                  Mimi Marziani*
Tianna J. Mays, [1112140221]              Rebecca (Beth) Stevens*
Norman L. Eisen, [9112170186]           Joaquin Gonzalez*
Andrew H. Warren*                               **MARZIANI, STEVENS & GONZALEZ PLLC**
**DEMOCRACY DEFENDERS FUND**      500 W. 2nd Street, Suite 1900
600 Pennsylvania Avenue SE, Suite 15180    Austin, TX 78701
Washington, DC 20003                          Tel: (210) 343-5604
Tel: (202) 594-9958                              mmarziani@msgpllc.com
Norman@democracydefenders.org      bstevens@msgpllc.com
Tianna@democracydefenders.org       jgonzalez@msgpllc.com
Andrew@democracydefenders.org


Richard M. Hiemann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

Attorneys for Plaintiffs
*Admitted pro hac vice


## CERTIFICATE OF SERVICE

I hereby certify that, on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

*/s/ Tianna J. Mays*
Tianna J. Mays

6