

December 15, 2025

The Honorable Theodore D. Chuang, U.S. District Judge
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770
(301) 344-3982

    Re:   Notice of Intent to File Motion to Authorize Alternative Service of Subpoenas & Request for Court Intervention Re: Privilege Assertions, *Doe v. Musk*, 25-CV-00462-TDC

Dear Judge Chuang,

Plaintiffs, by and through their undersigned counsel, respectfully submit this notice letter pursuant to the Court's Case Management Order, ECF No. 6, to: (1) seek leave to file a Motion to Authorize Alternative Service of Subpoenas; (2) notify the Court of Defendants' invoking the deliberative process and presidential communications privileges during depositions, and of both parties' recognition that a court-approved process would be beneficial to efficiently address future privilege assertions; and (3) request a Pre-Motion Conference, if the Court determines one would be useful. Plaintiffs also note that the Parties have agreed to an extension of the discovery deadline until March 31, 2026, and will file a joint motion to that effect.

**I. Plaintiffs' Intended Motion to Authorize Alternative Service**

Despite Plaintiffs' sustained, good faith efforts to serve subpoenas on certain Defendants and witnesses since October 31, 2025, it has become clear that a Court order authorizing alternative means of service is required for discovery to proceed in a timely fashion. Courts in this District consistently recognize that alternative means of service of subpoenas—including non-personal service—are appropriate where: (1) a party has made diligent efforts to effectuate personal service, and (2) the proposed alternative method is reasonably calculated to ensure actual notice. *Jowite Ltd. P'ship v. Fed. Ins. Co.*, No. SAG-18-2413, 2019 WL 13251993, at *2 (D. Md. July 17, 2019). Plaintiffs have exhausted all reasonable avenues to achieve personal service and have documented multiple unsuccessful attempts.

As detailed below, Plaintiffs have made repeated attempts to serve one named Defendant, Elon Musk, and one third-party key witness, Luke Farritor, with subpoenas for deposition. Although both are former employees of the federal government, the government has represented that it will

1

not accept service, and is unable to facilitate service, for either. Plaintiffs therefore seek the Court's permission to serve both through alternative means.

***DOGE Member Luke Farritor.*** Luke Farritor was a DOGE member who is alleged to have been directly involved in the DOGE takeover of USAID. Plaintiffs attempted service on Mr. Farritor at his most recent address, his parents' home in Nebraska. None of Plaintiffs' efforts have proven successful for effectuating personal service on Mr. Farritor. Plaintiffs continue to attempt service at a recently-identified address in Palo Alto, California and are sending a copy of the subpoena by certified mail to each address Plaintiffs have identified as a possible residence of Mr. Farritor.

***Defendant Elon Musk.*** Plaintiffs have attempted personal service on Defendant Musk at multiple residential addresses and places of business. Defendant Musk is consistently surrounded by security personnel who have refused to accept service or permit access to Defendant Musk's residence. Plaintiffs have reached out to two separate attorneys known to have recently represented Defendant Musk or his companies and organizations, but neither responded to questions regarding ability to accept or facilitate service. Plaintiffs are also sending a copy of the subpoena by certified mail and continue to attempt service through a constable in Austin, Texas. None of Plaintiffs' efforts have proven successful for effectuating personal service on Defendant Musk.

Given Plaintiffs' diligent but unsuccessful efforts to serve Mr. Farritor and Defendant Musk, Plaintiffs seek leave to serve Mr. Farritor and Defendant Musk by one or more of the following methods, each of which courts have previously approved as reasonably calculated to provide actual notice:

1. Physical posting of the subpoena at the last-known residence or place of business.
2. First-class or Certified mail to all known home and/or business addresses.
3. Electronic mail to last-known and active email addresses.
4. Service via active social-media accounts (*e.g.*, LinkedIn, X/Twitter, Facebook), when linked to the Defendant or witness and historically used for communication.
5. Any other method the Court deems appropriate.

Plaintiffs may require alternative means of service for additional Defendants or witnesses, and will notify the Court as soon as Plaintiffs have exhausted all reasonable avenues for service for those individuals. During a December 15 meet and confer with Plaintiffs, Defendants represented they take no position on this motion.

## II. Deliberative Process and Presidential Communications Privilege

Defendants invoked the deliberative process and presidential communications privileges during the deposition of Brian McGill, December 9, 2025. Defendants attempted to preclude Plaintiffs from asking certain deposition questions and initially instructed the third-party witnesses not to respond to Plaintiffs' questions on these grounds. The Parties disagree as to: (1) whether these

privileges apply and what showing must be made, and (2) when the government can instruct a third-party witness not to answer Plaintiffs' questions. For example, during Plaintiffs' deposition of Brian McGill, the former Deputy Director of Security at USAID, Defendants objected to questions regarding Mr. McGill's knowledge of telephonic conversations between Defendant Musk and a USAID employee, Patrick Butler, on or around January 30, 2025.

In order to avoid disputes during future depositions, and preserve Defendants' ability to assert any legitimate privilege, Plaintiffs respectfully request that the Court establish a procedure permitting Plaintiffs to pose the disputed questions to deponents and permitting the deponents to respond, and place the deponent's responses under seal for in camera review, so the Court can determine whether the asserted privilege applies.

### III. Requests of the Court

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Authorize Plaintiffs to promptly file their Motion for Alternative Service, and set an expedited briefing schedule to resolve the motion;
2. Approve Plaintiffs' proposed procedure for addressing deliberative process and presidential communications privileges, including permitting disputed questions to be asked during deposition and submitted under seal for in camera review; and
3. Schedule a Pre-Motion Conference prior to December 24, 2025, if the Court determines that such a conference would be useful.

Plaintiffs appreciate the Court's attention to these matters. Plaintiffs are prepared to supplement these representations with declarations, affidavits of attempted service, or any other documentation the Court may require.

Respectfully submitted,

/s/ Tianna J. Mays
Norman L. Eisen, [9112170186]
Tianna J. Mays, [1112140221]
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*

Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com


Richard M. Heimann*
Nicole M. Rubin [30711]
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com
Attorneys for Plaintiffs

**Admitted pro hac vice*