

**U.S. Department of Justice**
Civil Division, Federal Program Branch

January 26, 2026

**VIA CM/ECF**

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Motion for Protective Order in *Doe, et al., v. USDS*, No. 8:25-cv-
    00462-TDC

Dear Judge Chuang:

Defendants submit this notice of intent to file a motion for protective order requesting modification of Plaintiffs' proposed 30(b)(6) topics.

On January 13, 2026, Plaintiffs served notices of deposition pursuant to Rule 30(b)(6) on each of Defendants USAID and the Department of State ("State"). *See* Ex. A (USAID Notice); Ex. B (State Notice).  Both notices were for the same date, January 28, with the USAID deposition noticed for 10:00am and the State deposition noticed for 2:00pm.  The notice for USAID listed 32 deposition topics, and the notice for State listed 16 topics.[1]

The sheer number of topics is unduly burdensome, overbroad, unreasonable and not proportional to the needs of the case. In the circumstances here—where Plaintiffs apparently contemplate only a half-day of questioning for each witness and could not reasonably be expected to cover all of the noticed topics in that time, and in which they insist on a two week period from issuance of the notice to for the deposition to go forward—it is even more so.

As one court in this District has explained,

> [w]hen properly employed, Rule 30(b)(6) creates efficiencies for both the party seeking discovery and the party producing it. However, for the Rule to function as intended, both parties must fulfill their respective obligations—for witnesses to be adequately prepared, topics must be listed with reasonable particularity and limited to what is proportional to the needs of the case. Where a party seeks 30(b)(6) testimony beyond these bounds, the duty to prepare entity witnesses can become an undue burden.

*Niederberger v. Wegmans Food Markets, Inc.*, No. CV JKB-23-2759, 2025 WL 2938583, at *2 (D. Md. Oct. 16, 2025); *see Snodgrass v. Esper*, No. 1:18-cv-00450, 2021 WL 11645431, at *3 (D. Md. Jan. 12, 2021) ("[I]f an organization is obligated to produce a knowledgeable witness that

---

[1] Plaintiffs initially served substantially identical notices in November 2025 (for a different date), and Defendants made the same objections set forth herein at that time.  After a second meet and confer, Defendants understood the parties to be working in good faith to a path toward resolving the dispute, but on January 13, Plaintiffs reissued the notices with the topics as originally written and have insisted on pursuing those topics on the date noticed.

will bind it, it is only fair to give the [organization] a very clear idea as to those subject areas as to which it will be bound, and that such questions be limited by the touchstones of relevance and proportionality found in Rule 26(b)(1).").

Here, Plaintiffs' notices would unduly burden Defendants not only because of the sheer number of topics that could not possibly be covered in the allotted deposition time, forcing Defendants to needlessly prepare on topics that will never be addressed, but also because the topics themselves are exceedingly broad, unduly vague, and duplicative of each other and other discovery, and stray far from the field of Plaintiffs' remaining claims. *See, e.g.*, Ex A topic 4 ("The focus and breadth of USAID international development program activities between January 20, 2025 and the present, and how such activities compare to historic appropriations and spending levels."); *id.*, topics 8, 10, 11,12, 13, 15, 17, 18, 20, 21, 23, 25, 26, 27, 29, 30 (each referencing "[t]he events and decisions precipitating" certain events, and in many cases also those "following" or "immediately following" the described events); *id.*, topic 28 ("Termination of USAID grant awards between January 20, 2025 and the present."); *id.*, topic 31 ("*Any communications* between the State Department and Congress and vice versa between January 20, 2025 and the present regarding USAID and/or its functions[.]" (emphasis added)).[2]

Finally, the burden that Plaintiffs' notices would impose is particularly inappropriate in light of the two claims at issue, an Appointments Clause claim and a Separation of Powers claim, both of which raise primarily legal issues and the latter of which Plaintiffs have repeatedly conceded requires no discovery. *See, e.g.*, ECF No. 159 at 1 (noting Defendants' "Answer confirms that there remains no genuine issue of material fact as to Plaintiffs' Separation of Powers claim"); ECF No. 156 at 4 ("Plaintiffs' position is that there is no discovery needed for the Court to evaluate Plaintiffs' Separation of Powers claims on summary judgment.").

