

**U.S. Department of Justice**

Civil Division, Federal Program Branch

---

January 30, 2026

**VIA CM/ECF**

The Honorable Theodore D. Chuang
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, Maryland 20770

RE: Notice of Intent to File Motion to Clarify and/or Modify Class Definition and for Protective Order in *Doe, et al., v. USDS*, No. 8:25-cv-00462-TDC

Dear Judge Chuang:

Defendants submit this notice of intent to a motion (a) to clarify Defendants' ability to discuss the substance of the case with current United States government employees and/or modify the class definition to exclude former USAID personnel currently employed by the United States government and (b) for a protective order.

On August 18, 2025, the Court certified the following class definition in this case:

> All persons who, between January 27, 2025 through the present (the "Class Period"), worked at any time for USAID as an employee or personal services contractor and was either a United States citizen or was working in the United States. Specifically excluded from this class are Defendants or any other person who, during the Class Period, acted as Administrator or Deputy Administrator of USAID.

ECF No. 153 at 1-2.  Under the strict terms of this definition, individuals who previously worked at USAID "as an employee or personal service contractor" but never acted as Administrator or Deputy Administrator, and now work at other federal agencies, are class members.

Plaintiffs have now subpoenaed, and taken the deposition of, two such individuals. They also have recently indicated their intention to subpoena a third. (It is Defendants' understanding as of this filing that Plaintiffs attempted to subpoena this third individual, but mistakenly served their deposition subpoena on a different individual with the same name.)

Plaintiffs' counsel have not contended that they represent these individuals themselves and, in the case of the prior witnesses whose depositions they took, did not represent them at the depositions, but instead took their testimony. And there are reasons to believe that they cannot do so, including that their subpoenaing these witnesses potentially creates a conflict of interest.

But under the class definition, these individuals are arguably plaintiffs in the case, potentially limiting Defendants' counsel from speaking to them in advance of their depositions to determine whether and to what extent they possess information protected by privileges held by the government.

For the first two depositions of witnesses with this status, Defendants did not speak with either deponent except at the request of and/or with the consent of Plaintiffs' counsel, and limited their pre-deposition discussions to issues of scheduling the deposition and service of subpoenas. But those depositions have made clear that privilege issues are likely to arise in similar depositions, and that Defendants will be prejudiced in their ability to protect their privileges if there are any restrictions on counsel meeting with such witnesses and discussing the substance of their potential testimony prior to the deposition (subject to the witnesses' consent). Defendants requested Plaintiffs' counsel's authorization to speak substantively to the witness Plaintiffs have sought to subpoena for deposition in this category but have not yet deposed, but Plaintiffs refused.

Defendants would therefore request that the Court issue an order clarifying that counsel for Defendants may speak to individuals currently employed by the United States government about the substance of this matter, whether or not they are nominal class members, without the consent of counsel for Plaintiffs. In the alternative, Defendants request that the Court modify the class definition to exclude current employees of the United States government, so that, if any current United States government employee witness wishes, they may be represented in their current and former official capacity (not their individual capacity) for the purposes of any deposition or other subpoena response by United States government counsel. Defendants would also request a protective order precluding any further depositions of any current employee of the United States government who previously served as an "an employee or personal services contractor" at USAID during the class period, but who did not act as Administrator or Deputy Administrator of USAID, until this request is resolved.

\*      \*      \*

Defendants do not oppose this motion being referred to a magistrate judge for decision. *Cf.* ECF No. 194 (Plaintiffs' request for referral of discovery issues to Magistrate Judge).

The parties have conferred about whether these matters can be resolved without a motion. Plaintiffs have indicated that they oppose Defendants' requested relief.

Respectfully submitted,

*/s/ Christopher M. Lynch*

Christopher Lynch
Jacob Siler
James Wen

*Counsel for Defendants*

Cc:   Counsel of Record (via CM/ECF)