UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

J. DOES 4, 7, 22, 27, 28, and 29, *on behalf of themselves and all others similarly situated*,

    Plaintiffs,

v.

ELON MUSK, *in his official capacity*,
UNITED STATES DOGE SERVICE,
THE DEPARTMENT OF
GOVERNMENT EFFICIENCY,
UNITED STATES
DEPARTMENT OF STATE,
UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT,
MARCO RUBIO, *in his official capacity*,
PETER MAROCCO, *in his official capacity*,
JEREMY LEWIN, *in his official capacity*,
KENNETH JACKSON, *in his official capacity*, and
AMY GLEASON, *in her official capacity*,

    Defendants.

Civil Action No. 25-0462-TDC

**MEMORANDUM ORDER**

    In this civil action, Plaintiffs have asserted violations of the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. 2, and the constitutional principle of the Separation of Powers arising from decisions and actions taken by Defendant Elon Musk and others to shut down and dismantle the United States Agency for International Development ("USAID") from January 2025 forward. After the Court ruled on a Motion for a Preliminary Injunction and a Motion to Dismiss, the parties commenced discovery. Defendants have now filed a Motion for a Protective Order to preclude the depositions of Musk, who at the time of the relevant events had

been identified by the President of the United States as the head of the United States Department of Government Efficiency ("DOGE"); Peter Marocco, the former official performing the duties and functions of the Acting USAID Deputy Administrator; and Jeremy Lewin, a former DOGE team lead who reported to Musk and who was later designated to serve as the USAID Deputy Administrator for Policy and Programming and the USAID Chief Operating Officer. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion for a Protective Order will be DENIED.

## DISCUSSION

The relevant factual background and procedural history is set forth in the Court's opinions in which it ruled on the Motion for a Preliminary Injunction and the Motion to Dismiss, which are incorporated by reference in their entirety. *Does 1-26 v. Musk* ("*Does I*"), 771 F. Supp. 3d 637 (D. Md. 2025), *preliminary injunction stayed by*, No. 25-1273, 2025 WL 1020995, at *7 (4th Cir. Mar. 28, 2025); *Does 4, 7, 22, 27, 28, & 29 v. Musk* ("*Does II*"), No. 25-0462-TDC, 2025 WL 2346258 (D. Md. Aug. 13, 2025).

In the Motion, Defendants seek a protective order precluding depositions of Musk, Marocco, and Lewin pursuant to Federal Rule of Civil Procedure 26(c)(1), which provides in relevant part that:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

Fed. R. Civ. P. 26(c)(1). Defendants primarily rely on case law which they characterize as establishing an "apex doctrine" that precludes depositions of high-ranking government officials absent exceptional circumstances. Mot. at 2–3 & n.2, ECF No. 189-1.

I.      **Legal Standards**

The United States Court of Appeals for the Fourth Circuit has not formally adopted an "apex doctrine" but has recognized that "high-ranking government officials may not be deposed or called to testify about their reasons for taking official actions absent 'extraordinary circumstances.'" *In re McCarthy*, 636 F. App'x 142, 143 (4th Cir. 2015) (quoting *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 210 (4th Cir. 1991)). In *In re McCarthy*, the court held that the Administrator of the United States Environmental Protection Agency could not be deposed in part because the court was "unpersuaded that there is no alternative to deposing [the Administrator]," and because "Plaintiffs have not demonstrated a need for [the Administrator's] testimony beyond what is already in the public record." *Id.* at 144. In *Franklin Savings Association v. Ryan*, 922 F.2d 209 (4th Cir. 1991), the Fourth Circuit held that the Director of the Office of Thrift Savings should not have been required to answer questions about his mental processes in reaching a decision. *Id.* at 211. In so ruling, the court stated that the principle that "absent 'extraordinary circumstances,' a government decision-maker will not be compelled to testify about his mental processes in reaching a decision" derives from *United States v. Morgan*, 313 U.S. 409 (1941). *Id.* In *Morgan*, the United States Supreme Court held that the Secretary of Agriculture should not have been required to testify at a deposition or trial about the process by which he reached certain conclusions about a rate schedule or his consultation with others about the issue because "it was not the function of the court to probe the mental processes of the Secretary," in part because of the need to ensure equal respect for "the integrity of the administrative process" and "the appropriate independence" of the executive and judicial branches. *Id.* at 422.

