

March 10, 2026

The Honorable Theodore D. Chuang, U.S. District Judge
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770
(301) 344-3982

> **Re:**  *Doe v. Musk*, **25-CV-00462, Request for Case Management Conference to Resolve Discovery-Related Issues**

Dear Judge Chuang,

Plaintiffs respectfully submit this notice letter pursuant to the Court's Case Management Order, ECF No. 6, seeking a Case Management Conference to resolve certain discovery-related issues as efficiently as possible prior to the fast-approaching discovery deadline of March 31, 2026. Alternatively, Plaintiffs seek leave to file a Motion for Modification of Scheduling Order. Developments in this case necessitate the extension of the discovery deadline, the number of total depositions allowed, and the total number of hours for depositions.

The Court entered a Scheduling Order on September 4, 2025, commencing and setting deadlines for discovery, setting the deadline for completion of discovery for January 16, 2026.  ECF No. 155. Plaintiffs moved to modify the Scheduling Order to expand the number of deposition hours from twenty-five to forty, ECF No. 158, which the Court granted on September 26, 2025, ECF No. 164.  Thereafter, during the November 19, 2025 Case Management Conference, ECF No. 186, the parties discussed extending the discovery period, and on December 18, 2025, the parties agreed to a six week extension until March 31, 2026, which the Court granted.  ECF Nos. 192, 193.

From December 2025 through February 2026, Plaintiffs took five depositions in this case. Plaintiffs sought to ascertain through these depositions the identity of individuals who made "certain decisions relating to the shutdown and dismantling of USAID," ECF No. 200 at 6, but none could speak with any specificity to the key issues, including the timing, role, and involvement of Defendants Musk, Marocco, and Lewin. In addition to the five depositions taken, there are two depositions pursuant to FRCP 30(b)(6) scheduled to take place at the end of this month and one (DOGE member Luke Farritor) to be scheduled pending the Court's ruling on Plaintiffs' Unopposed Motion for Alternative Service, ECF No. 206.

Plaintiffs also sought to depose Elon Musk, Jeremy Lewin, and Peter Marocco. Defendants sought a protective order precluding the depositions of these witnesses based on the apex doctrine. ECF No. 189.  Briefing on the motion was completed on November 25, 2025. ECF Nos. 189, 190. On

February 4, 2026, the Court denied the motion and ordered that Messrs. Musk, Lewin, and Marocco must sit for depositions. ECF No. 200. Defendants sought mandamus relief from the Fourth Circuit Court of Appeals, which the Fourth Circuit granted on March 4, 2026. *In re Musk*, No. 26-1160, 2026 WL 626965 (4th Cir. Mar. 4, 2026). In granting mandamus, Judge Quattlebaum instructed that Plaintiffs must first exhaust alternative means "to obtain the information sought other than the depositions" and to use the depositions of Messrs. Musk, Lewin, and Marocco as a "measure of last . . . resort." *Id.* at 4-5.

In light of the Fourth Circuit's recent instructions, and given Plaintiffs' interest in reserving three deposition spots for Messrs. Musk, Marocco, and Lewin should they remain necessary after exhausting alternatives, Plaintiffs request that the Court permit Plaintiffs to take eight more depositions before the close of discovery, for a total of fifteen depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i) (requiring a party seeking more than ten depositions to obtain permission from the court). Additionally, Plaintiffs have used just shy of twenty deposition hours for the five depositions taken thus far, and the additional depositions would exceed the forty hours currently permitted under the Scheduling Order, *see* ECF No. 164. Thus, Plaintiffs seek an additional twenty deposition hours, for a total of sixty hours of deposition time.

In order to accommodate the depositions, and to allow for additional written discovery necessary to exhaust alternatives to deposing Messrs. Musk, Lewin, and Marocco, Plaintiffs also seek a three month extension of the discovery deadline to June 30, 2026.

On March 10, 2025, Plaintiffs sought the government's position on Plaintiffs' requests and offered to confer, but Defendants' counsel advised that they oppose any extension and that it would be more efficient to file this letter without a conference. Defense counsel requested Plaintiffs inform the Court that Defendants oppose "any extension of the discovery deadline or any increase in the number or length of depositions" based on the current length of the discovery period and because Plaintiffs do not "provide a basis" to "increase the number of depositions . . . or the number of hours." Plaintiffs do not respond to Defendants' position but are prepared to do so during a Case Management Conference or, alternatively, in briefing.

Accordingly, Plaintiffs respectfully seek Case Management Conference to efficiently resolve Plaintiffs' requests for up to fifteen depositions, up to sixty deposition hours, and an extension of the deadline to complete discovery through June 30, 2026, or, in the alternative, leave to file a Motion for Modification of Scheduling Order.

Respectfully submitted,

*/s/ Tianna J. Mays*
Norman L. Eisen, [09460]
Tianna J. Mays, [21597]
Andrew H. Warren*

**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin [30711]
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com

*Attorneys for Plaintiffs*
*Admitted pro hac vice