**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4, *et al.*,<br><br>　　*Plaintiffs*,<br><br>　v.<br><br>UNITED STATES DOGE SERVICE, *et al.*,<br><br>　　*Defendants*. | Case No. 8:25-cv-00462-TDC |

## ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants hereby answer Plaintiffs' Third Amended Class Action Complaint for Declaratory and Injunctive Relief ("TAC"), ECF No. 207.

The first four pages of the TAC include several unnumbered paragraphs and include a section bearing the heading "Nature of the Action." Those unnumbered paragraphs set forth Plaintiffs' characterization of their own action and largely set forth legal argument and rhetoric unnecessary and inappropriate for a complaint. Accordingly, Defendants are unable to admit or deny paragraphs containing such argument and rhetoric. To the extent the Court requires a response to such argument and rhetoric, Defendants respectfully reserve the right to amend this Answer.

1. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed necessary, Defendants deny this Court has subject-matter jurisdiction.

1

2.      This paragraph consists of legal conclusions, to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to whether "at least one of the Plaintiffs resides in this district," as the named plaintiffs are proceeding under pseudonyms and are unknown to Defendants.

3.      Defendants admit that J. Does 4, 7, 22, 27, and 28 were all employees or contractors with USAID as of January 20, 2025.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph with respect to J. Doe 30, as that plaintiff is proceeding under a pseudonym and has not yet been identified to Defendants.  Footnote four defines "employee" and "employed" as used in the TAC "to cover all USAID employees, including personal services contractors ('PSCs')."  Defendants object to that definition to the extent it conflates legally distinct employment statuses.

4.      This paragraph consists of legal conclusions, to which no response is required. The paragraph also contains an individual plaintiff's characterization of his or her own injuries, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

5.      This paragraph consists of legal conclusions, to which no response is required. The paragraph also contains an individual plaintiff's characterization of his or her own injuries, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

6.      This paragraph consists of legal conclusions, to which no response is required. The paragraph also contains an individual plaintiff's characterization of his or her own injuries, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

7.    This paragraph consists of legal conclusions, to which no response is required. The paragraph also contains an individual plaintiff's characterization of his or her own injuries, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

8.    This paragraph consists of legal conclusions, to which no response is required. The paragraph also contains an individual plaintiff's characterization of his or her own injuries, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

9.    This paragraph consists of legal conclusions, to which no response is required. The paragraph also contains an individual plaintiff's characterization of his or her own injuries, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, as J. Doe 30 is proceeding under a pseudonym and has not yet been identified to Defendants.

10.    Admit that, between January 20, 2025, and May 30, 2025, Mr. Musk served as a "special government employee" pursuant to 18 U.S.C. § 202.  The remainder of this paragraph is denied.

11.    This paragraph consists of Plaintiffs' characterization of an executive order, to which no response is required; but to the extent a response is deemed necessary, Defendants admit the first sentence of this paragraph and admit that the second sentence accurately quotes the executive order.  Defendants deny that the Executive Order states that "DOGE . . . shall terminate on July 4, 2026"; Section 3(b) of Executive Order 14158 states that the "U.S. DOGE Service Temporary Organization shall terminate on July 4, 2026."  Defendants respectfully refer

the Court to the cited executive order for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

12.     Defendants object to Plaintiffs use of the vague and ambiguous term "DOGE" to refer to distinct entities such as the United States DOGE Service ("USDS"), federal agencies, and individuals working at those agencies on the DOGE agenda as set forth in various executive orders.  Denied that Mr. Musk formally "directs" any governmental employee, either presently or at the time period encompassed by the Second Amended Complaint.  Defendants further deny that there exists any entity within the Executive Branch titled "the Department of Government Efficiency."

13.     The first sentence of this paragraph is denied to the extent it states the USAID "was created by Congress in 1961."  The second sentence of this paragraph consists of Plaintiffs' characterization of statute, to which no response is required; but to the extent a response is deemed necessary, Defendants admit that USAID is an "independent establishment" in the Executive Branch and deny that it is an "independent" agency.

14.     Admit

15.     Admit

16.     The first sentence of this paragraph is admitted.  Defendants admit that President Trump appointed Secretary Rubio to serve as Acting Administrator of USAID but lack knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence regarding when that fact was "publicly reported."

