

May 18, 2026

The Honorable Theodore D. Chuang, U.S. District Judge
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770
(301) 344-3982

> **Re:**    ***Doe v. Musk,* 25-CV-00462, Request for Case Management Conference to Resolve Discovery-Related Issues**

Dear Judge Chuang,

Plaintiffs respectfully submit this letter to raise two additional discovery disputes for discussion at the Case Management Conference ("CMC") scheduled for May 21, 2026: (1) Defendants' deficient written discovery responses and (2) Defendants' improper assertions of privilege during depositions and in document productions. The Parties have discussed both issues but have been unable to resolve them.

First, Defendants continue to provide incomplete and deficient discovery responses despite repeated meet and confer efforts and written correspondence. Plaintiffs identified numerous deficiencies and raised them with Defendants, including but not limited to incomplete and evasive interrogatory responses; failure to produce complete C-CURE access logs and related access control records; and purported knowledge gaps regarding key factual issues and agency practices. For example, on October 7, 2025, Plaintiffs submitted an interrogatory to Defendants U.S. Department of State and Secretary Rubio asking to:

> Identify the individual(s) who made the decision to shut down USAID's website, which occurred on or about February 1, 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

Defendants' November 12, 2025 response failed to identify the decision-maker:

> Gavin Kliger effectuated the changes to the USAID website on or about February 1, 2025, in consultation with USAID leadership including Kenneth Jackson, who was then performing the duties of Assistant to the Administrator for Management and Resources. Since that time, both Secretary of State Rubio and Director of the Office of Management and Budget Russell Vought have been notified that the USAID website has been down and have not taken action to restore it.

This response identifies who performed the act—and with whom he consulted to do so—without identifying the actual decisionmaker. *Cf. Am. Council of Learned Societies v. Nat'l Endowment of the Humanities*, 25-cv-3657, at 78 (S.D.N.Y. May 7, 2026) (finding that DOGE made the decision to illegally terminate NEH grants: "The appearance of Chairperson McDonald's name on the termination letters does not alter the substance of what occurred.  Fox, not McDonald, drafted and sent the termination notices under McDonald's name.").

Plaintiffs detailed these and similar deficiencies in a letter sent to Defendants on April 15, 2026. The Parties met and conferred regarding the deficiencies but were unable to reach a resolution. Additionally, Defendants refused to respond to Plaintiffs' Requests for Production and Interrogatories directed to Defendant Jeremy Lewin, claiming they were outside the scope of discovery.

Second, Plaintiffs seek to address Defendants' assertions of privilege, specifically assertions of deliberative process privilege and presidential communications privilege during depositions and in document productions. Among other issues, Defendants' assertions reflect overly expansive interpretations of the privileges; lack sufficient information for Plaintiffs to determine whether the privilege applies; and, as to redacted information in documents, are not included on privilege logs. Based on the limited information available, Plaintiffs believe that much of this information goes to questions at the heart of this litigation. The Parties also disagree as to the proper procedure for invoking the deliberative process privilege.

Plaintiffs intend to move the Court to compel production of certain testimony, documents, and information but hope to narrow or resolve the issues in dispute during the CMC.

Plaintiffs seek to resolve these discovery disputes in furtherance of exhausting all available discovery mechanisms before again pursuing depositions of Elon Musk, Jeremy Lewin, and Peter Marocco, pursuant to the Fourth Circuit's instruction. *See In re Elon Musk*, No. 26-1160, Order, ECF No. 22 (4th Cir. Mar. 4, 2026).

Since the Fourth Circuit's ruling, Plaintiffs have pursued additional written discovery, conducted Rule 30(b)(6) depositions, taken depositions of lower-ranking officials, identified deficiencies, served detailed correspondences related to these deficiencies, and conducted extensive meet and confers in order to exhaust alternative means to obtain discovery, as the Fourth Circuit instructed. However, the key questions in this litigation remain unanswered: who made the decision to shut down USAID? Who made the decision to cede occupancy of USAID headquarters, shut down its website, and place virtually all its employees on administrative leave? Defendants cannot obstruct Plaintiffs' ability to depose the only individuals with actual knowledge (Elon Musk, Jeremy Lewin, and Peter Marocco), prohibit depositions of other high-level officials (Steve Davis and Kenneth Jackson), and at the same time refuse to adequately and comprehensively respond to written

discovery. If Plaintiffs are to exhaust all available discovery prior to deposing Messrs. Musk, Lewin, and Marocco, those alternatives must be available to Plaintiffs.

Accordingly, Plaintiffs request that the Parties discuss these additional discovery disputes with the Court during the CMC on May 21 to determine whether these disputes can be resolved without motion practice or, alternatively, whether Plaintiffs should be granted leave to file a motion to compel.

Respectfully submitted,

/s/ Andrew Warren

Norman L. Eisen [09460]

Tianna J. Mays [21597]

Andrew H. Warren*

**DEMOCRACY DEFENDERS FUND**

600 Pennsylvania Avenue SE, Suite 15180

Washington, DC 20003

Tel: (202) 594-9958

Norman@democracydefenders.org

Tianna@democracydefenders.org

Andrew@democracydefenders.org

Mimi Marziani*

Rebecca (Beth) Stevens*

Joaquin Gonzalez*

**MARZIANI, STEVENS &**
**GONZALEZ PLLC**

500 W. 2nd Street, Suite 1900

Austin, TX 78701

Tel: (210) 343-5604

mmarziani@msgpllc.com

bstevens@msgpllc.com

jgonzalez@msgpllc.com

Richard M. Heimann*

Nicole M. Rubin [30711]

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

275 Battery Street, 29th Floor

San Francisco, CA 94111

Tel: (415) 956-1000

rheimann@lchb.com

nrubin@lchb.com

*Attorneys for Plaintiffs*

*Admitted pro hac vice

3