## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J. DOE 4, *et al.*,<br><br>                    *Plaintiffs,*<br><br>          v.<br><br>U.S. DOGE Service, *et al.*,<br><br>                    *Defendants.* | )<br>)<br>)<br>)<br>)   Case No. 8:25-cv-00462-TDC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## EMERGENCY MOTION FOR PROTECTIVE ORDER

Third-party witness Luke Farritor, through undersigned counsel, respectfully moves on an emergency basis for a protective order to prevent the video recording of his deposition in the above-captioned matter, currently scheduled to take place tomorrow, June 2, 2026, at 10:00 a.m.

On Thursday, May 28, 2026, counsel for Plaintiffs filed over 700 pages of unredacted exhibits, including deposition transcripts, on the public docket. Those transcripts included sensitive information, including the home address an of another witness, Gavin Kiger, that was designated as confidential under the Court's Protective Order, ECF No. 185. Plaintiffs' apparent disregard for the confidentiality of certain witnesses stands in stark contrast to the protections Plaintiffs have sought for themselves in this litigation, including proceeding pseudonymously. Counsel for Mr. Farritor learned about the improper disclosure of confidential information from counsel for Defendants on Sunday, May 31.

Given Plaintiffs' clear violation of the terms of this Court's Order, Mr. Farritor has grave concerns about Plaintiffs' conduct in this litigation and their diligence in maintaining confidentiality. Mr. Farritor has already been the victim of a relentless campaign of harassment

related to his public service. As explained in Mr. Farritor's accompanying declaration, he has received hundreds of death threats since February 2025 as well as thousands of harassing comments online, including attacks on his family. *See* Declaration of Luke Farritor (attached as Exhibit 1).

Because of that troubling history, and the real threat to his personal safety, Mr. Farritor respectfully asks that the Court prohibit Plaintiffs from video recording the deposition currently scheduled for tomorrow. Video of the deposition, if made public, would likely further contribute to the campaign of harassment and threats of violence against Mr. Farritor. Although the Federal Rules of Civil Procedure generally allow video recording of depositions, it is well within the Court's power to enter a protective order to prevent such recording for good cause, as exists here. *See* Fed. R. Civ. P. 26(c)(1)(C); *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986). Particularly because Mr. Farritor is not a party to this litigation, there is good cause to support the requested relief. Plaintiffs will not be prejudiced by the requested relief, as Mr. Farritor's complete testimony would still be captured by a transcript.

In the alternative, Mr. Farritor respectfully requests that the Court postpone the deposition currently scheduled for June 2 by two weeks, until June 16 or another day thereafter of Plaintiffs' choosing, so that Mr. Farritor may seek further relief from this Court to ensure Plaintiffs' compliance with the Protective Order. The requested additional time would not prejudice Plaintiffs, as the rescheduled deposition would still be well within the current discovery period ending June 30.

After learning about Plaintiffs' disclosure of information covered by the Protective Order, counsel for Mr. Farritor conferred in good faith with Plaintiffs' counsel regarding the requested relief to attempt to resolve this dispute without court action. Plaintiffs are unwilling to forego

video recording Mr. Farritor's deposition, or to agree to postpone the deposition scheduled for tomorrow.

The undersigned has conferred with counsel for Defendants regarding the relief set forth in this motion and have been authorized to convey the following on Defendants' behalf: "Counsel for Defendants support Mr. Farritor's requested relief. In addition to the above-listed confidential information, Plaintiffs' filing at ECF 226-1 also included documents produced in this litigation that were stamped confidential pursuant to the terms of the Protective Order. Defendants are equally concerned about this clear violation of the Court's order. That Plaintiffs failed to protect multiple documents in a single filing reflects a striking disregard for the protection of Defendants and their current and former employees and indicates that the Protective Order—and Plaintiffs' presumed compliance therewith—alone are not sufficient protections and that heightened restrictions are necessary going forward."

Dated: June 1, 2026

Respectfully submitted,

 /s/ Bradley P. Humphreys
Bradley P. Humphreys
(MD Bar No. 2511181017)
KING STREET LEGAL, PLLC
800 Connecticut Avenue, NW, Suite 300
Washington, DC 20006
Tel: (202) 455-5802
brad@kingstlegal.com

*Counsel for Luke Farritor*

3