**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4 *et al.*, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELON MUSK *et al.*,<br><br>    Defendants. | Civil Action No. 25-0462-TDC |

**OPPOSITION TO THIRD-PARTY WITNESS LUKE FARRITOR'S**
**EMERGENCY MOTION FOR PROTECTIVE ORDER**

Earlier today, third-party witness Luke Farritor filed an emergency motion for a protective order to prevent the video recording of his deposition, scheduled to begin tomorrow morning, June 2, 2026. For the reasons set forth below, the motion is no longer an exigency and, in any event, should be denied on the merits.

**<u>BACKGROUND</u>**

1.  Luke Farritor is a member of the DOGE team who operated at USAID during, at least, the period from January through March of 2025 that is critical to the issue in this matter.

2.  Plaintiffs attempted to serve Farritor with a subpoena for testimony and documents on six different occasions between November 6, 2025 and February 26, 2026, before filing an Unopposed Motion for Alternative Service. *See* ECF No. 206 and 206-1.

3.  On March 26, 2026, this Court granted Plaintiffs' Unopposed Motion for Alternative Service for Farritor. ECF No. 215.

4. On April 22 and 23, 2026, Plaintiffs served Farritor with a subpoena at two different locations via certified mail, in accordance with the Court's Order. The subpoena compelled Farritor to appear and produce documents for a deposition on May 5, 2026.

5. On April 29, 2026, Farritor's counsel contacted Plaintiffs' counsel via email, stating that he was recently engaged to represent Farritor and asking to extend the deposition to late May or early June.

6. On April 30, 2026, Farritor's counsel and Plaintiffs' counsel telephonically met and conferred regarding the deposition. They tentatively set the deposition for May 27, 2026, pending Defendants' availability. Farritor's counsel asked that Plaintiffs forego videotaping the deposition. In return, Farritor would be willing to travel to Washington, DC for the deposition, rather than have it occur where he resides in Palo Alto, California.

7. On May 4, 2026, Plaintiffs' counsel informed Farritor's counsel that Plaintiffs would not agree to forego videotaping the deposition, because every other deposition in this matter had been videotaped and there was no reason to depart from that practice for Farritor. Plaintiffs' counsel agreed to proceed with the videotaped deposition in Palo Alto, California on May 27.

8. On May 5, 2026, Farritor's counsel informed Plaintiffs' counsel that Farritor would prefer to travel to Washington, D.C. for the deposition, rather than sitting for the deposition in Palo Alto, and asked Plaintiffs' counsel to delay the deposition until the week of June 1, 2026. Plaintiffs' counsel agreed. Farritor's counsel also raised the possibility of seeking a new protective order preventing posting the deposition video online.

9. On May 6 and 7, 2026, Plaintiffs' counsel and Farritor's counsel finalized the deposition for Tuesday, June 2, 2026 at 10 a.m. in Washington, DC. Plaintiffs' counsel informed

Farritor's counsel that Plaintiffs had no intention of posting the deposition video online, had not done so with any other deposition in the case, and did not see any reason for an additional protections—while inviting Farritor's counsel to seek a new protective order if he felt it necessary. Farritor's counsel did not raise this issue with Plaintiffs' counsel again.

10. On May 29, 2026, Farritor's counsel informed Plaintiffs' counsel that Farritor had no documents responsive to the subpoena, and the Parties re-confirmed the deposition would occur on June 2.

11. On May 28, 2026, Plaintiffs filed a Motion for Leave to Depose Kenneth Jackson and Steve Davis. ECF No. 226. In support of their motion, Plaintiffs filed a 720-page attachment (ECF No. 226-1) consisting of 15 exhibits: six original source documents, three sets of interrogatory responses, and six deposition transcripts.

12. On May 31, 2026, Defendants informed Plaintiffs that certain exhibits, including one deposition transcript, were not properly redacted according to the applicable Protective Order (ECF No. 185). Defendants asked Plaintiffs to take immediate action to have them removed from the public docket. Plaintiffs promptly responded by acknowledging that the filing of any materials which should have been redacted was inadvertent and stating they would contact the clerk when the Court opened on June 1, to remove the attachment until redacted exhibits could be refiled.[1] Earlier this morning, Plaintiffs contacted the clerk, who confirmed the attachment was removed from the public docket.[2]

---

[1] Plaintiffs redacted the full versions of the deposition transcripts prior to filing ECF No. 226 but instead filed the miniscript versions, consistent with the Court's standing order, which had not been redacted.
[2] The publicly available CourtListener.com docket has not downloaded ECF No. 226-1, the attachment containing the exhibits.

13. The information arguably subject to the Protective Order consists of Gavin Kliger's address, which is seven lines on one page of his deposition transcript, and email addresses and/or phone numbers of current and former government employees in three of the six original source document exhibits.

