# EXHIBIT INDEX

| Exhibit # | Exhibit Title | Reference Page(s) |
|---|---|---|
| 16 | Standard Form-50, Notification of Personnel Action, for Kenneth Stringer Jackson | 2, 3, 16 |
| 17 | 02/02/2025 Appointment of Peter Marocco as an Officer and Delegation of Authority, DOE4vUSDS_000574-000575 | 2, 5, 17 |
| 18 | 01/30/2025 Order, DOE4vUSDS_000569 | 2, 17 |
| 19 | 03/18/2025 Appointment of Jeremy Lewin and Kenneth Jackson as Officers and Delegations of Authority, DOE4vUSDS_000570-000573 | 3, 5, 17 |
| 20 | Steven Davis Job Details | 3 |
| 21 | 02/12/2025 Fwd:FW: Investigative Leave Notice for Four Rogue Employees, DOE4vUSDS_000583-000584 | 11 |
| 22 | 02/06/2025 FW: URGENT DRAFT USAID GUIDANCE, DOE4vUSDS_008836-008845 | 12 |
| 23 | Defs.' Objections & Responses to Pls.' 1st Set of Int. to Def. United States Agency for International Development (Jan. 15, 2025) | 15 |
| 24 | 01/31/2025 Fwd: Physical and Logical Administration for Gavin, DOE4vUSDS_000602-000603 | 15, 16 |
| 25 | 01/31/2025 Fwd: Authorization for Access Control Information, DOE4vUSDS_001774-001777 | 16 |
| 26 | 02/02/2025 FW: Action Memo to Secretary Rubio Regarding USAID Personal Services Contractors (JPL 2-2 345pm), DOE4vUSDS_000648-000652 | 17 |
| 27 | Pls.' Notice of Intent to Take the Deposition of the United States Agency for International Development Pursuant to Fed. R. Civ. P 30(b)(6) (Mar. 6, 2026) | 18 |
| 28 | Pls.' Notice of Intent to Take the Deposition of the United States Department of State Pursuant to Fed. R. Civ. P 30(b)(6) (Mar. 6, 2026) | 18 |
| 29 | 10/24/2025 Delegation of Authority | 3 |
| 30 | Declaration of Adam Korzeniewski (June 4, 2025) | 2, 12, 14 |

# Exhibit 16

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296−33, Subch. 4

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) JACKSON, KENNETH STRINGER | 2. Social Security Number | 3. Date of Birth | 4. Effective Date 02/12/2025 |
|---|---|---|---|

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5−A. Code 002 | 5−B. Nature of Action CORRECTION | 6−A. Code 881 | 6−B. Nature of Action FEGLI CHG |
| 5−C. Code | 5−D. Legal Authority | 6−C. Code DPM | 6−D. Legal Authority 5 U.S.C.CHAPTER 87 |
| 5−E. Code | 5−F. Legal Authority | 6−E. Code | 6−F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number SENIOR ADVSR 66895409  41467 |
|---|---|

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization U.S. AGENCY FOR INT'L DEVELOPMENT WASHINGTON A/AID A/AID/IO AM AM1001000100000000   PP 04 2025 |
|---|---|

## EMPLOYEE DATA

| 23. Veterans Preference 1 − None   3 − 10−Point/Disability   5 − 10−Point/Other 2 − 5−Point   4 − 10−Point/Compensable   6 − 10−Point/Compensable/30% | 24. Tenure 3  0 − None   2 − Conditional 1 − Permanent   3 − Indefinite | 25. Agency Use | 26. Veterans Preference for RIF YES    NO |
|---|---|---|---|
| 27. FEGLI WAIVED | 28. Annuitant Indicator | | 29. Pay Rate Determinant NOT APPLICABLE |
| 30. Retirement Plan FERS (FRAE) | 31. Service Comp. Date (Leave) | 32. Work Schedule F  FULL TIME | 33. Part−Time Hours Per Biweekly Pay Period |

## POSITION DATA

| 34. Position Occupied 2   1 − Competitive Service   3 − SES General   2 − Excepted Service   4 − SES Career Reserved | 35. FLSA Category E − Exempt  N − Nonexempt | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 38. Duty Station Code | 39. Duty Station (City − County − State or Overseas Location) | | |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|

**45. Remarks**
CORRECTS ITEM 31 FROM  01/20/2025.
CHANGES SCD FROM  10/15/23  TO REFLECT PREVIOUSLY UNCLAIMED SERVICE.

| 46. Employing Department or Agency US AGENCY FOR INTERNATIONAL DEVELOPMENT | 50. Signature/Authentication and Title of Approving Official ELECTRONICALLY SIGNED BY: |
|---|---|
| 47. Agency Code AM00 | 48. Personnel Office ID 2959 | 49. Approval Date 02/26/2025 | WILLIAM MALYSZKA CHIEF HUMAN CAPITAL OFFICER |

5−Part 50−316

**2 - OPF Copy - Long-Term Record - DO NOT DESTROY**

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540−01−333−6238

# Exhibit 17

## Appointment of Peter Marocco as an Officer

By virtue of the authority vested in the Administrator of USAID by the laws of the United States, including 5 U.S.C. §§ 301, 2104, 2105 and 3101, and Section 625(a) of the Foreign Assistance Act, I hereby appoint Peter Marocco as an officer of the United States.

02 / 02 / 2025
_____
Date

_____
Marco Rubio
Acting Administrator

DOE4vUSDS_000574

**U.S. Agency for International Development**
**Delegation of Authority No. ___**

**Delegation of Authority**
**Authorities of the Deputy Administrator for Policy and Programming, the Deputy Administrator for Management and Resources, and Chief Operating Officer**

By virtue of the authority vested in the Administrator of the U.S. Agency for International Development by the laws of the United States, including section 621(a) of the Foreign Assistance Act, I hereby delegate to Peter Marocco, to the extent authorized by law, all authorities vested in or delegated to the Deputy Administrator for Policy and Programming, the Deputy Administrator for Management and Resources, and the Chief Operating Officer, enumerated in Automated Directives System (ADS) 103.3.4.1, 103.3.4.2, and 103.3.4.3.

The Administrator may exercise any function or authority delegated herein. The authorities delegated herein may be re-delegated, to the extent authorized by law. This delegation of authority does not modify any delegation of authority currently in effect.

This delegation will expire as to each authority upon the entry upon duty of a subsequently appointed principal to serve in the respective position, unless sooner revoked.

02 / 02 /2025
_____
Date

_____
Marco Rubio
Acting Administrator

DOE4vUSDS_000575

# Exhibit 18

O R D E R

– – – – –

Pursuant to the Constitution and the laws of the

United States, including but not limited to 5 U.S.C. 3345 *et*

*seq.*, I hereby direct the following individual to perform

the functions and duties of the indicated position in an

acting capacity until the position is filled by appointment.

Marco Rubio    Administrator of the United States Agency for
International Development



THE WHITE HOUSE,

January 30, 2025

DOE4vUSDS_000569

# Exhibit 19

## Appointment of Jeremy Lewin as an Officer

By virtue of the authority vested in the Administrator of USAID by the laws of the United States, including 5 U.S.C. §§ 301, 2104, 2105 and 3101, and Section 625(a) of the Foreign Assistance Act, I hereby appoint Jeremy Lewin as an officer of the United States.

3/18/2025

Date

Marco Rubio
Acting Administrator

DOE4vUSDS_000570

**U.S. Agency for International Development**
**Delegation of Authority No. ___**

## Delegation of Authority
### Authorities of the Deputy Administrator for Management and Resources

By virtue of the authority vested in the Administrator of the U.S. Agency for International Development by the laws of the United States, including section 621(a) of the Foreign Assistance Act, I hereby delegate to Kenneth S. Jackson, to the extent authorized by law, all authorities vested in or delegated to the Deputy Administrator for Management and Resources, enumerated in Automated Directives System (ADS) 103.3.4.1.

The Administrator may exercise any function or authority delegated herein. The authorities delegated herein may be re-delegated, to the extent authorized by law. This delegation of authority rescinds the relevant portions of Delegation of Authority dated February 2, 2025, to Peter Marocco, but does not modify any other delegation of authority currently in effect.

This delegation will expire as to each authority upon the entry upon duty of a subsequently appointed principal to serve in the respective position, unless sooner revoked.

_3/18/2025_
Date

Marco Rubio
Acting Administrator

DOE4vUSDS_000571

**U.S. Agency for International Development**
**Delegation of Authority No. ___**

## Delegation of Authority
### Authorities of the Deputy Administrator for Policy and Programming and Chief Operating Officer

By virtue of the authority vested in the Administrator of the U.S. Agency for International Development by the laws of the United States, including section 621(a) of the Foreign Assistance Act, I hereby delegate to Jeremy Lewin, to the extent authorized by law, all authorities vested in or delegated to the Deputy Administrator for Policy and Programming and the Chief Operating Officer, enumerated in Automated Directives System (ADS) 103.3.4.2 and 103.3.4.3.

The Administrator may exercise any function or authority delegated herein. The authorities delegated herein may be re-delegated, to the extent authorized by law. This delegation of authority rescinds the relevant portions of Delegation of Authority dated February 2, 2025, to Peter Marocco, but does not modify any other delegation of authority currently in effect.

This delegation will expire as to each authority upon the entry upon duty of a subsequently appointed principal to serve in the respective position, unless sooner revoked.