Defendants have asked Plaintiffs to modify the notices to limit the topics to those they actually anticipate seeking testimony on and those seeking information they have not already obtained through discovery, so that the depositions will be a productive exercise, each witness can properly prepare and give meaningful answers, and Defendants are not burdened by preparing for topics that will not be pursued. Defendants have also advised Plaintiffs that they cannot designate or begin preparing individuals to testify until the topics that Plaintiffs actually intend to pursue at each deposition are resolved. Plaintiffs have refused to modify the topics or move the noticed deposition date.

Defendants would request that the Court issue a protective order quashing the notices as served, without prejudice to Plaintiffs serving new notices for a reasonable and discrete number of precisely worded and discrete, relevant, non-duplicative topics and working with Defendants on a mutually agreeable deposition date once the topics are finally determined.

\*        \*        \*

Defendants do not oppose this motion being referred to a magistrate judge for decision. *Cf.*

---

[2] Defendants do not waive any objection to any specific topic, and limit the discussion here for illustrative purposes. However, given the unreasonable and unrealistic scope of the notices as served, Defendants do not believe it is an efficient or productive use of the parties' or Court's time to wade into the specifics of putative topics that Plaintiffs will be unable to and do not intend to actually pursue at the deposition.

ECF No. 194 (Plaintiffs' request for referral of discovery issues to Magistrate Judge).

The parties have conferred about whether these matters can be resolved without a motion. Plaintiffs have indicated that they oppose Defendants' requested relief.

Respectfully submitted,

*/s/ Christopher M. Lynch*

Christopher Lynch
Jacob Siler
James Wen

*Counsel for Defendants*

Cc:   Counsel of Record (via CM/ECF)

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

J. DOE 4 *et al.*, *individually and on behalf of*
*all others similarly situated*,

                    *Plaintiffs*,

                    **v.**

ELON MUSK *et al.*,

                    *Defendants*.

Case No.  8:25-cv-00462-TDC

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE**
**DEPOSITION OF THE UNITED STATES AGENCY FOR INTERNATIONAL**
**DEVELOPMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

TO:    Defendant, United States Agency for International Development, by and through his/her counsel of record:

PLEASE TAKE NOTICE that pursuant to FED. R. CIV. P. 30(b)(6), Plaintiffs hereby give notice of their intention to take the oral and videotaped deposition of the Corporate Representative(s) of Defendant United States Agency for International Development. This deposition will take place on **Wednesday, January 28, 2026** beginning at **10:00 a.m.** at 1100 New York Avenue NW, Suite 800, Washington, D.C. 20005 and continuing thereafter until completed. Defendant United States Agency for International Development is directed to designate a person or persons to testify on its behalf about the matters described in **Exhibit "A"** attached hereto.

The deposition will be recorded by stenographic means by a certified shorthand court reporter and when transcribed, may be used as evidence in the above cause. Said deposition will be videotaped.

Respectfully submitted,

*/s/ Tianna J. Mays*
Norman L. Eisen, [9112170186]
Tianna J. Mays, [1112140221]
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

*Attorneys for Plaintiffs*
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically served the foregoing document on all counsel of record via email.

This 13th day of January, 2026.

*/s/ Beth Stevens*
Rebecca (Beth) Stevens
**MARZIANI, STEVENS & GONZALEZ PLLC**

2

500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
bstevens@msgpllc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

J. DOE 4, *et al.*, *on behalf of themselves and*
*all others similarly situated,*

               *Plaintiffs,*

               **v.**


ELON MUSK, *et al.*,

               *Defendants.*

Civil Action No. 25-00462-TDC


**Exhibit A**

**United States Agency for International Development 30(b)(6) - Deposition Topics**

1. Staffing levels at the United States Agency for International Development (USAID) between January 20, 2025 and the present, and how such levels compare to historic staffing levels at USAID.

2. United States' foreign aid appropriations and spending between January 20, 2025 and the present, and how such levels compare to historic appropriations and spending levels.

3. USAID systems access by USAID employees and contractors between January 20, 2025 and the present.

4. The focus and breadth of USAID international development program activities between January 20, 2025 and the present, and how such activities compare to USAID's historic programming.