Thus, under Fourth Circuit precedent, a protective order to preclude a deposition may be warranted if (1) the deponent is a "high-ranking government official[]"; (2) the deposition seeks

testimony about mental processes or the "reasons for taking official actions"; and (3) there are no "extraordinary circumstances." *In re McCarthy*, 636 F. App'x at 143; *see Franklin Sav. Ass'n*, 922 F.2d at 211. Although the Fourth Circuit has not explicitly defined "extraordinary circumstances," in *In re McCarthy*, the court found a lack of such circumstances where the plaintiffs had failed to show that there was "no alternative" to deposing the high-ranking government official and had failed to "demonstrate[] a need" for the testimony "beyond what is already in the public record." *Id.* at 144.

Other United States Courts of Appeals have adopted broader, more specific rules that high-ranking executive officials should not be deposed "concerning issues relating to their official duties" absent extraordinary circumstances, without a requirement that the testimony relate to mental processes. *See, e.g., In re Off. of the Utah Att'y Gen.*, 56 F.4th 1254, 1259 (10th Cir. 2022) (citing *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)). Such a rule "is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Id.* at 1259–60. "The circuits vary on what constitutes extraordinary circumstances, but nearly all of them agree that a party must show at a minimum that the information sought is not obtainable from another source," and some require that "the information sought must be essential to the plaintiff's case." *Id.* at 1260. Thus, Defendants assert that Plaintiffs must demonstrate extraordinary circumstances by showing that the information sought is (1) "essential" to their case; and (2) "not obtainable from another source." Mot. at 2 (quoting *In re United States (Reno)*, 197 F.3d 310, 313–14 (8th Cir. 1999)).

Here, under Fourth Circuit precedent, the Motion for a Protective Order fails in part because Plaintiffs do not seek deposition testimony on the mental processes used in, and the

4

reasons for, agency decisions. *See Franklin Sav. Ass'n*, 922 F.2d at 210; *In re McCarthy*, 636 F. App'x at 143. At a case management conference on November 19, 2025 and in their brief on the Motion, Plaintiffs specifically disavowed questioning these witnesses in depositions about their mental processes in reaching decisions or about the reasons that decisions were made. Case Mgmt. Conf. Tr. at 5–6, ECF No. 190-1; Opp'n at 3, ECF No. 190.

Even assuming, consistent with the approach taken by certain other circuits, that depositions of high-ranking government officials should be restricted absent extraordinary circumstances regardless of whether they seek testimony on mental processes, the Court still finds that the protective order is not warranted. At the outset, it is at best unclear whether Musk, Marocco, and Lewin are properly deemed to be high-ranking government officials for purposes of this doctrine. Notably, in cases in which courts have barred depositions of cabinet secretaries, depositions of senior, Senate-confirmed subcabinet officials have been permitted to proceed. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 696, 704-05 (9th Cir. 2022) (barring the deposition of the Secretary of Education in a case in which depositions of two Under Secretaries of Education had proceeded; *see id.* at 702 (noting that in *In re Department of Commerce*, 586 U.S. 956, 956 (2018), the Supreme Court stayed the deposition of the Secretary of Commerce while permitting depositions of other "high-ranking officials, including an Assistant Attorney General"). Here, USAID was not a cabinet-level agency, none of the designated officials were the head of that agency, and several were operating in an informal or acting role at the time of the relevant events.

Moreover, one of the primary purposes for imposing restrictions on depositions of high-ranking government officials is that they "have greater duties and time constraints than other witnesses." *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1259. Here, Defendants acknowledge that Musk has left government service and Marocco and Lewin no longer serve in their former

roles as Deputy Administrators of USAID or the equivalent, and they make no argument about the duties and time constraints relating to any current government positions held by any of these witnesses. Although Defendants assert that Musk's role as a Senior Advisor to the President qualifies as a high-ranking government official, that assertion is not dispositive here because Plaintiffs seek Musk's testimony in relation to his separate role as the head of DOGE or an unofficial role at USAID, and any concerns about intrusion on the President's constitutional role can be addressed through limitations on the subject matter of the deposition rather than outright preclusion.