17.     The first sentence of this paragraph is admitted.  The second sentence of this paragraph consists of Plaintiffs' characterization of documents and testimony in this and other cases, to which no response is required.  Defendants refer the Court to those sources for a full

and accurate description of their respective contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants admit that Peter Marocco performed the duties of the Deputy Administrator of USAID beginning on January 30, 2025, and deny that Secretary Rubio's delegation of those duties occurred no earlier than February 2, 2025.

18.    Admit.

19.    Admit.

20.    Admit.

21.    This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

22.    This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

23.    This paragraph consists of Plaintiffs' reservation of right to seek amendment or modification of the class definition, to which no response is required.

24.    This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.

25.    This paragraph consists of legal conclusions, to which no response is required.

26.    This paragraph consists of legal conclusions, to which no response is required.

27.    This paragraph consists of legal conclusions, to which no response is required.

28.    This paragraph consists of legal conclusions, to which no response is required.

29.    This paragraph consists of legal conclusions, to which no response is required.

30.    Admit.

31.     This paragraph consists of Plaintiffs' description of a *Forbes Magazine* article. Defendants refer the Court to that news article for a full and accurate description of its contents and deny any characterization inconsistent therewith.

32.     This paragraph consists of Plaintiffs' description of an interview that occurred on the social media site X.  Defendants refer the Court to that interview for a full and accurate description of its contents and deny any characterization inconsistent therewith.

33.     This paragraph consists of Plaintiffs' description of a speech President Trump gave to the Economic Club of New York.  Defendants refer the Court to that speech for a full and accurate description of its contents and deny any characterization inconsistent therewith.

34.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

35.     This paragraph refers to posts on the social media sites Truth Social and X, which speaks for themselves. Defendants refer the Court to those posts for a full and accurate description of their contents and deny any characterization inconsistent therewith.

36.     This paragraph consists of Plaintiffs' description of a *Wall Street Journal* article. Defendants refer the Court to that article for a full and accurate description of its contents and deny any characterization inconsistent therewith.

37.     This paragraph consists of Plaintiffs' description of a statement by then President-elect Trump.  Defendants refer the Court to that statement for a full and accurate description of its contents and deny any characterization inconsistent therewith.

38.    This paragraph consists of Plaintiffs' description of a statement by Mr. Musk. Defendants refer the Court to that statement for a full and accurate description of its contents and deny any characterization inconsistent therewith.

39.    This paragraph consists of Plaintiffs' characterization of an executive order, to which no response is required. Defendants respectfully refer the Court to the cited executive order for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

40.    This paragraph consists of Plaintiffs' characterization of various executive orders, to which no response is required. Defendants respectfully refer the Court to the cited executive order for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

41.    This paragraph consists of Plaintiffs' description of various statements by President Trump. Defendants refer the Court to those statements for a full and accurate description of their contents and deny any characterization inconsistent therewith. This paragraph is denied to the extent it alleges that Mr. Musk is or was the administrator of USDS.

42.    This paragraph characterizes posts on the social media site X, press interviews, and legal filings in other cases. Defendants refer the Court to those statements for a full and accurate description of their contents and deny any characterization inconsistent therewith. To the extent a response is required, Defendants deny that Mr. Musk is or was the administrator of USDS.

43.    This paragraph is denied to the extent it alleges that Mr. Musk was the administrator of USDS and that Mr. Musk formally "direct[ed]" USDS operations. Defendants

admit that Mr. Musk reported directly to President Trump during Mr. Musk's tenure as an SGE and senior advisor to the President.

44.     The first sentence of this paragraph is admitted to the extent it alleges that it was announced on February 25, 2025, that Amy Gleason has been serving as the Acting Administrator of USDS.  Defendants otherwise deny the first sentence of this paragraph.  The second sentence consists of Plaintiffs characterization of statements made by White House Press Secretary Karoline Leavitt.  Defendants refer the Court to those statements for a full and accurate description of their contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants deny that Mr. Musk is or was the administrator of USDS.