14. On May 31, 2026, Farritor's counsel contacted Plaintiffs' counsel regarding the filing of the unredacted portion of Kliger's transcript and asked to postpone Farritor's deposition. In response, Plaintiffs' counsel said they would have the filing taken down promptly. However, Plaintiffs were not willing to reschedule the deposition because (i) Plaintiffs' counsel attempted to serve Farritor six times over several months and ultimately had to file a motion for alternative service to serve the deposition subpoena; (ii) Plaintiffs agreed to postpone the deposition at Farritor's request twice after serving him; (iii) the briefing schedule for the motion to depose Jackson and Davis expressly contemplates the deposition occurring as scheduled; (iv) Plaintiffs' counsel were in the process of traveling to the deposition when Farritor requested the third postponement; and (v) Farritor did not provide any reason why the redaction issue required delaying his deposition.

15. On June 1, 2026, upon receiving Farritor's motion for a protective order, Plaintiffs proposed—and Farritor's counsel agreed—to direct the court reporter not to share the videotaped deposition with the Parties until the motion is resolved. This agreement eliminates any claimed exigency.

## **ARGUMENT**

In his motion, Farritor contends that Plaintiffs' filing the Gavin Kliger deposition transcript without redaction justifies prohibiting videotaping his deposition.

4

Rule 26(c) authorizes a court, "for good cause," to issue an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). "[T]he standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank*, N.A., 258 F.R.D. 118, 125 (D. Md. 2009). A protective order "requires the moving party to demonstrate 'good cause.'" *Id.* at 124, Therefore, "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id*. (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035 (2d ed. 2009)). Farritor does not demonstrate good cause, and his argument fails for several reasons.

First, Defendants did not designate Kliger's deposition transcript as confidential pursuant to the Protective Order, which states that portions of a deposition "shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days of the receipt of the transcript." ECF No. 185, §1(b). Kliger's deposition occurred on January 6, 2026. The parties received the transcript on January 15, 2026. Neither Defendants nor Kliger designated the transcript confidential at the time or within the seven-day period. In April 2026, Plaintiffs contacted Defendants regarding their overly-broad designations of confidentiality regarding documents. While conferring to resolve that issue, on April 17, 2026, Defendants informed Plaintiffs that they designated the seven lines from Kliger's deposition transcript listing his address (as well as two lines from another deposition transcript listing the witness's phone number) as confidential. Plaintiffs did not object to these designations. Plaintiffs' inadvertent filing of the unredacted Kliger transcript does not, as Farritor alleges, demonstrate any disregard for witness confidentiality. To the contrary, Plaintiffs' respect for confidentiality is reflected by their willingness to accept designations of confidentiality not made in compliance with the

Protective Order, their decision and agreement not to post deposition videos online, and their prompt efforts to remedy the recent filing error.

Second, there is no connection between the inadvertent filing of Kliger's deposition transcript and any purported harm to Farritor arising from videotaping his deposition. Farritor has not made the particularized showing of a "clearly defined, specific and serious injury" required by Rule 26(c). *The Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-CV-3657 (CM), 2026 WL 810422, at *7 (S.D.N.Y. Mar. 23, 2026). Farritor's opposition to videotaping appears to stem from considerations wholly independent of Plaintiffs' inadvertent failure to redact Kliger's address from his deposition transcript. Notably, his emergency motion does not request that the deposition transcript be pre-designated as confidential or seek any comparable prophylactic relief that would address concerns related to the filing of unredacted material. Instead, Farritor relies on an unrelated filing error as a basis to avoid videotaping, despite the absence of any direct connection to him.

Third, the relief Farritor requests is neither necessary nor tailored to the harm he seeks to prevent. Neither postponement of the deposition nor a prohibition on videotaping is warranted. In this matter, the parties have typically received the transcript and video approximately two weeks after the deposition's completion. Especially because the parties have agreed not to receive the deposition video until after this motion is resolved, the deposition may proceed as scheduled with videotaping, and the Court can address a motion for additional protective measures—relief Farritor previously indicated he might seek but declined to pursue—before the video is received.

Plaintiffs agree that any threats Farritor may have received to his safety are unacceptable. However, Rule 26(c) requires Farritor to show a "clearly defined, specific and serious injury" that would occur absent a protective order, and that showing has not been made. "There are laws

against threats and harassment; the Government and its witnesses have every right to ask law enforcement to take action against those who engage in such conduct, by enforcing federal prohibitions on interstate threats and cyberstalking, *see, e.g.*, 18 U.S.C. §§ 875(c), 2261A, as well as comparable state laws." *Nat'l Endowment for the Humanities*, 2026 WL 810422, at *10. But "Rule 26(c) is not a substitute for those remedies." *Id.*

## CONCLUSION

For the reasons provided herein, Plaintiffs submit the Court should deny Farritor's motion for a protective order.

Respectfully submitted,

*/s/ Norman L. Eisen*
Norman L. Eisen [9112170186]
Andrew H. Warren*
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS &**
**GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin [30711]
Lucas E. Issacharoff*
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**

275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com
lissacharoff@lchb.com

*Attorneys for Plaintiffs*
*Admitted pro hac vice

8