_3/18/2025_
Date

_Marco Rubio_
Marco Rubio
Acting Administrator

DOE4vUSDS_000572

## Appointment of Kenneth S. Jackson as an Officer

By virtue of the authority vested in the Administrator of USAID by the laws of the United States, including 5 U.S.C. §§ 301, 2104, 2105 and 3101, and Section 625(a) of the Foreign Assistance Act, I hereby appoint Kenneth S. Jackson as an officer of the United States.

3/18/2025

Date

Marco Rubio
Acting Administrator

DOE4vUSDS_000573

# Exhibit 20

## Job Details

| | |
|---|---|
| **Employee ID** | 00092027 |
| **Supervisory Organization** | White House Complex >> DOGE Temp Org () |
| **Position** | P-028590 AD-0301-00 (All Other Positions) |
| **Business Title** | Senior Advisor |
| **Job Profile** | AD-0301-00 (All Other Positions) |
| **Job Family** | Occupational Series > General Administrative, Clerical, and Office Services (0300) |
| **Employee Type** | Other Govt Employee (OGE) |
| **Management Level** | All Other Positions |
| **Time Type** | Full time |
| **FTE** | 100.00% |
| **Location** | Washington, District Of Columbia, DC |
| **Hire Date** | 01/20/2025 |
| **Original Hire Date** | 01/20/2025 |
| **Separation Date** | 05/28/2025 |

# Exhibit 21

**Kirsten Gunsolus** < ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ >

**Fwd: FW: Investigative Leave Notices for Four Rogue Employees**

**William Malyszka** < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ >                                                    Wed, Feb 12, 2025 at 7:33 AM
To: Kirsten Gunsolus ⬛⬛⬛⬛⬛⬛
Cc: Sheila Wright ⬛⬛⬛⬛⬛⬛⬛⬛⬛ , Sepideh Keyvanshad ⬛⬛⬛⬛⬛⬛⬛⬛⬛

Good morning Kirsten, Please issue these four notices of administrative leave related to inviestigations of misconduct. I will forward a follow up email to you in which I asked for confirmation regarding who will conduct these investigation.This is at the direction of Acting Deputy Administrator Peter Morocco.

---------- Forwarded message ---------
From: **Lewin, Jeremy** < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ >
Date: Tue, Feb 11, 2025 at 11:08 PM
Subject: FW: Investigative Leave Notices for Four Rogue Employees
To: ⬛⬛⬛⬛⬛⬛⬛⬛⬛
Cc: Jackson, Kenneth S. (AID/A) < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ >, ⬛⬛⬛⬛⬛⬛⬛⬛⬛

Bill,

Please find attached investigative leave notices for John Voorhees, Brian McGill, Jack Ohlweiler, and Colleen Allen. As referenced in the email chain below, Pete Marocco has placed them on 10-day investigative leave on his authority. This was referenced in the Agency's declaration filed in court yesterday and consistent with the TRO insofar as investigative leave is legally distinct from administrative leave per DOJ.

Could you verify that these notices are sufficient and work to get them to the affected four employees? Does Pete need to officially sign or can you prepare the notices without a signature?

Thanks,
Jeremy

**From:** Marocco, Peter W < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ >
**Date:** Tuesday, February 11, 2025 at 10:19 PM
**To:** Lewin, Jeremy < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ , Jackson, Kenneth S. (AID/A) < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ >, Borkert, Joel M. (AID/A) < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ >, Gray, Jason (M/CIO/ICIO) < ⬛⬛⬛⬛⬛⬛⬛⬛⬛ >
**Subject:** RE: Investigative Leave Notices for Four Rogue Employees

DOE4vUSDS_000583

I saved these drafts and electronic signed each one but for some reason – cannot get them attached with signature.  How was this not done Sunday?  This does not require another authorization from me.   Please sign and execute.

SENSITIVE BUT UNCLASSIFIED

---

**From:** Lewin, Jeremy <██████████████████>
**Sent:** Tuesday, February 11, 2025 10:02 PM
**To:** Marocco, Peter W <████████████████>; Jackson, Kenneth S. (AID/A) <████████████████████>; Borkert, Joel M. (AID/A) <████████████>;
Gray, Jason (M/CIO/ICIO) <████████████████>
**Subject:** Investigative Leave Notices for Four Rogue Employees

Pete and others,

As discussed with Pete just now, please find attached draft investigative leave notices for Jack Ohlweiler, John Voerhees, Brian McGill, and Colleen Allen. These are PDFs, so maybe you can e-sign? If not, we will figure out how to get the formal notices out tomorrow.

As soon as there's a final written sign off, our engineers will immediately cut access.

Thanks,
Jeremy

---

**4 attachments**

**Brian McGill - Investigative Leave (2-11-2025).pdf**
88K

**John Voerhees - Investigative Leave (2-11-2025).pdf**
88K

**Jack Ohlweiler - Investigative Leave (2-11-2025).pdf**
88K

**Colleen Allen - Investigative Leave (2-11-2025).pdf**
88K

DOE4vUSDS_000584

# Exhibit 22

**From:** Marocco, Peter W █████████████████

**Sent:** Thur 2/6/2025 1:05:55 PM (UTC)

**To:** Lewin, Jeremy (M/CIO)████████████
Steven.M.Davis██████████████████████████

**Subject:** FW: URGENT DRAFT USAID GUIDANCE

Has this been teed up?  Thought we did this part yesterday.

## SENSITIVE BUT UNCLASSIFIED

From: Needham, Michael A ██████████████████
Sent: Thursday, February 6, 2025 6:39 AM
To: Marocco, Peter W ████████████████
Cc: String, Marik A <████████████████>; Holler, Daniel J <███████████████>; McCommas,
Brendan N <████████████████>
Subject: Re: URGENT DRAFT USAID GUIDANCE

Pete,
Can we post this on website to clarify S' commander's intent on this?

Get Outlook for iOS

## SENSITIVE BUT UNCLASSIFIED

From: Jeremy Lewin ██████████████
Sent: Wednesday, February 5, 2025 5:52:55 PM
To: Dorosin, Joshua L ████████████████
Cc: Needham, Michael A ██████████████████; Marocco, Peter W ███████████████████;
String, Marik A ████████████; Holler, Daniel J ████████████████; Fabry, Steven F
████████████████; McCommas, Brendan N ████████████████ ; Visek, Richard C
████████████████; James.Burnham ████████████
Subject: Re: URGENT DRAFT USAID GUIDANCE

Maybe the cleanest solution would be to add an FAQ section, which we could add to
if other issues come up as well. Some potential draft text below.

*********

FAQs

1. If I am posted overseas and placed on administrative leave, am I required to return
to the United States within the next 30 days?

DOE4vUSDS_008836

No. While USAID and the Department of State are preparing a plan under which USAID personnel posted overseas would be offered optional and fully reimbursed return travel to the United States within 30 days, personnel are not required to accept Agency-sponsored travel or to return to the United States within any specific deadline. Overseas USAID personnel retain the option to remain at their posts, even while placed on administrative leave and not working. Beyond 30 days, however, Agency funded and arranged return travel may not be available unless an individualized exception is sought and granted.

On Wed, Feb 5, 2025 at 6:34 PM Dorosin, Joshua L <████████████████> wrote:

Thanks Mike, and adding Rich Visek to the chain now that he's back from Brussels.  We are organizing a meeting to discuss implementation tomorrow at 1:30 pm with Dan and Pete and will make sure we address this in the discussion.

**From:** Needham, Michael A <████████████████>
**Sent:** Wednesday, February 5, 2025 6:29 PM
**To:** Dorosin, Joshua L <████████████>; Marocco, Peter W <████████████████>; String, Marik A <██████████>; Lewin, Jeremy (M/CIO) <███████████>; Holler, Daniel J <████████████>; Fabry, Steven F <██████████>; McCommas, Brendan N <████████████>
**Cc:** James.Burnham█████████████
**Subject:** Re: URGENT DRAFT USAID GUIDANCE





Get Outlook for iOS

From: Dorosin, Joshua L <​██████████████​>
Sent: Tuesday, February 4, 2025 6:46:43 PM
To: Marocco, Peter W <█████████████████     Needham, Michael A <████████████████████
String, Marik A <​████████████​>; Lewin, Jeremy (M/CIO) <​██████████████​>; Holler, Daniel J
██████████████████>; Fabry, Steven F <​███████████████​>; McCommas, Brendan N
<​██████████████​>
Cc: James.Burnham███████████████████████████
Subject: RE: URGENT DRAFT USAID GUIDANCE

Mike/Pete –



Best, Josh

//////////////

ACP DPP

DOE4vUSDS_008838

ACP DPP



ACP DPP



**From:** Marocco, Peter W <████████████████████>
**Sent:** Tuesday, February 4, 2025 7:31 PM
**To:** Needham, Michael A ███████████████████ Dorosin, Joshua L <████████████████>;
String, Marik A ███████████████; Lewin, Jeremy (M/CIO) ████████████; Holler, Daniel J
███████████; Fabry, Steven F ████████████████; McCommas, Brendan N
████████████████
**Cc:** James.Burnham ███████████████
**Subject:** RE: URGENT DRAFT USAID GUIDANCE