5. Implementation at USAID of President Trump's Executive Order 14158, which established the United States DOGE Service, also known as the Department of Government Efficiency ("DOGE").

6. USAID systems access by persons other than USAID employees and contractors between January 20, 2025 and the present, including access by any DOGE personnel.

7. Implementation of President Trump's Executive Order 14169 that ordered a "90-day pause" of "new obligations and disbursements" of "foreign development assistance" funds made by USAID, subject to waivers by the Secretary of State.

8. Events and decisions precipitating and immediately following events at USAID headquarters, the Ronald Reagan Building in Washington, D.C., where persons associated with DOGE, including Gavin Kliger, Luke Farritor, Clayton Cromer, and Noah Peters, arrived at USAID headquarters and subsequently obtained access to USAID's financial, personnel, and administrative data systems.

9. The involvement of Defendant Musk in the above-described events at USAID headquarters.

10. Events and decisions precipitating and following the removal of plaques with USAID's official seal from USAID's offices on or about January 31, 2025.

11. Events and decisions precipitating and immediately following the event when persons associated with DOGE, including Steve Davis, Edward Corsitine, and Defendant Jeremy Lewin, arrived at USAID headquarters at the Ronald Reagan Building in Washington, D.C. and subsequently obtained access to the physical premises.

12. Events and decisions precipitating and following the USAID website being taken offline on or about February 1, 2025.

13. Events and decisions precipitating 57 USAID employees placed on administrative leave on or about February 1, 2025.

14. The involvement of Defendant Musk in the above-described events.

15. Events and decisions precipitating the termination of approximately 791 Personal Service Contractors (PSCs) on or about February 2, 2025.

16. The involvement of Defendant Musk in the above-described events.

17. Events and decisions precipitating the various delegations of duties and functions from Secretary Rubio to personnel at USAID, including but not limited to delegations to Defendant Peter Marocco and Defendant Jeremy Lewin.

18. Events and decisions precipitating the various designations of acting administration of USAID, between January 20, 2025 and the present, including but not limited to Jason Gray, Secretary Rubio, and Russell Vought.

19. Jeremy Lewin's duties as DOGE team lead at USAID.

20. Events and decisions precipitating 1,412 USAID employees being placed on administrative leave on or about February 3, 2025.

21. Events and decisions precipitating USAID headquarters being permanently closed and employees no longer permitted to enter the premises on or about February 3, 2025.

22. The involvement of Defendant Musk in the above-described events.

23. Events and decisions precipitating the February 4, 2025 notification to all USAID employees that they would be placed on administrative leave beginning February 8, 2025, with limited exceptions.

24. The involvement of Defendant Musk in the above-described events.

25. Events and decisions regarding the wind-down of USAID functioning as an independent agency between January 20, 2025 and the present.

26. Events and decisions precipitating Defendant Lewin's memoranda drafted on or about February 8, 2025, for Secretary Rubio's approval recommending USAID terminate certain USAID contracts, totaling $1.02 billion and 68 grants totaling $660.7 million in aggregate value, as well as steps subsequently taken to implement those recommendations.

27. Events and decisions precipitating the February 23, 2025, "Notification of Administrative Leave" posted to USAID.gov, stating that as of 11:59 PM, all USAID direct hire personnel, with the exception of designated personnel responsible for mission-critical functions, core leadership and/or specially designated programs, would be placed on administrative leave globally.

28. Termination of USAID grant awards between January 20, 2025 and the present.

29. Events and decisions precipitating the March 28, 2025, communication to all USAID personnel from Jeremy Lewin, including the drafting of the communication.

30. The events and decision precipitating the March 28, 2025, Congressional notification letter.

31. Any communications between the State Department and Congress and vice versa between January 20, 2025 and the present regarding USAID and/or its functions, including any responses to the March 28, 2025 Congressional notification letter.

32. The specific steps taken to transfer responsibility for USAID programming, personnel

and operations to the State Department.

Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4 *et al.*, *individually and on behalf of all others similarly situated,* | |
| *Plaintiffs,* | Case No.  8:25-cv-00462-TDC |
| **v.** | |
| ELON MUSK *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE**
**DEPOSITION OF THE UNITED STATES DEPARTMENT OF STATE PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

TO:    Defendant, United States Department of State, by and through his/her counsel of record:

PLEASE TAKE NOTICE that pursuant to FED. R. CIV. P. 30(b)(6), Plaintiffs hereby give notice of their intention to take the oral and videotaped deposition of the Corporate Representative(s) of Defendant United States Department of State. This deposition will take place on **Wednesday, January 28, 2026** beginning at **2:00 p.m.** at 1100 New York Avenue NW, Suite 800, Washington, D.C. 20005 and continuing thereafter until completed.  Defendant United States Agency for International Development is directed to designate a person or persons to testify on its behalf about the matters described in **Exhibit "A"** attached hereto.

The deposition will be recorded by stenographic means by a certified shorthand court reporter and when transcribed, may be used as evidence in the above cause. Said deposition will be videotaped.

Respectfully submitted,

*/s/ Tianna J. Mays*

1

Norman L. Eisen, [9112170186]
Tianna J. Mays, [1112140221]
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

*Attorneys for Plaintiffs*
*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically served the foregoing document on all counsel of record via email.

This 13th day of January, 2026.

*/s/ Beth Stevens*
Rebecca (Beth) Stevens
**MARZIANI, STEVENS &
GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701

2

Tel: (210) 343-5604
bstevens@msgpllc.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs,*<br><br>**v.**<br><br>ELON MUSK, *et al.*,<br><br>*Defendants.* | Civil Action No. 25-00462-TDC |

## Exhibit A

## United States Department of State 30(b)(6) - Deposition Topics

1. Staffing levels at the United States Agency for International Development (USAID) between January 20, 2025 and the present, and how such levels compare to historic staffing levels at USAID.

2. United States' foreign aid appropriations and spending between January 20, 2025 and the present, and how such levels compare to historic appropriations and spending levels.

3. The focus and breadth of USAID international development program activities between January 20, 2025 and the present, and how such activities compare to USAID's historic programming.

4. Implementation at the State Department of President Trump's Executive Order 14158, which established the United States DOGE Service, also known as the Department of Government Efficiency ("DOGE").

5.  Implementation of President Trump's Executive Order 14169 that ordered a "90-day pause" of "new obligations and disbursements" of "foreign development assistance" funds made by USAID, subject to waivers by the Secretary of State.

6.  Events and decisions precipitating the various designations of acting administration of USAID, between January 20, 2025 and the present, including but not limited to Jason Gray, Secretary Rubio, and Russell Vought.

7.  Events and decisions precipitating the various delegations of duties and functions from Secretary Rubio to personnel at USAID, including but not limited to delegations to Defendant Peter Marocco and Defendant Jeremy Lewin.

8.  Events and decisions precipitating the various delegations of duties and functions from Secretary Rubio to personnel at USAID, including but not limited to delegations to Defendant Peter Marocco and Defendant Jeremy Lewin.

9.  Events and decisions regarding the wind-down of USAID functioning as an independent agency between January 20, 2025 and the present.

10. Events and decisions precipitating Defendant Lewin's memoranda drafted on or about February 8, 2025, for Secretary Rubio's approval, recommending USAID terminate certain USAID contracts, totaling $1.02 billion and 68 grants totaling $660.7 million in aggregate value, as well as steps subsequently taken to implement those recommendations

11. Events and decisions precipitating the February 23, 2025 "Notification of Administrative Leave" posted at  USAID.gov, stating that as of 11:59 PM, all USAID direct hire personnel, with the exception of designated personnel responsible for mission-critical

functions, core leadership and/or specially designated programs, would be placed on administrative leave globally.

12. Termination of USAID grant awards between January 20, 2025 and the present.

13. Events and decisions precipitating the March 28, 2025, communication to all USAID personnel from Jeremy Lewin, including the drafting of the communication.

14. The events and decision precipitating the March 28, 2025, Congressional notification letter.

15. Any communications between the State Department and Congress and vice versa since January 20, 2025 regarding USAID and/or its functions, including any responses to the March 28, 2025 letter.

16. The specific steps taken by the State Department to assume responsibility for USAID programming, personnel and operations.