Even assuming that the proposed witnesses qualify as high-ranking government officials, the Court finds that extraordinary circumstances justify the depositions. First, as reflected in the Court's prior rulings, where Plaintiffs' Appointment Clause claim is based on the allegation that Musk made certain decisions relating to the shutdown and dismantling of USAID at times when he lacked the authority to do so and when there was no duly authorized official who approved or ratified the decisions, there is a specific need for testimony on Musk's role in relation to DOGE and USAID, the timing of his placement in certain roles, and the timing of the placement of USAID officials such as Marocco and Lewin in certain positions. *See Does I*, 771 F. Supp. 3d at 662–64, 667–68; *Does II*, 2025 WL 2346258, at *19. There is also a specific need for evidence on the identity of the decisionmakers and the timing of certain key decisions relating to the shutdown and dismantling of USAID, such as the specific decisions to shut down USAID Headquarters and the USAID website. *See Does I*, 771 F. Supp. at 662–64, 667–68; *Does II*, 2025 WL 2346258, at *19 (finding that "additional factual development through discovery is necessary to assess the scope and breadth of the alleged Appointments Clause violation, including by determining the identity of the actual decisionmakers for any exercises of significant authority"). Where Plaintiffs allege

that Musk personally made many of these decisions, his own statements on social media during the relevant time period provide evidentiary support for that conclusion, and Marocco and Lewin have been identified as having been personally involved with the shutdown activities in the same timeframe, Plaintiffs have shown that the identified witnesses likely have personal, first-hand knowledge of facts relevant and essential to the resolution of this case. *See Does I*, 771 F. Supp. 3d, at 659, 663–64. Plaintiffs have thus "demonstrated a need for [the witnesses'] testimony beyond what is already in the public record" that is "essential" to their case. *In re McCarthy*, 636 F. App'x at 144; *In re Off. of the Utah Att'y Gen.*, 56 F.4th at 1260; *see Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated."). In this way, the proposed depositions differ from those sought in cases such as *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 1 (D.D.C. 1998), cited by Defendants, in which depositions of high-ranking government officials were barred based in part on the finding that the officials did not "possess information relevant to the underlying claims in [the] litigation." *Id.* at 4.

Second, Plaintiffs have fairly demonstrated that there is "no alternative" means to secure the information sought, such that it is "not obtainable from another source." *In re McCarthy*, 636 F. App'x at 144; *see In re United States*, 197 F.3d 310, 314 (8th Cir. 1999) (finding that a high-ranking government official may still be deposed when the official possesses information "not obtainable from another source"); *Bogan*, 489 F.3d at 423 (stating that depositions of high-ranking government officials may be permitted when "other persons cannot provide the necessary information"). As to this issue, Defendants assert that, instead of the proposed depositions, Plaintiffs should be required to first seek stipulations, additional interrogatories, and depositions of lower-ranking officials. Plaintiffs, however, have submitted requests for stipulations and

interrogatories to which Defendants have not responded adequately or at all. Significantly, in relation to the Motion for a Preliminary Injunction, the Court directed Defendants to submit documentary evidence of certain specific actions relating to the shutdown of USAID, which presumably would have identified the date of the action and the authorizing official, but Defendants failed to provide evidence addressing these issues in relation to certain key decisions, including the decision to shut down USAID headquarters and to shut down the USAID website. *Does I*, 771 F. Supp.3d at 663–64.

Assuming that Defendants complied with the Court's Order in good faith, they have effectively acknowledged that these orders were given orally, with no documentary record, such that the only evidence on these questions would be the oral testimony of the officials present when the decisions were made. Defendants notably have never, in relation to that Order or otherwise, identified any lower-ranking officials who were present when such decisions were made. Accordingly, the Court finds that there is no alternative to the proposed depositions of Musk, Marocco, and Lewin.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion for a Protective Order, ECF No. 189, is DENIED.

Date: February 4, 2026

THEODORE D. CHUANG
United States District Judge