45.     This first sentence of this paragraph characterizes legal filings by the Department of Justice and other undefined statements of unnamed administrative officials.   Defendants refer the Court to those statements for a full and accurate description of their contents and deny any characterization inconsistent therewith.  The second sentence of this paragraph characterizes the conclusions of this and other Courts.  Defendants refer the Court to those judicial decisions for a full and accurate description of their contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants deny that Mr. Musk is or was the administrator of USDS.

46.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is required, this paragraph is denied.

47.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  The second sentence of this paragraph characterizes a post on the social media site X.  Defendants refer the Court to that post for a full and accurate description of its contents and deny any characterization inconsistent therewith.

48.     This paragraph consists of Plaintiffs' description of various news articles and other "public reporting."  Defendants refer the Court to those articles for a full and accurate description of their contents and deny any characterization inconsistent therewith.  Defendants further state that it does not know what the terms "DOGE-affiliated individuals" or "DOGE members" means or who those terms refer to and thus lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph.

49.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

50.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is required, Defendants admit that Mr. Kliger was detailed to USAID.

51.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is required, Defendants admit that Mr. Farritor was detailed to USAID.

52.     Denied that Mr. Lewin is "a member of DOGE," insofar as that term is vague and ambiguous.  Admit that Mr. Lewin has performed duties at State and USAID.  The remainder of this paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

53.     Admit.

54.     This paragraph consists of Plaintiffs' characterization of an executive order, to which no response is required.  Defendants respectfully refer the Court to the cited executive

order for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

55.     This paragraph consists of Plaintiffs' characterizations of a statute and a report to Congress, to which no response is required.  Defendants respectfully refer the Court to the cited statute and report to Congress for complete and accurate statements of their respective contents and deny any characterization inconsistent therewith.

56.     This paragraph consists of legal conclusions, to which no response is required.

57.     This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

58.     This paragraph consists of Plaintiffs' characterization of a statute, to which no response is required.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any characterization inconsistent therewith.

59.     This paragraph consists of Plaintiffs' characterization of an executive order, a State Department directive, and a statement by Mr. Marocco to which no response is required. Defendants respectfully refer the Court to the cited executive order, directive, and statement for complete and accurate statements of their respective contents and deny any characterization inconsistent therewith.

60.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  Defendants otherwise state that they lack knowledge or information sufficient to form a belief as to the truth of these allegations in that they relate to agencies and their employees that are not Defendants to this lawsuit.

61.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  This paragraph characterizes and quotes from a document. Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants admit that the State Department and USAID reviewed USAID payments to ensure compliance with the President's Executive Orders.

62.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  Defendants otherwise state that they lack knowledge or information sufficient to form a belief as to the truth of these allegations in that they relate to agencies and their employees that are not Defendants to this lawsuit.

63.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  To the extent a response is required, Defendants admit that USAID leadership commenced a review of payments to USAID grantees to ensure compliance with law.

64.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  To the extent a response is required, Defendants admit that USAID authorized Mr. Kliger and Mr. Farritor to access unclassified USAID systems.

65.     Admit that Mr. Gray placed 58 USAID employees on administrative leave on January 27, 2025.  Defendants further admit that Mr. Cromer advised USAID leadership on personnel matters in his capacity as Deputy General Counsel of the U.S. Office of Personnel Management.

66.     The first sentence of this paragraph characterizes and quotes from a document. Defendants refer the Court to that document for a full and accurate description of its contents and

deny any characterization inconsistent therewith.  To the extent a response is required, Defendants admit that USAID leadership had begun disciplinary proceedings against certain USAID employees for alleged violations of the President's executive orders.  Defendants deny the second sentence of this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

67.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  To the extent a response is required, Defendants admit that USAID leadership had begun disciplinary proceedings against certain USAID employees for alleged violations of the President's executive orders.

68.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  To the extent a response is required, Defendants admit that USAID leadership discussed the possibility of a Reduction in Force within USAID in consultation with the U.S. Office of Personnel Management.

69.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  The third sentence of this paragraph characterizes a document. Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants admit that USAID leadership had begun disciplinary proceedings against certain USAID employees for alleged violations of the President's executive orders.  Defendants further admit that USAID leadership discussed the possibility of a Reduction in Force and disciplinary actions within USAID in consultation with the U.S. Office of Personnel Management.