ACP DPP ████████████████

ACP DPP ████████████████████████

DOE4vUSDS_008839

**From:** Needham, Michael A <█████████████████>
**Sent:** Tuesday, February 4, 2025 7:28 PM
**To:** Dorosin, Joshua L <███████████████>; Marocco, Peter W <████████████████> String, Marik A <█████████████> Lewin, Jeremy (M/CIO) <█████████████>; Holler, Daniel J <█████████>; Fabry, Steven F <████████████>; McCommas, Brendan N <██████████████>
**Cc:** James.Burnham
**Subject:** Re: URGENT DRAFT USAID GUIDANCE



Get Outlook for iOS

---

**From:** Needham, Michael A <██████████>
**Sent:** Tuesday, February 4, 2025 6:22:32 PM
**To:** Dorosin, Joshua L <██████████████> Marocco, Peter W <█████████████>; String, Marik A <████████> Lewin, Jeremy (M/CIO) <████████████>; Holler, Daniel J <████████████>; Fabry, Steven F <█████████████> McCommas, Brendan N <██████████████>
**Cc:** James.Burnham
**Subject:** Re: URGENT DRAFT USAID GUIDANCE

ACP DPP

Get Outlook for iOS

---

**From:** Dorosin, Joshua L <█████████████>
**Sent:** Tuesday, February 4, 2025 6:19:33 PM
**To:** Marocco, Peter W <████████████████>; Needham, Michael A <███████████████> String, Marik A <███████████> Lewin, Jeremy (M/CIO) <█████████████> Holler, Daniel J

DOE4vUSDS_008840



**; Fabry, Steven F** █████████████ **; McCommas, Brendan N**
██████████████████
**Cc:** James.Burnham ███████████████████
**Subject:** RE: URGENT DRAFT USAID GUIDANCE

ACP DPP ██████████

**From:** Marocco, Peter W ████████████████████
**Sent:** Tuesday, February 4, 2025 7:15 PM
**To:** Needham, Michael A ████████████████████; Dorosin, Joshua L ████████████████;
String, Marik A ████████████████; Lewin, Jeremy (M/CIO) ████████████; Holler, Daniel J
████████████████; Fabry, Steven F ████████████████; McCommas, Brendan N
████████████████
**Cc:** James.Burnham ████████████████
**Subject:** RE: URGENT DRAFT USAID GUIDANCE

ACP DPP ████████████████████████

ACP DPP ████████████████████

DOE4vUSDS_008841

ACP DPP ████████████████████████████████████

---

**From:** Needham, Michael A ███████████████████
**Sent:** Tuesday, February 4, 2025 6:57 PM
**To:** Dorosin, Joshua L ████████████; Marocco, Peter W ████████████; String, Marik A ███████████████; Lewin, Jeremy (M/CIO) █████████; Holler, Daniel J █████████████; Fabry, Steven F █████████; McCommas, Brendan N ████████████
**Cc:** James.Burnham ██████████
**Subject:** Re: URGENT DRAFT USAID GUIDANCE

ACP DPP ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

Get Outlook for iOS

---

**From:** Dorosin, Joshua L ████████████
**Sent:** Tuesday, February 4, 2025 5:52 PM
**To:** Marocco, Peter W ████████████; String, Marik A ████████████; Lewin, Jeremy (M/CIO) ████████; Needham, Michael A ████████████; Holler, Daniel J █████████████; Fabry, Steven F ████████; McCommas, Brendan N █████████
**Cc:** James.Burnham █████████
**Subject:** RE: URGENT DRAFT USAID GUIDANCE

ACP DPP

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

ACP DPP

ACP DPP

ACP DPP

ACP DPP

/////////////

ACP DPP

ACP DPP

DOE4vUSDS_008843

**ACP DPP** ███████████████████████████████████████
████████████

**ACP DPP** ████████████████

**From:** Marocco, Peter W ██████████████████████
**Sent:** Tuesday, February 4, 2025 6:38 PM
**To:** String, Marik A ████████████████████; Lewin, Jeremy (M/CIO) ████████████████; Needham, Michael A ██████████████████; Holler, Daniel J ██████████████████; Fabry, Steven F ████████████████; Dorosin, Joshua L ██████████████████
**Cc:** James.Burnham████████████
**Subject:** RE: URGENT DRAFT USAID GUIDANCE

**ACP DPP** ██████████████████████████████████

████████████████████████████████████████████████████

**From:** Marocco, Peter W
**Sent:** Tuesday, February 4, 2025 5:56 PM
**To:** String, Marik A ████████████████████; Lewin, Jeremy (M/CIO) ████████████████; Needham, Michael A ██████████████████; Holler, Daniel J ██████████████████; Fabry, Steven F ████████████████; Dorosin, Joshua L ██████████████████
**Cc:** James.Burnham
**Subject:** URGENT DRAFT USAID GUIDANCE
**Importance:** High

**ACP DPP** ██████████████

████████████████████████████████████████████████████

██████████

DOE4vUSDS_008844

ACP DPP


DOE4vUSDS_008845

# Exhibit 23

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>United States DOGE Service, *et al.*,<br><br>    *Defendants*. | Case No. 8:25-cv-00462-TDC |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT**

Defendant United States Agency for International Development ("USAID") hereby responds to Plaintiffs' First Set of Interrogatories to Defendant United States Agency for International Development as follows:

**Objections to Instructions**

1.    Defendants object to all Plaintiffs' instructions, and Instruction No. 1 in particular, to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

2.    Defendants object to Instruction No. 7 to the extent that it is both inconsistent with the dates set forth in specific interrogatories and to the extent the phrase "complete responses" is vague and ambiguous.  Unless otherwise indicated, Defendants will specify the dates relevant to each response to a particular interrogatory in any response to that interrogatory.

1

**Objections to Definitions**

1.      Defendants object to Definition No. 4 as vague and ambiguous and as purporting to impose obligations beyond those established by the Federal Rules of Civil Procedure to the extent it refers to a "general course of action the specifics of which can be determined later."

2.      Defendants object to Definition No. 5 as purporting to impose obligations beyond those established by the Federal Rules of Civil Procedure.

3.      Defendants object to Definition No. 7 to the extent it refers it incorrectly identifies the U.S. DOGE Service Temporary Organization as the "U.S. DOGE Temporary Service." Defendants will construe the term "DOGE" to include the U.S. DOGE Service Temporary Organization.

4.      Defendants object to Definition No. 8 as vague and ambiguous, as it refers to any individual who "otherwise works or worked for DOGE."  Defendants will construe the term to include any individual who has or had a primary employment relationship with the U.S. DOGE Service or U.S. DOGE Service Temporary Organization, whether in a paid or unpaid capacity.

5.      Defendants object to Definition No. 10 as purporting to impose obligations beyond those established by the Federal Rules of Civil Procedure.

6.      Defendants object to Definition No. 13 on the ground that it is overbroad and not proportional to the needs of the case because it includes, among other individuals, all of Defendants' thousands of current and former employees regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in these cases. Defendants will construe this definition, and the requests generally, to be limited to seek information from persons who are reasonably likely to have information relevant to the claims or defenses in these cases and responsive to Plaintiffs' interrogatories.

2

**Objections to All Interrogatories**

1.     Defendants object to Plaintiffs' interrogatories because discovery is inappropriate at this time in light of Defendants' pending motion to stay discovery during the pendency of any interlocutory appeal, ECF No. 166.  In addition, discovery is inappropriate, inefficient, and unduly burdensome, because for the reasons set forth in Defendants' motion to dismiss and Motion for Certification, the court has no jurisdiction over Plaintiffs' claims and the material facts are undisputed and Plaintiffs' claims thus present pure questions of law.  *See also* Pls. Request for Leave to File Mot. for Partial Summ. J. at 2, ECF No. 159.

2.     Defendants object to Plaintiffs' interrogatories to the extent that they seek information protected against disclosure by: (a) the attorney work product doctrine; (b) the attorney-client privilege; (c) the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, or the state secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection.

3.      Defendants do not waive, and hereby expressly reserve their rights to assert any and all objections to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants make the responses herein without in any manner implying or admitting that the discovery requests are relevant or material to the subject matter of this action.

4.      Defendants object to these interrogatories to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.

5.     Defendants object to any discovery taking place in this case to the extent Plaintiffs

3

assert cognizable claims seeking review of governmental agency action, including claims under Administrative Procedure Act, because resolution of any such claims should be based upon the "administrative record" in this case. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). That said, Defendants understand that the Court has allowed discovery to proceed. Thus, while preserving their broad objection to any and all discovery, Defendants make further specific objections stated below.

5.      Defendants incorporate all of the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a specific interrogatory. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that interrogatory. Moreover, the assertion of the same, similar, or additional objections in response to a specific interrogatory does not waive, limit, or modify any of Defendants' general objections or similar or separate specific objections raised in response to an interrogatory.

6.      Defendants expressly reserve the right to supplement, clarify, review, or correct any or all of the responses and objections here, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

### Objections and Responses to Specific Interrogatories

**INTERROGATORY NO. 1:** Identify the level of access (and who approved and provided the access) to each of the following USAID systems held by Luke Farritor, Gavin Kliger, Steve Davis, Noah Peters, Jeremy Lewin, Clayton Cromer at all times between January 20, 2025 and March 31, 2025. If the level of access changed for an individual during this time

frame, indicate the updated level of access and the date(s) on which the access level changed.

a. C-CURE

b. USAID's Active Directory

c. AWS - dev test, admin, production admin, Cloud PAW

d. Akamai

e. Google suite

f. GLAAS

g. Phoenix

h. HR System

i. GovTA

j. EC2 access

k. Azure access.