70.     This paragraph characterizes a memorandum and quotes from and characterizes an email message.  Defendants refer the Court to those sources for a full and accurate description of their contents and deny any characterization inconsistent therewith.

71.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS and specifically deny that there was an "unauthorized physical takeover of USAID headquarters by DOGE."

72.     This paragraph characterizes public statements and sworn testimony in this and other cases.  Defendants refer the Court to those sources for a full and accurate description of their contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants admit that President Trump directed Secretary Rubio to perform the duties of USAID Administrator on January 30, 2025.

73.     This paragraph characterizes public statements, documents, and sworn testimony in this and other cases.  Defendants refer the Court to those sources for a full and accurate description of their contents and deny any characterization inconsistent therewith.  The second sentence of this paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that there was no person acting with the authority of Deputy Administrator during January 30 through February 2, 2025.

74.     Defendants admit that USAID removed signage bearing the agency's official seal from the Ronald Reagan Building on or about January 31, 2025.  Defendants otherwise deny the allegations in this paragraph.

75.     Defendants deny the first sentence of this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  Defendants admit the allegation in the first

sentence of this paragraph to the extent it alleges that the USAID website was taken offline on February 1, 2025.  Defendants admit the allegations in the second sentence of this paragraph.

76.    Defendants admit that USAID leadership granted access to certain USAID data systems.  Defendants deny that any relevant individual attempted to access a sensitive compartmented information facility or classified information without proper security clearance. Defendants further deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

77.    Defendants admit that USAID security officials refused to follow lawful instructions from superiors and USAID senior leadership to permit access to data systems that had been authorized.  Defendants deny that any relevant individual attempted to access a sensitive compartmented information facility or classified information without proper security clearance.  Defendants further deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

78.    Defendants admit that USAID security officials refused to follow lawful instructions from superiors and USAID senior leadership to permit access to data systems that had been authorized.  Defendants further admit that USAID placed several security officials on administrative leave for insubordination, a lack of candor in communications with senior leadership, and a loss of faith in their ability to perform their duties.  Defendants deny that any relevant individual attempted to access a sensitive compartmented information facility or classified information without proper security clearance.  Defendants further deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  The final sentence in this paragraph consists of Plaintiffs' speculation and characterizations rather than any allegation of fact and so no response is required.

79.    Defendants admit that USAID leadership granted access to certain unclassified USAID data systems.  Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

80.    Defendants admit that USAID leadership granted access to certain unclassified USAID data systems.  Defendants further admit that certain USAID security officials attempted to restrict access that USAID leadership had authorized.  Defendants deny that any relevant individual attempted to access a sensitive compartmented information facility or classified information without proper security clearance and deny that any access actions were unauthorized by USAID.  Defendants further deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

81.    Admit that USAID placed Mr. Vorhees and Mr. McGill on administrative leave on or about February 2, 2025.

82.    Admit that Matt Hopson resigned as Chief of Staff for USAID on or about January 31, 2025.

83.    Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  Defendants admit that on or about February 2, 2025, in connection with the placement of USAID employees on administrative leave and the termination of certain PSCs, USAID restricted the access of employees placed on administrative leave and PSCs whose contracts were to be terminated to government email and other government computer systems.

84.    Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of Mr. Musk or USDS.  Defendants admit that public-facing listings of USAID's Automated Directive System were removed from the internet due to USAID's public

website being taken down, but deny that any information was "deleted."  Defendants deny that USAID's classified computer systems were "dismantled."

85.    Admit that on or about February 2, 2025, USAID initiated the termination of the contracts of approximately 791 individual PSCs.

86.    This paragraph quotes from and characterizes an email message.  Defendants refer the Court to that message for a full and accurate description of its contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants admit that Mr. Kliger sent the cited email at the direction of USAID leadership.

87.    This paragraph characterizes a post on the social media site X.  Defendants refer the Court to that post for a full and accurate description of its contents and deny any characterization inconsistent therewith.

88.    This paragraph characterizes and quotes various public statements and posts on the social media site X.  Defendants refer the Court to those sources for a full and accurate description of their contents and deny any characterization inconsistent therewith.  Defendants further deny this paragraph in that it characterizes alleged activities within agencies as activities of Mr. Musk.