**Objections**:  Defendants incorporate by reference the above objections.  Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside any administrative record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). Defendants further object that this request is unduly burdensome and not proportional to the needs of this case, insofar as Plaintiffs' claims are limited to the Appointments Clause and the separation of powers, neither of which are implicated by agency decisions to grant certain identified individuals logical access to agency data systems.

**Response**:

**Luke Farritor**

Luke Farritor had access to the following systems on the corresponding dates:

- CCure – Received account access with admin rights on 1/31; additional elevated permissions on 3/9.

- USAID Active Directory – Received account access with admin rights on 1/30; upgraded to super admin access on 3/9. Additionally received privileged access (USA2) access on 3/26.

- AWS – Received account access with admin rights on 2/1.

- Akamai – Received account access on 2/1.

- Google Suite – Received user access on 1/27; received elevated Google p0 access 2/1.

- GLAAS – Received account access with admin rights on 2/1. Received back-end access on 3/9.

- Phoenix – Received account access with admin rights and back-end access, including user controls on 3/9.

- HR Connect – Received account access with admin rights on 2/2.

- GovTA – Received account access with admin rights on 2/2.

- EC2 – Received account access with admin rights on 2/1.

- Azure – Received account access with admin rights on 2/1.

**Gavin Kliger**

Gavin Kliger had access to the following systems on the corresponding dates:

- CCure – Received account access with admin rights on 1/31; additional elevated permissions on 3/9.

- USAID Active Directory – Received account access with admin rights on 1/30; upgraded to super admin access on 3/9. Additionally received privileged access (USA2) access on 3/26.

- AWS – Received account access with admin rights on 2/1.

- Akamai – Received account access on 2/1.

- Google Suite – Received user access on 1/27; received elevated Google p0 access 2/1.

- GLAAS – Received account access with admin rights on 2/1. Received back-end access on 3/9.

- Phoenix – Received account access with admin rights and back-end access, including user controls on 3/9.

- HR Connect – Received account access with admin rights on 2/2.

- GovTA – Received account access with admin rights on 2/2.

6

- EC2 – Received account access with admin rights on 2/1.

- Azure – Received account access with admin rights on 2/1.

**Steve Davis**

Steve Davis had access to the following systems on the corresponding dates:

- Steve Davis did not gain new access to systems or elevated permissions within the specified time period.

**Noah Peters**

Noah Peters had access to the following systems on the corresponding dates:

- Noah Peters did not gain new access to systems or elevated permissions within the specified time period.

**Jeremy Lewin**

Jeremy Lewin had access to the following systems on the corresponding dates:

- Jeremy Lewin did not gain new access to systems or elevated permissions within the specified time period.

**Clayton Cromer**

Clayton Cromer had access to the following systems on the corresponding dates:

- Clayton Cromer did not gain new access to systems or elevated permissions within the specified time period.

As reflected in an email dated January 31, 2025, Jason Gray authorized Messrs. Farritor and Kliger to have administrative access to all unclassified USAID information systems. The elevated access Messrs. Farritor and Kliger received on or about March 9, 2025, was authorized by Kenneth Jackson and Peter Marocco.

7

**INTERROGATORY NO. 2:** Identify the level of security clearance and level of badging access to USAID doors for Luke Farritor, Gavin Kliger, Steve Davis, Noah Peters, Jeremy Lewin, Clayton Cromer at all times between January 27, 2025 and March 31, 2025. If any individual's security clearance or badge access levels changed during this time frame, indicate the updated level of badge access and security clearance and the date(s) on which the access level changed.

**Objections:** Defendants incorporate by reference the above objections. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside any administrative record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985). Defendants further object that this request is unduly burdensome and not proportional to the needs of this case, insofar as Plaintiffs' claims are limited to the Appointments Clause and the separation of powers, neither of which are implicated by agency decisions to grant certain identified individuals physical access to agency data systems. Defendants also object to the interrogatory because it invades the privacy interests of third-party individuals. Defendants further object to the extent that the information requested is not within the possession, custody, or control of USAID.

**Response:**

USAID does not maintain records of the security clearances maintained by government personnel that are employed by other agencies, and has no record of a security clearance issued to or held by those individuals during that timeframe. USAID has searched available databases and found no records of badges being issued by USAID to those individuals during that timeframe, based on information currently available.

8

Dated: January 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

*/s/ Jacob S. Siler*
CHRISTOPHER M. LYNCH
(DC Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
*By Special Appearance*
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 353-4556
Email: jacob.s.siler@usdoj.gov

*Attorneys for Defendants*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing interrogatory responses of the United States Agency for International Development are true and correct, to the best of my knowledge based on personal knowledge or information that was made known to me in the course of my official duties.

Dated: January 15, 2025

/s/ ___Mengchin Yao___ Digitally signed by Mengchin Yao
Date: 2026.01.15 19:32:57 -05'00'

# Exhibit 24

Case 8:25-cv-00462-TDC    Document 230-1    Filed 06/04/26    Page 42 of 88



**Lindsey Willis** ███████████

---

## Fwd: Physical and Logical Administration for Gavin

**Steven Hernandez** ██████████████                    Fri, Jan 31, 2025 at 7:06 PM
To: Lindsey Willis ████████████

Steven G Hernandez
MBA, CISSP, CISA, CNSS, CSSLP, CDPSE, SSCP, CGRC, ITIL
Acting CIO
DCIO|CISO|CPO
United States Agency for International Development
My Availability: HTML

*Do all the good you can, by all the means you can, in all the ways you can, in all the places you can, at all the times you can, to all the people you can, as long as you ever can*
-- John Wesley

---------- Forwarded message ---------
From: **Zecharia Kahn** ██████████████
Date: Fri, Jan 31, 2025 at 4:50 PM
Subject: Fwd: Physical and Logical Administration for Gavin
To: Steven Hernandez ████████████████, Brian McGill ██████████████

FYI

--
Zecharia (Zack) Kahn
Office of the Chief Information Officer
U.S. Agency for International Development
Office ██████████
Cell - ( ████████
████████████

---------- Forwarded message ---------
From: **Jason Gray** ██████████████
Date: Fri, Jan 31, 2025 at 4:49 PM
Subject: Re: Physical and Logical Administration for Gavin
To: Luke Farritor ████████████████
Cc: Gavin Kliger ████████████ jeremy.lewin ████████████████, Zecharia Kahn
████████████, Patrick Butler ████████████

Hello,

Yes, I approve of administrative access to all unclassified information systems, including but not limited to Phoenix, HR systems, Badging and Access Systems, cloud environments, and all systems related to grants, payments, and vouchers.

Thank you,

Jason

On Fri, Jan 31, 2025 at 4:46 PM Luke Farritor ██████████████ wrote:
> Jason,

DOE4vUSDS_000602

Case 8:25-cv-00462-TDC     Document 230-1     Filed 06/04/26     Page 43 of 88

Just want you to confirm that Gavin Kliger of DOGE should also have full read/write administrative access for managing Physical and Logical access, like myself.

Luke

Just want you to confirm that Gavin Kliger of DOGE should also have full read/write administrative access for managing Physical and Logical access, like myself.

Luke

DOE4vUSDS_000603

# Exhibit 25

| | |
|---|---|
| **From:** | Kenneth Jackson ▓▓▓▓▓▓▓▓▓▓ |
| **Sent:** | Fri 1/31/2025 8:19:04 PM (UTC) |
| **To:** | Marocco, Peter W ▓▓▓▓▓▓▓▓  Matthew Hopson ▓▓▓▓▓▓▓ |
| **Subject:** | Fwd: Authorization for Access Control Information |

Pete,

Good afternoon. I want to confirm that Luke and Gavin are clear to have access to USAID's access control system (CCURE).

Regards,
Ken


---------- Forwarded message ---------
From: **Brian McGill** ▓▓▓▓▓▓▓▓▓▓
Date: Fri, Jan 31, 2025 at 3:08 PM
Subject: Re: Authorization for Access Control Information
To: Kenneth Jackson ▓▓▓▓▓▓▓▓▓▓
CC: Matthew Hopson ▓▓▓▓▓▓▓▓▓▓, John Voorhees ▓▓▓▓▓▓▓▓▓▓>, Joel Borkert ▓▓▓▓▓▓▓▓


Ken -
One additional note - our staff received a request from Luke to provide Gavin Kliger a read and write account to our access control system (CCURE).
I've updated the memo to reflect his name.
Please let us know if you want us to do anything immediately to support Gavin - providing him the same level of access as Luke.
v/r,
Brian

Brian T. McGill
Deputy Director
USAID Office of Security
▓▓▓▓▓▓▓▓ (office)
▓▓▓▓▓▓▓▓ (mobile)


On Fri, Jan 31, 2025 at 11:19 AM Brian McGill ▓▓▓▓▓▓▓▓▓▓> wrote:

Good morning Ken -
I'm checking to learn if we've received further authorization or direction for the write-access.
I understand Luke is visiting our staff again this morning, and I want to ensure they're

DOE4vUSDS_001774

tracking the scope of support.

v/r,

Brian

Brian T. McGill
Deputy Director
USAID Office of Security
███████████ (office)
███████████ (mobile)

On Thu, Jan 30, 2025 at 7:54 PM Kenneth Jackson ███████████████████ wrote:

Brian,

Please do not do anything until we get additional documentation to you. I will come downstairs to discuss in person.

There are limitations to his access we must ensure.