89.    This paragraph characterizes a letter.  Defendants refer the Court to that letter for a full and accurate description of its contents and deny any characterization inconsistent therewith.  Defendants otherwise state that this paragraph fails to state a fact relevant to Plaintiffs' claims for relief.

90.    Admit that Jeremy Lewin was the DOGE team lead for USAID in or about February 2025.

91.    Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  This paragraph is otherwise denied.

92.    This paragraph characterizes statements made at a joint press conference on February 11, 2025, and requires no response.  Defendants refer the Court to that press conference for a full and accurate description of its contents and deny any characterization inconsistent therewith.

93.    This paragraph characterizes a post on the social media site X.  Defendants refer the Court to that post for a full and accurate description of its contents and deny any characterization inconsistent therewith.  Defendants admit that certain USAID staff and contractors who had previously worked in the Ronald Reagan building were not permitted to enter it on February 7, 2025.

94.    Admit.

95.    This paragraph characterizes a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  To the extent a response is required, admit that USAID sought to place approximately 2,104 additional USAID employees on administrative leave beginning on 11:59 p.m. on Friday, February 7, 2025, but did not do so at that time because of a temporary restraining order in *American Foreign Service Ass'n v. Trump*, No. 1:25-cv-352, 2025 WL 435415 (D.D.C. Feb. 7, 2025).

96.    This paragraph characterizes certain judicial orders.  Defendants refer the Court to those orders for a full and accurate description of their respective contents and deny any characterization inconsistent therewith.

97.     This paragraph characterizes a report from the USAID Office of Inspector General.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.

98.     Defendants admit that USAID provided employees serving overseas who were to be placed on administrative leave the option to return to the United States within 30 days at the government's expense.  Defendants deny that USAID required any employee to return within 30 days.

99.     This paragraph characterizes a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  Defendants admit that Mr. Lewin drafted memoranda for Secretary Rubio's approval recommending USAID terminate certain USAID contracts.

100.    This paragraph characterizes a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  Defendants further deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  Defendants admit that Mr. Lewin drafted memoranda for Secretary Rubio's approval recommending USAID terminate certain USAID contracts and communicated with other USAID employees about those termination decisions.

101.    This paragraph characterizes a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  Defendants admit that Mr. Lewin advised other USAID employees to comply with Secretary Rubio's decisions to terminate awards without supplemental policy reviews.

102.    The first sentence of this paragraph characterizes the contents of "public reports," which phrase is unduly vague and accordingly Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent such "public reports" can be identified, Defendants refer the Court to those reports for a full and accurate description of their contents and deny any characterization inconsistent therewith.  The second sentence is admitted.

103.    This paragraph characterizes a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.

104.    This paragraph characterizes and quotes a public statement made by video at the World Governments Summit on February 13, 2025.  Defendants refer the Court to that statement for a full and accurate description of its contents and deny any characterization inconsistent therewith.

105.    This paragraph characterizes a judicial decision.  Defendants refer the Court to that decision for a full and accurate description of its contents and deny any characterization inconsistent therewith.

106.    Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.  Defendants further deny that USAID's Phoenix payment system has been rendered inoperable.

107.    This paragraph characterizes and quotes a public statement made at the Future Investment Initiative Institute Priority Summit on February 19, 2025.  Defendants refer the Court to that statement for a full and accurate description of its contents and deny any characterization inconsistent therewith.

108.    This paragraph characterizes a "post."  Defendants refer the Court to that post for a full and accurate description of its contents and deny any characterization inconsistent therewith.

109.    Admit that, in or around February 2025, USAID approved the termination of approximately 800 PSCs.

110.    This paragraph characterizes a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  Defendants admit that the cited document was posted on the USAID website, as authorized by USAID leadership.

111.    This paragraph characterizes and quotes from a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.

112.    This paragraph characterizes and quotes from a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of Mr. Musk or USDS.  Defendants admit that USAID leadership authorized the transmission of the described notices.

113.    This paragraph characterizes the contents of approximately 5,700 termination notices.  Defendants refer the Court to those documents for a full and accurate description of their contents and deny any characterization inconsistent therewith.  Defendants admit that, after completing its review, USAID discontinued approximately 5,341 awards and retained approximately 898 as of March 2025.