Regards,
Ken

On Thu, Jan 30, 2025 at 7:22 PM Kenneth Jackson <███████████████████ wrote:

Brian,

Thank you for the additional detail. What is your cell phone number?

Thank you,
Ken

On Thu, Jan 30, 2025 at 7:04 PM Brian McGill ███████████████ > wrote:

Ken - As follow-up, Luke is requesting full administrative rights, beyond read rights, to be able to make changes.
We have concerns granting administrative rights without knowing the purpose, as this would enable the user to make access decisions - to include allowing people to access restricted space without checking their clearance.
While I was upstairs, Luke had Mr. Elon Musk call our staff who was working with him - to verbally authorize and direct them to give Luke access. Luke offered to call Mr. Musk back to talk with me.
I let Luke know we are working this and would ask for your or Jason's authorization as the verifiable authority for us.
v/r,
Brian

DOE4vUSDS_001775

Brian T. McGill
Deputy Director
USAID Office of Security
████████ (office)
████████ (mobile)

On Thu, Jan 30, 2025 at 6:14 PM Brian McGill ████████████ wrote:

Ken -
Copy.  We have Luke here and he's been working with one of our team based on our account access.
I have drafted the attached memo for you to document the full access.
We'd appreciate your review, edits, and signature/initials on this for our record.

CCURE Access Authorization for USDS

v/r,
Brian

Brian T. McGill
Deputy Director
USAID Office of Security
████████ (office)
████████ (mobile)

On Thu, Jan 30, 2025 at 6:04 PM Kenneth Jackson ████████████ wrote:

Brian,

Good evening. Please grant him full access as requested tonight.

Please let me know when this has been completed.

Kind regards,
Ken

On Thu, Jan 30, 2025 at 5:05 PM Brian McGill ████████████ wrote:

Ken -

I have Luke Farritor, representing the Executive Office of the President (DOGE) with me requesting access control information to verify the suspension of access control to individuals recently placed on administrative leave.

I shared that I would need this on your authority.  Please confirm if we should proceed - and I will have him look over the shoulder of our access control technicians to verify.

DOE4vUSDS_001776

I'll standby with him until you approve.

Separately, he has requested full access to our access control system for the purpose of independently ensuring the same mentioned above.  This is generally a high bar for security reasons for us - so I would appreciate your specific direction and guidance through John on this piece.

v/r,

Brian

Brian T. McGill
Deputy Director
USAID Office of Security
███████████ (office)
███████████ (mobile)

DOE4vUSDS_001777

# Exhibit 26

**From:**     Marocco, Peter W
**To:**       steven.m.davis███████ Jackson, Kenneth S. (AID/A); Borkert, Joel M. (AID/A); Luke Farritor - A
**Cc:**       Lewin, Jeremy (M/CIO); Makecha, Tarak; Gray, Jason (M/CIO/ICIO); Rapier, Laken A. (LPA)
**Subject:**  FW: Action Memo to Secretary Regarding USAID Personal Services Contractors (JPL 2-2 345pm)
**Date:**     Sunday, February 2, 2025 4:21:12 PM

Please immediately execute the comprehensive option of termination of both level of PSC contracts.
Please let me know any additional information you need from me.

Laken, we will quickly discuss messaging.

## SENSITIVE BUT UNCLASSIFIED

**From:** Needham, Michael A ███████████████████
**Sent:** Sunday, February 2, 2025 4:19 PM
**To:** Marocco, Peter W ███████████████     Holler, Daniel J ███████████████ ; String,
Marik A ████████████
**Cc:** Jackson, Kenneth S. (AID/A) ███████████████     jeremy.lewin ███████████
**Subject:** Re: Action Memo to Secretary Regarding USAID Personal Services Contractors (JPL 2-2
345pm)

Approved for both options.

Get Outlook for iOS

## SENSITIVE BUT UNCLASSIFIED

**From:** Marocco, Peter W ███████████████████
**Sent:** Sunday, February 2, 2025 4:08:42 PM
**To:** Needham, Michael A ███████████████ ; Holler, Daniel J ███████████████ String,
Marik A ████████████
**Cc:** Jackson, Kenneth S. (AID/A) ███████████████ ; jeremy.lewin ███████████
████████████

**Subject:** RE: Action Memo to Secretary Regarding USAID Personal Services Contractors (JPL 2-2
345pm)

I'm sure it's fine.  Just managing WH expectations. I spoke with Jacob to assist.

SENSITIVE BUT UNCLASSIFIED

**From:** Needham, Michael A ██████████████
**Sent:** Sunday, February 2, 2025 4:07 PM
**To:** Marocco, Peter W ██████████████ ; Holler, Daniel J ██████████████ >; String, Marik A ██████████████
**Cc:** Jackson, Kenneth S. (AID/A) <██████████████ >; jeremy.lewin ██████████████
**Subject:** Re: Action Memo to Secretary Regarding USAID Personal Services Contractors (JPL 2-2 345pm)

Can he have 30 mins to get clear of an event or is that not ok?

Get Outlook for iOS

SENSITIVE BUT UNCLASSIFIED

**From:** Marocco, Peter W ██████████████
**Sent:** Sunday, February 2, 2025 4:03:49 PM
**To:** Needham, Michael A ██████████████ ; Holler, Daniel J ██████████████ >; String, Marik A ██████████████
**Cc:** Jackson, Kenneth S. (AID/A) ██████████████ >; jeremy.lewin ██████████████
██████████████
**Subject:** Action Memo to Secretary Regarding USAID Personal Services Contractors (JPL 2-2 345pm)

Mike and Marik,

We are ready to launch this asap. We have adopted USAID/L edits.

I know there is a sense of urgency at the White House. This should happen asap. If it will be a long time before the Secretary can sign, please let me know if I should just execute.

Thanks,
Pete

SENSITIVE BUT UNCLASSIFIED

DOE4vUSDS_000649



United States Department of State

Washington, DC   20520

<u>CLASSIFICATION//SBU</u>                    February 2, 2025

**Action Memo for Secretary of State Rubio, also Performing the Duties and Functions of the Administrator of the U.S. Agency for International Development**

THROUGH:    STATE/F – Senior Bureau Official and Advisor to the Secretary for Foreign Assistance, Pete Marocco, Office of Foreign Assistance

FROM:    AID/D-PP/D-MR – Performing the Duties and Functions of Deputy Administrator Pete Marocco, U.S. Agency for International Development (USAID)

SUBJECT:    (SBU) Decision to Terminate or Pause all USAID Personal Service Contracts (PSC) in high income and medium income countries.

**(SBU) Recommendation 1:**  That you instruct USAID to terminate all Personal Service Contracts (PSC) in *high-income* countries that do not meet a waiverable threshold determined by State F.
(Approve/Disapprove by 02/07/2025)

**Decision:  ☐ Approve  ☐ Disapprove  ☐ Discuss**

**(SBU) Recommendation 2:**  That you instruct USAID to terminate all Personal Service Contracts (PSC) in *high-income and medium-income* countries that do not meet a waiverable threshold determined by State F.
(Approve/Disapprove by 02/07/2025)

**Decision:  ☐ Approve  ☐ Disapprove  ☐**

DOE4vUSDS_000650

CLASSIFICATION//SENSITIVE BUT UNCLASSIFIED (SBU)
-2-

**Background**

USAID's mandate is to assist primarily in low-income countries and these contracts appear to be inconsistent with the mission of USAID and diverts resources away from helping people progress beyond the need for aid. Pursuant to ADS 309.3.1.20, USAID has the authority to terminate a personal services contract with an individual providing services to USAID for convenience on the basis of changing agency priorities. USAID recommends exercising its authority to terminate these contracts for convenience in this instance, unless after further review, there are compelling reasons to keep these particular contracts active.

(SBU) Option 1 has the financial impact of saving up to **$89,517,116.51** in obligated Funds across approximately 641 affected PSCs, while Option 2 has the financial impact of saving up to **$127,746,565** in obligated funds across approximately 731 affected PSCs. USAID will create a waiver process for USAID staff to request a waiver for each PSC contract that is requested to continue. Those waivers for approved PSCs will be approved by State/F.

(SBU) USAID recommends Option 2.

**Attachment**

Tab 1 – Personal Service Contracts (PSC) in high-income and medium-income countries as defined by the World Bank.

CLASSIFICATION//SENSITIVE BUT UNCLASSIFIED (SBU)

DOE4vUSDS_000651

-3-

Approved: Office of the Administrator – Pete Marocco, Acting Deputy Administrator [PM]

**I confirm** the drafter received guidance on this paper's intent, objectives, topics, scope, and structure.  **X Yes** ☐ **No**

Drafted:     USAID, AID/A – Kenneth Jackson,
███████████████████████████, and cell: ████████

Cleared:

| Bureau | Name | Clearance Status |
|---|---|---|
| AID/A: DCoS | Joel Borkert | Clear |
| AID/A: CoS | Matthew Hopson | Clear |
| STATE/F | Pete Marocco | OK |
| USAID/A+L | Jeremy Lewin | OK |

DOE4vUSDS_000652

# Exhibit 27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4 *et al.*, *individually and on behalf of all others similarly situated*,<br><br>        ***Plaintiffs***,<br><br>        **v.**<br><br>ELON MUSK *et al.*,<br><br>        ***Defendants***. | Case No.  8:25-cv-00462-TDC |

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE
DEPOSITION OF THE UNITED STATES AGENCY FOR INTERNATIONAL
DEVELOPMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

TO:    Defendant, United States Agency for International Development, by and through his/her counsel of record:

PLEASE TAKE NOTICE that pursuant to FED. R. CIV. P. 30(b)(6), Plaintiffs hereby give notice of their intention to take the oral and videotaped deposition of the Corporate Representative(s) of Defendant United States Agency for International Development. This deposition will take place on **Monday, March 23, 2026** beginning at **10:00 a.m.** at 1100 New York Avenue NW, Suite 800, Washington, D.C. 20005 and continuing thereafter until completed. Defendant United States Agency for International Development is directed to designate a person or persons to testify on its behalf about the matters described in **Exhibit "A"** attached hereto.