114.    Admit.

115.    Admit that as of approximately March 2, 2025, the Bureau for Global Health had approximately 67 employees on active duty.

116.    This paragraph characterizes a post on the social media site X.  Defendants refer the Court to that post for a full and accurate description of its contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants admit that, as of March 2025, USAID discontinued approximately 5,341 USAID awards and retained approximately 898 active programs.

117.    Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

118.    Admit.

119.    This paragraph characterizes unspecified "public reports" about the actions of "unnamed Trump Administration officials" which phrases are unduly vague and accordingly Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent such "public reports" can be identified Defendants refer the Court to those "public reports" for a full and accurate description of their contents and deny any characterization inconsistent therewith.  This paragraph also quotes from and characterizes a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.

120.    This paragraph characterizes and quotes from a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.

121.    The second sentence of this paragraph characterizes and quotes from a document. Defendants refer the Court to that document for a full and accurate description of its contents and

deny any characterization inconsistent therewith.  Defendants otherwise deny that their plans would limit USAID to approximately 15 positions and further state that as of March 9, 2026, USAID employed approximately 82 persons.

122.    This paragraph characterizes certain documents.  Defendants refer the Court to those documents for a full and accurate description of their contents and deny any characterization inconsistent therewith.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of this paragraph.

123.    This paragraph characterizes and quotes from a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.  The fourth sentence of this paragraph is denied.

124.    This paragraph characterizes and quotes from a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.

125.    The first sentence of this paragraph is a legal conclusion, to which no response is required.  To the extent a response is required, this sentence is denied.  The remainder of this paragraph Secretary Rubio's public statements and other unspecified "public" reporting, which speak for themselves.  Defendants refer the Court to those sources for a full and accurate description of their contents and deny any characterization inconsistent therewith.

126.    The first clause of the first sentence in this paragraph consists of legal conclusions to which no response is required. The remainder of this paragraph characterizes and quotes from a document.  Defendants refer the Court to that document for a full and accurate description of its contents and deny any characterization inconsistent therewith.

127.   This paragraph consists of legal conclusions to which no response is required.

128.   Defendants incorporate by reference their responses to the preceding paragraphs.

129.   This paragraph consists of legal conclusions to which no response is required.

130.   This paragraph consists of legal conclusions to which no response is required.

131.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that USAID closed its headquarters and took other actions under the authorization or ratification of Secretary Rubio during the time period covered by the TAC and otherwise deny the allegations in this paragraph.

132.   This paragraph consists of legal conclusions to which no response is required.

133.   Defendants incorporate by reference their responses to the preceding paragraphs.

134.   This paragraph consists of legal conclusions to which no response is required.

135.   This paragraph consists of legal conclusions to which no response is required.

136.   This paragraph consists of legal conclusions to which no response is required.

137.   This paragraph consists of legal conclusions to which no response is required.

138.   This paragraph consists of legal conclusions to which no response is required.

139.   This paragraph consists of legal conclusions to which no response is required.

140.   This paragraph consists of legal conclusions to which no response is required.

141.   This paragraph sets forth Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief that they seek or to any other relief in this action.

Defendant further denies all allegations in Plaintiffs' complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims fall outside the scope of this Court's subject-matter jurisdiction.

2.      Plaintiffs fail to state a claim on which relief can be granted.

3.      All exercises of significant authority challenged in this case were either authorized or ratified by a duly appointed Officer of the United States.


Dated: March 19, 2026                         Respectfully submitted,

                                              BRETT A. SHUMATE
                                              Assistant Attorney General, Civil Division

                                              DIANE KELLEHER
                                              Director, Federal Programs Branch

                                              CHRISTOPHER R. HALL
                                              Assistant Branch Director, Federal Programs Branch

                                              */s/ Jacob S. Siler*
                                              JACOB S. SILER (DC Bar No. 1003383)
                                              CHRISTOPHER M. LYNCH
                                                (DC Bar No. 1049152)
                                              JAMES J. WEN (NY Bar No. 5422126)

                                              *By Special Appearance*
                                              Trial Attorneys
                                              U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street NW
                                              Washington, DC 20005
                                              Phone: (202) 353-4556
                                              Email: jacob.s.siler@usdoj.gov

                                              *Attorneys for Defendants*