The deposition will be recorded by stenographic means by a certified shorthand court reporter and when transcribed, may be used as evidence in the above cause. Said deposition will be videotaped.

Respectfully submitted,

1

/s/ Tianna J. Mays
Norman L. Eisen, [09460]
Tianna J. Mays, [21597]
Andrew H. Warren*
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin [30711]
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com

*Attorneys for Plaintiffs*
*Admitted pro hac vice


## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically served the foregoing document on all counsel of record via email.

This 6th day of March, 2026.

/s/ Beth Stevens
Rebecca (Beth) Stevens

2

**MARZIANI, STEVENS &
GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
bstevens@msgpllc.com

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

J. DOE 4, *et al.*, *on behalf of themselves and*
*all others similarly situated,*

        *Plaintiffs,*                        Civil Action No. 25-00462-TDC

        **v.**

ELON MUSK, *et al.*,

        *Defendants.*

**Exhibit A**

**United States Agency for International Development 30(b)(6) - Deposition Topics**

1.  USAID's general practice between January 20, 2025 and September 2, 2025, with respect to systems access by USAID employees and contractors who have been placed on administrative leave.

2.  Implementation at USAID of President Trump's Executive Order 14158, which established the United States DOGE Service, also known as the Department of Government Efficiency ("DOGE").

3.  USAID systems access between January 20, 2025 and September 2, 2025, for the purpose of implementing Executive Order 14158 or enforcing Executive Order 14169 by persons who are who are not USAID officers, employees, or contractors, including access by Luke Farritor, Gavin Kliger, Steve Davis, Noah Peters, Jeremy Lewin, Edward Corsitine, and Clayton Cromer.

4.  Implementation of President Trump's Executive Order 14169 that ordered a "90-day pause" of "new obligations and disbursements" of "foreign development assistance" funds made by USAID, subject to waivers by the Secretary of State.

5.  Events and decisions precipitating events at USAID headquarters, the Ronald Reagan Building in Washington, D.C., where persons associated with DOGE, including Gavin Kliger, Luke Farritor, Clayton Cromer, and Noah Peters, arrived at USAID headquarters and subsequently obtained access to USAID's financial, personnel, and administrative data systems.

6.  The involvement of Defendant Musk in the above-described events at USAID headquarters.

7.  Events and decisions precipitating the removal of plaques with USAID's official seal from USAID's offices on or about January 31, 2025.

8.  Events and decisions precipitating the event when persons associated with DOGE, including Steve Davis, Edward Corsitine, and Defendant Jeremy Lewin, arrived at USAID headquarters at the Ronald Reagan Building in Washington, D.C. and subsequently obtained access to the physical premises.

9.  Events and decisions precipitating the USAID website being taken offline on or about February 1, 2025.

10. Events and decisions precipitating 57 USAID employees placed on administrative leave on or about February 1, 2025.

11. The involvement of Defendant Musk in the above-described events.

12. Events and decisions precipitating the termination of approximately 791 Personal Service Contractors (PSCs) on or about February 2, 2025.

13. The involvement of Defendant Musk in the above-described events.

14. Events and decisions precipitating the various delegations of duties and functions from Secretary Rubio to to Defendant Peter Marocco and Defendant Jeremy Lewin.

15. Events and decisions precipitating the various designations of acting administrators of USAID, between January 20, 2025 and the present, Jason Gray, Secretary Rubio, and Russell Vought.

16. Jeremy Lewin's duties as DOGE team lead at USAID.

17. Events and decisions precipitating 1,412 USAID employees being placed on administrative leave on or about February 3, 2025.

18. Events and decisions precipitating USAID headquarters being permanently closed and employees no longer permitted to enter the premises on or about February 3, 2025.

19. The involvement of Defendant Musk in the above-described events.

20. Events and decisions precipitating the February 4, 2025 notification to all USAID employees that they would be placed on administrative leave beginning February 8, 2025, with limited exceptions.

21. The involvement of Defendant Musk in the above-described events.

22. Events and decisions precipitating Defendant Lewin's memoranda drafted on or about February 8, 2025, for Secretary Rubio's approval recommending USAID terminate certain USAID contracts, totaling $1.02 billion and 68 grants totaling $660.7 million in

aggregate value, as well as steps subsequently taken to implement those recommendations.

23. Events and decisions precipitating the February 23, 2025, "Notification of Administrative Leave" posted to USAID.gov, stating that as of 11:59 PM, all USAID direct hire personnel, with the exception of designated personnel responsible for mission-critical functions, core leadership and/or specially designated programs, would be placed on administrative leave globally.

24. Events and decisions precipitating the March 28, 2025, communication to all USAID personnel from Jeremy Lewin, including the drafting of the communication.

25. The events and decision precipitating the March 28, 2025, Congressional notification letter.

26. Any communications from the State Department to  Congress between January 20, 2025 and the present regarding USAID and/or its functions, and any responses from Congress to the March 28, 2025 Congressional notification letter.

27. The specific steps taken to transfer responsibility for USAID programming, personnel and operations to the State Department.

# Exhibit 28

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

J. DOE 4 *et al.*, *individually and on behalf of
all others similarly situated,*

*Plaintiffs*,

**v.**

ELON MUSK *et al.*,

*Defendants*.

Case No.  8:25-cv-00462-TDC

**PLAINTIFFS' NOTICE OF INTENT TO TAKE THE
DEPOSITION OF THE UNITED STATES DEPARTMENT OF STATE PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

TO:    Defendant, United States Department of State, by and through his/her counsel of record:

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs hereby give notice of their intention to take the oral and videotaped deposition of the Corporate Representative(s) of Defendant United States Department of State. This deposition will take place on **Tuesday, March 24, 2026** beginning at **10:00 a.m.** at 1100 New York Avenue NW, Suite 800, Washington, D.C. 20005 and continuing thereafter until completed.  Defendant United States Agency for International Development is directed to designate a person or persons to testify on its behalf about the matters described in **Exhibit "A"** attached hereto.

The deposition will be recorded by stenographic means by a certified shorthand court reporter and when transcribed, may be used as evidence in the above cause. Said deposition will be videotaped.

Respectfully submitted,

/s/ Tianna J. Mays

1

Norman L. Eisen, [09460]
Tianna J. Mays, [21597]
Andrew H. Warren*
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin [30711]
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com

*Attorneys for Plaintiffs*
*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I electronically served the foregoing document on all counsel of record via email.

This 6th day of March, 2026.

/s/ Beth Stevens
Rebecca (Beth) Stevens

2

**MARZIANI, STEVENS &
GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
bstevens@msgpllc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs,*<br><br>**v.**<br><br>ELON MUSK, *et al.*,<br><br>*Defendants.* | Civil Action No. 25-00462-TDC |

**Exhibit A**

**United States Department of State 30(b)(6) - Deposition Topics**

1. Implementation at the State Department of President Trump's Executive Order 14158, which established the United States DOGE Service, also known as the Department of Government Efficiency ("DOGE").

2. Implementation of President Trump's Executive Order 14169 that ordered a "90-day pause" of "new obligations and disbursements" of "foreign development assistance" funds made by USAID, subject to waivers by the Secretary of State.

3. Events and decisions precipitating the various designations of acting administrators of USAID, between January 20, 2025 and the present, Jason Gray, Secretary Rubio, and Russell Vought.

4. Events and decisions precipitating the various delegations of duties and functions from Secretary Rubio to Defendant Peter Marocco and Defendant Jeremy Lewin.

5. Events and decisions precipitating Defendant Lewin's memoranda drafted on or about February 8, 2025, for Secretary Rubio's approval, recommending USAID terminate certain USAID contracts, totaling $1.02 billion and 68 grants totaling $660.7 million in aggregate value, as well as steps subsequently taken to implement those recommendations

6. Events and decisions precipitating the February 23, 2025 "Notification of Administrative Leave" posted at USAID.gov, stating that as of 11:59 PM, all USAID direct hire personnel, with the exception of designated personnel responsible for mission-critical functions, core leadership and/or specially designated programs, would be placed on administrative leave globally.

7. Events and decisions precipitating the March 28, 2025, communication to all USAID personnel from Jeremy Lewin, including the drafting of the communication.

8. The events and decision precipitating the March 28, 2025, Congressional notification letter.

9. Any communications from the State Department to Congress between January 20, 2025 and the present regarding USAID and/or its functions, and any responses from Congress to the March 28, 2025 Congressional notification letter.

10. The specific steps taken by the State Department to assume responsibility for USAID programming, personnel and operations.

# Exhibit 29

**U.S. Agency for International Development**
**Delegation of Authority No. \_\_\_**

## Delegation of Authority
## Authorities of the Deputy Administrator for Management and Resources

By virtue of the authority vested in the Administrator of the U.S. Agency for International Development by the laws of the United States, including section 621(a) of the Foreign Assistance Act, I hereby delegate Eric Ueland, to the extent authorized by law, all authorities vested in or delegated to the Deputy Administrator for Management and Resources, enumerated in Automated Directives System (ADS) 103.3.4.1.

The Administrator may exercise any function or authority delegated herein. The authorities delegated herein may be re-delegated, to the extent authorized by law. This delegation of authority rescinds the relevant portions of Delegation of Authority dated March 18, 2025, to Kenneth S. Jackson, but does not modify any other delegation of authority currently in effect.

This delegation will expire as to each authority upon the entry upon duty of a subsequently appointed principal to service in the respective position, unless sooner revoked.

10/24/25
_____
Date

_____
Russell T. Vought
Acting Administrator

# Exhibit 30

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| J. DOE 4, *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>U.S. DOGE Service, *et al.*,<br><br>    *Defendants*. | Case No. 8:25-cv-00462-TDC |

**DECLARATION OF ADAM KORZENIEWSKI**

I, Adam Korzeniewski, pursuant to the provisions of 28 U.S.C. § 1746, declare, under penalty of perjury, as follows:

1.      I previously testified at a deposition in the above-captioned case as the Rule 30(b)(6) designee of the State Department and the U.S. Agency for International Development ("USAID"). My background, duties, and assignments with USAID and the State Department are described in the transcript of that deposition at pages 17–28. *See* ECF No. 229, Ex. 7.

2.      I make these statements based on personal knowledge and knowledge obtained in the course of my official duties. I make this declaration to supplement and clarify my deposition testimony as the State Department and USAID's designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure. To develop the information contained within this declaration, I reviewed documents previously produced to the Plaintiffs in this case, as well as information made available to me by Kenneth Jackson, Jeremy Lewin, and Joel Borkert.

1

**USAID DOGE Team**

3.      Section 3(c) of Executive Order 14,158 calls on agency heads to establish within their respective agencies a "DOGE Team" of at least four employees.  The following individuals were formally detailed to USAID from other agencies for the purpose of implementing the DOGE Agenda referenced in Executive Order 14,158, with their home agencies noted in parentheses: Jeremy Lewin (General Services Administration); Luke Farritor (General Services Administration); Edward Coristine (General Services Administration); and Gavin Kliger (Office of Personnel Management).

4.      These individuals were tasked with performing duties to implement various executive orders, including Executive Orders 14,158, 14,219, 14,210, and 14,222, and were generally understood by USAID leadership to form the DOGE Team at USAID.  They were at all times operating under the direction and supervision of USAID leadership for their work at USAID. USAID is not aware of any formal document designating them as the USAID DOGE Team.

5.      Between January 30, 2025, and March 18, 2025, Mr. Lewin served as the DOGE Team Lead for USAID.  Consistent with Executive Order 14,158, the DOGE Team reported at all times to USAID leadership, including Secretary Rubio, Peter Marocco, and Kenneth Jackson.

6.      On March 18, 2025, Secretary of State Marco Rubio, who was then Acting Administrator of USAID, delegated to Mr. Lewin the duties and functions of the Deputy Administrator (Policy and Programming) and Chief Operating Officer of USAID.[1]  At that time,

---

[1]      Mr. Lewin has subsequently been delegated significant additional authorities at the Department of State.  He is currently performing the duties of Under Secretary of State, pursuant to a delegation from Secretary Rubio dated July 11, 2025, and has served as the Director of Foreign Assistance since April 16, 2025.  Mr. Lewin also remains Secretary Rubio's Senior Policy Advisor at the Department of State.

2

Mr. Lewin's role as DOGE Team Lead ceased, and the DOGE Team at USAID functionally disbanded.

7.      Prior to their formal detail arrangements with USAID, several individuals who were later detailed to USAID separately performed analysis and advisory work related to USAID functions.  Specifically, Luke Farritor and Edward Coristine conducted work at USAID offices on or about January 27, 2025, to investigate the possibility that certain individuals had caused USAID to make disbursements contrary to Executive Order 14,169 and Secretary Rubio's pause on foreign humanitarian assistance.  That work eventually resulted in recommendations being made to USAID Leadership to place certain USAID employees on administrative leave or other personnel actions.  Those recommendations were made to USAID's appointed leadership, including Acting Administrator Jason Gray, Chief of Staff Matt Hopson, Deputy Chief of Staff Joel Borkert, and Assistant to the Administrator for Management and Resources Kenneth Jackson.

8.      Several other individuals whom I understand have been described in the media as associated with the "Department of Government Efficiency" or "DOGE" performed duties related to USAID in January and February 2025.  Those individuals include Steve Davis, Clayton Cromer, Noah Peters, and Tarak Maketcha.  None of those individuals were employed by or detailed to USAID.

9.      For example, Clayton Cromer advised USAID on personnel matters as deputy general counsel of the Office of Personnel Management.  I previously testified that Mr. Cromer was part of the USAID DOGE Team.  Korzeniewski Tr. at 42:20–23.  That testimony was incorrect.  Mr. Cromer was never formally employed by USAID or detailed to USAID and was not part of USAID's DOGE Team.

3

10.    Similarly, Noah Peters consulted with USAID officials about the possibility of conducting a reduction in force of USAID personnel.  Mr. Peters was employed by OPM, not USAID, and was not a member of the USAID DOGE Team.

**Delegations of Authority to Serve as USAID Administrator**

11.    On January 20, 2025, President Donald J. Trump appointed Jason Gray Acting Administrator of USAID.  Mr. Gray's tenure in that position ended on January 30, 2025.

12.    On January 30, 2025, President Trump appointed Secretary of State Marco Rubio Acting Administrator of USAID.  The document effectuating that appointment appears in the State Department's document productions at Bates Stamp DOE4vUSDS_00569, and appears as Exhibit 18 to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Depose Kenneth Jackson and Steven Davis ("Defendants' Opposition")..  Certain members of USAID leadership and the State Department were informed of this appointment very late in the evening of January 30.  Those individuals included Kenneth Jackson, Matt Hopson, Jeremy Lewin, and Secretary Rubio himself.

13.    USAID understands that Jason Gray, who had been serving as Acting Administrator of USAID prior to that point, was informed that Secretary Rubio had replaced Mr. Gray as Acting Administrator in the morning of January 31, 2025.

14.    Secretary Rubio's appointment as Acting Administrator of USAID was publicly announced on Monday, February 3, 2025, through public statements of Secretary Rubio, a State Department press release, and an internal email to all USAID staff at 5:30 p.m.  *See, e.g.*, State Dep't, *Secretary Marco Rubio Appointed as Acting Administrator for the United States Agency for International Development (USAID)* (Feb. 3, 2025), https://www.state.gov/secretary-marco-rubio-

appointed-as-acting-administrator-for-the-united-states-agency-for-international-development-usaid/; *see also* DOE4vUSDS_009540, attached hereto as Exhibit A

15. Secretary Rubio's tenure as Acting Administrator of USAID ended on August 26, 2025, when President Trump designated Russell Vought for that position.

**Delegations of Authority to Serve as Deputy Administrator of USAID**

16. Historically, the position of Deputy Administrator has been occupied by either one or two individuals. When the position has been divided in two, the occupants' titles have been Deputy Administrator for Policy and Programming and Deputy Administrator for Management and Resources. Both positions are presidential appointments subject to Senate confirmation. Neither position, however, has had a permanent, Senate-confirmed official serving in the role during the current Presidential administration.

17. Following President Trump's inauguration on January 20, 2025, Mr. Jackson was appointed to USAID to serve as Senior Advisor. On January 21, 2025, Acting Administrator Jason Gray delegated to Mr. Jackson the duties and authorities of the position of Deputy Administrator for Management and Resources and specified that when exercising authorities Mr. Jackson was to use the title Assistant to the Administrator for Management and Resources. *See* DOE4vUSDS_00578, a copy of which appears as Exhibit 6 to Plaintiffs' Motion for Leave to Depose Kenneth Jackson and Steve Davis, ECF No. 229. That delegation remained in effect until Peter Marocco was assigned the duties of USAID Deputy Administrator, as described below. During the period between January 21, 2025, and Mr. Marocco's delegation of duties as the Deputy Administrator, there was no person performing the duties of Deputy Administrator for Policy and Programming.

18.     On February 2, 2025, USAID Acting Administrator Marco Rubio signed a document delegating the authorities of the Deputy Administrator for Policy and Programming, the Deputy Administrator for Management and Resources, and Chief Operating Officer, to Peter Marocco.  *See* DOE4vUSDS_000575, a copy of which appears as Exhibit 17 to Defendants' Opposition.  Prior to and during his time performing those duties, Mr. Marocco was also serving as the Director of the State Department Office of Foreign Assistance.  As explained on the Department of State's website at the time Mr. Marocco took office as its Director, "[t]he Office of Foreign Assistance is responsible for the supervision and overall strategic direction of foreign assistance programs administered by the U.S. Department of State and U.S. Agency for International Development (USAID)." Office of Foreign Assistance,  Office of Foreign Assistance, https://perma.cc/834T-KLF9; Offices of the Deputy Secretaries of State (D and D-MR); 1 FAM 033.1(a)-(d), https://fam.state.gov/fam/01fam/01fam0030.html#M033.  Many in USAID leadership, including Mr. Jackson, learned on the evening of January 30 or the morning of January 31 that Secretary Rubio was assigning the Deputy Administrator duties to Mr. Marocco. Jeremy Lewin also was alerted to Secretary Rubio's delegation of the Deputy Administrator duties on the evening of January 30.  The actual paperwork delegating the Deputy Administrator duties to Mr. Marocco was delayed until February 2, 2025, while certain personnel matters were worked out.  As such, between learning of that delegation and the document being signed—and in deference to Mr. Marocco's permanent role as Director of Foreign Assistance for the State Department—Mr. Jackson and other USAID leadership consulted with and sought the approval of Mr. Marocco before taking various actions.

6

19.    Secretary Rubio's delegation of authorities of the Deputy Administrator positions to Mr. Marocco was announced to USAID staff in the same internal email announcing Secretary Rubio's assumption of the Acting Administrator role.

**Access to Data Systems**

20.    I understand Plaintiffs have requested information about certain individuals' logical access to various USAID data systems.  To the best of USAID's current knowledge, Luke Farritor and Edward Coristine gained user access to the Phoenix system on January 27, 2025.  That access was authorized by USAID's then-acting Chief Information Officer Steven Hernandez.

21.    On January 30, 2025, Kenneth Jackson authorized Mr. Farritor to have read-only access to USAID's C-CURE system, which was the system USAID used to monitor and control badging access to USAID space at the Ronald Reagan Building.

22.    On January 31, 2025, Jason Gray authorized Mr. Farritor and Mr. Kliger to have administrative access to all unclassified USAID information systems, including but not limited to Phoenix, HR systems, Badging and Access Systems, cloud environments, and all systems related to grants, payments, and vouchers.  Mr. Gray authorized that access in his capacity as Chief Information Officer.

23.    USAID understands that Mr. Farritor may have in fact been permitted to login to the C-CURE system in the evening of January 30, 2025, as an administrator, prior to Mr. Gray's authorization.  It is USAID's understanding that this access was granted because of a miscommunication between Patrick Butler and Brian McGill, as Mr. Butler had understood Mr. McGill to be directing him to provide Mr. Farritor administrator access at that time, although Mr. McGill did not intend to convey that authorization.  To USAID's knowledge, Mr. Farritor did not

7

use that access to make changes to the C-CURE system before Mr. Gray formally approved the access.

**Decision to Vacate USAID's Space at Ronald Reagan Building**

24.    On February 7, 2025, Michael Peters, Commissioner of Public Buildings Service, U.S. General Services Administration ("GSA"), notified USAID that GSA was terminating USAID's occupancies at the Ronald Reagan Building and International Trade Center in Washington, D.C.  That decision was memorialized and communicated to USAID the same day by letter that appears at ECF No. 70-3.  Kenneth Jackson acknowledged receipt of that letter on behalf of USAID on the same day.  Also on February 7, 2025, GSA and the U.S. Customs and Border Protection entered into a temporary license to occupy government space.  That decision was officially memorialized and communicated by the documents previously submitted to the Court.  *See* ECF Nos. 70-4.  Consistent with these developments, USAID then undertook actions to vacate its office space.  Aside from the individuals listed on ECF No. 70-3 and ECF No. 69-4, neither the State Department nor USAID is aware of who was involved in the decision on behalf of GSA.

25.    I understand that Plaintiffs contend that, on January 31, 2025, certain plaques displaying USAID's seal were taken down in the Ronald Reagan Building.  Also on February 7, 2025, maintenance workers removed USAID's name from the façade of the Ronald Reagan Building and covered USAID's seal on the doorway to its former office space.  These actions were directed by GSA, not USAID.  Mr. Jackson has informed me that he has no personal knowledge of these events.

**USAID Website**

26.    On February 1, 2025, USAID's public-facing website was taken offline.  Gavin Kliger effectuated that decision by working in coordination with USAID career staff.  USAID is not aware of any contemporaneous documentation of this decision.

27.    During my testimony as the State Department and USAID's Rule 30(b)(6) designee, I said "I believe it was Ken Jackson is the one that made the order" that Mr. Kliger make changes to USAID's website, while noting that I was "speculating a little."  Korzeniewski Tr. at 164:13–14.  I have since been informed that Mr. Jackson did not issue that direction to Mr. Kliger. Mr. Jackson reports that he cannot provide additional details about any February 1, 2025, changes to USAID's website.

**February 3 Email Instructing USAID Employees Not to Come to Work**

28.    At approximately 12:41 a.m. ET on February 3, 2025, an email was sent on behalf of USAID leadership to all USAID staff informing them that the USAID headquarters at the Ronald Reagan Building in Washington, D.C., would be closed to agency personnel on Monday, February 3 and instructing most personnel normally assigned to work in that building to work remotely.

29.    The decision to send that email was made by Peter Marocco, who was then performing the duties of the Deputy Administrators for Policy and Programming and Management and Resources and Chief Operating Officer of USAID.  Mr. Marocco communicated this decision orally, and verbally instructed Gavin Kliger to send the cited email.  USAID is not aware of any contemporaneous documentation of this decision.

**Elon Musk Involvement with USAID Decisions**

30.     USAID understands that, between January 20 and May 28, 2025, Elon Musk was employed by the White House Office as a Senior Advisor to the President.  He held that position as a non-career Special Government Employee.  Mr. Musk was not an employee of the U.S. DOGE Service or the U.S. DOGE Service Temporary Organization.

31.     USAID further understands that, in his capacity as Senior Advisor to the President, Mr. Musk communicated with several individuals at USAID and the State Department regarding actions to be taken with respect to USAID.  To USAID and State's current knowledge, Mr. Musk had several conversations with Secretary of State Rubio, Jeremy Lewin, Michael A. Needham, Counselor of the Department and then Secretary Rubio's Chief of Staff, Tarak Maketcha, and Daniel Joseph Holler, Sr., Chief of Staff of the Department of State, between January 20, 2025, and May 31, 2025, regarding proposals to reorganize USAID and make changes to USAID's personnel.  USAID and State also understand that Mr. Musk called into a meeting with USAID leadership and Deputy Chief of Staff Joel Borkert on or about January 25–26 related to a review of USAID contracts and grants to recommend for termination by the new administration.  State also currently understands that Mr. Musk may have spoken to Peter Marocco on at least one occasion.  State previously believed that Mr. Musk spoke to Jason Gray during his tenure as Acting Administrator of USAID, but has since come to understand that is not the case.

32.     Each of these conversations or meetings with Mr. Musk occurred in his capacity as Senior Advisor to the President.

33.     To the best of USAID's knowledge, none of those conversations resulted in final decisions about actions to be taken by USAID unless approved by authorized USAID or State

10

Department leadership.  Mr. Musk did not issue any directives that any particular actions be taken with respect to USAID.

34.    USAID also understands that a USAID security employee, Patrick Butler, spoke with a person he understood to be Elon Musk on January 30, 2025.  USAID can neither confirm nor dispute Mr. Butler's account of that phone call.

Executed this 4th day of June, 2026

ADAM MICHAEL KORZENIEWSKI
Digitally signed by ADAM MICHAEL KORZENIEWSKI
Date: 2026.06.04 20:00:03 -04'00'

ADAM KORZENIEWSKI

11

# Exhibit A

**From:**  USAID Office of the Administrator[usaid_fo@subscribe.usaid.gov]
**Sent:**  Mon 2/3/2025 6:30:47 PM (UTC-05:00)
**To:**
**Subject:**  Organizational Updates: Secretary Rubio Appointed as Acting Administrator



The United States Agency for International Development (USAID) has long strayed from its core responsibility of advancing American interests abroad.

As an interim step toward gaining control and better understanding over the agency's activity, President Donald J. Trump appointed Secretary Marco Rubio as Acting Administrator. Additionally, Secretary Rubio has appointed Pete Marocco to serve as the Deputy Administrator to deliver more effective foreign assistance for the American people and the world.

Furthermore, Secretary Rubio has notified Congress that a review of USAID's foreign assistance activities is underway with an eye toward potential reorganization. You can read the entire Congressional Notice below.

As we evaluate USAID and ensure it is in alignment with an America First agenda, the President Trump Administration, and the efforts of the State Department, we will focus on ensuring every agency dollar is delivering targeted and results-driven aid. Effective immediately, we are taking decisive actions to improve the efficiency of our operations, root out fraud, waste, and abuse.

USAID must maintain its original mission of responsibly advancing American interests abroad. While change is never easy, these steps are necessary to improve effectiveness, efficiency, and accountability for the American people.

We would like to thank the White House, Department of State, and other partners for dedicating not only their support, but expertise and resources to ensure tax dollars are not wasted and common sense is restored in advancing American interests abroad.

Thank you for your continued commitment to the United States.

Ken Jackson

Assistant to the Administrator for Management and Resources

DOE4vUSDS_009540



DOE4vUSDS_009541



DOE4vUSDS_009542



Update your subscriptions, modify your password or email address, or stop subscriptions at any time on your Subscriber Preferences Page. You will need to use your email address to log in. If you have questions or problems with the subscription service, please visit subscriberhelp.govdelivery.com.

This service is provided to you at no charge by United States Agency for International Development.

DOE4vUSDS_009543

This email was sent to [REDACTED] using govDelivery Communications Cloud on behalf of: United States Agency for International Development · 1300 Pennsylvania Avenue NW · Washington, DC · 20004

DOE4vUSDS_009544