# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

J. DOE 4, *et al.*, *individually and on behalf of all similarly situated*,

    *Plaintiffs,*

    **v.**

ELON MUSK, *et al.*,

    ***Defendants.***

**Case No. 8:25-cv-00462-TDC**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS UNITED STATES DEPARTMENT OF STATE AND MARCO RUBIO

Pursuant to Fed. R. Civ. P. 33, L.R. 104, and Appendix A to the Local Rules (Discovery Guidelines), Plaintiffs, by its undersigned attorneys, propound these Interrogatories, to which Defendants United States Department of State and Marco Rubio shall respond separately and fully, in writing and under oath, within 30 days, as prescribed by Fed. R. Civ. P. 33(b)(2), in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS

1.      These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible to a construction which calls for the production of such information, that material need not be provided and no

privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such information. In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiffs incorporate herein, the following instructions apply to each of the interrogatories set forth below and are deemed to be incorporated in each of said interrogatories.

2.      These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.      Pursuant to Discovery Guideline 10(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.      Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    a.  In asserting the privilege, the responding party shall, in the objection to the interrogatory, or any part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

    b.  The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

        i.  For oral communications:

           1. the name of the person making the communication and the names of persons present while the communication was made, and, where

2

not apparent, the relationship of the persons present to the person making the communication;

2. the date and place of the communication; and

3. the general subject matter of the communication.

ii.    For documents:

1. the type of document;

2. the general subject matter of the document;

3. the date of the document; and

4. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained or, if produced electronically, produced in a manner consistent with Guideline 2.04 of the ESI Principles.

6.    If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

7.    Unless otherwise specified, the time period covered by these interrogatories is January 20, 2025 until the date the responding party provides complete responses to the discovery requests.

DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    *Core functions:* The term "core functions" means operations, functions, and any other action mandated by federal statute, including but not limited to the Foreign Affairs Reform and Restructuring Act of 1998, as well as applicable appropriations laws, including the Further Consolidated Appropriations Act of 2024 and the Full-Year Continuing Appropriations and Extensions Act of 2025.

2.    *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.    *Communication:* The term "communication" means the transmittal of information by any means.

4.    *Current:* The terms "current" and "currently" mean as of the date of the response. To the extent that Your response is affected by the lapse in appropriations that began on or about October 1, 2025 (also known as the federal government shutdown), "current" and "currently" mean as of the most recent date before any such effect.

5.    *Decision*: The term "decision" means a definitive choice to commit to a particular course of action or inaction, including a general course of action the specifics of which can be determined later.

4

6.      *Describe*: The term "describe" means to set forth a complete, detailed, and non-conclusory narrative, based on all facts and information known or reasonably available to You, including:

   a.   The identity of all individuals with knowledge of the facts being described. To the extent that providing the identity of all such individuals would be unreasonably burdensome, identify those individuals with the most knowledge about the facts being described.

   b.   The substance of all relevant facts and events, including dates, times, and locations.

   c.   The identity and location of all relevant documents that support or relate to the description.

   d.   The factual basis and mental impressions underlying any contention or opinion related to the description.

7.      *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

8.      *DOGE:* The term "DOGE" refers collectively to the U.S. DOGE Service and U.S. DOGE Temporary Service.

9.      *DOGE personnel:* The term "DOGE personnel" refers to any individual who is currently or, after January 20, 2025, was employed by DOGE or otherwise works or worked for

DOGE (including volunteers), including any individual employed by DOGE but detailed to or working at USAID.

10.    *Identify (with respect to persons)*: When referring to a person, the term "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person needs to be listed in response to subsequent discovery requesting the identification of that person.

11.    *Identify (with respect to occurrences or events):* When referring to an occurrence or event, the term "identify" means to provide a detailed, descriptive statements that includes the (i) the precise date, approximate starting time, and approximate ending time; (ii) specific place, including the address, city, and state, and if possible, the room, floor or precise setting within that location; (iii) a full and concise description of the facts and circumstances, detailing what transpired and the subject matter involved; (iv) the name, title, and job function of every person present or involved; and (v) the reason or purpose, including the ultimate conclusion, result, or decision reached, if any.

12.    *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity or association.

13.    *Spending:* The term "spending" means all expenditures, obligations, apportionments, allotments, or disbursements of any monetary amount, regardless of source, including appropriated funds, fee revenues, and carryover funds.

14.    *USAID:* The term "USAID" refers to the United States Agency for International Development, and all of its subordinate bureaus, offices, divisions, and components.

15.    *You/Your*: The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

16.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

17.    All terms used, if not specifically defined herein, shall be interpreted in accordance with their plain, common-sense meaning. Where a term or phrase is reasonably susceptible to more than one meaning, Defendants shall adopt the broader meaning so as to achieve the most thorough and complete response to the request.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the individual(s) who made the decision to shut down USAID's website, which occurred on or about February 1, 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 2:**

Identify the individual(s) who made the decision to place approximately 57 USAID employees on administrative leave on or about February 1, 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 3:**

Identify the individual(s) who made the decision for U.S. Customs and Border Protection to take control of USAID headquarters, including the removal of plaques with USAID's official seal from USAID headquarters on or about January 31, 2025, and the removal of the words "U.S. Agency for International Development" from above the main entrance of USAID headquarters on or about February 7, 2025, when the decision(s) was made, and how the decision(s) was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 4:**

Identify the individual(s) who made the decision to have DOGE personnel, including Steve Davis, Gavin Kliger, Luke Farritor, Noah Peters, and Clayton Cromer, arrive at USAID headquarters between on or about January 27 and February 1, 2025 seeking access to USAID data security systems and physical access to highly restricted areas, including sensitive compartmented information facilities, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 5:**

Identify the individual(s) who made the decision to give DOGE personnel access to USAID data systems between on or about January 20 and March 31, 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 6:**

Identify the individual(s) who made the decision to systematically block access to USAID data systems by USAID personnel between on or about January 20 and March 31, 2025, including

cutting off access to email and other government computer systems for thousands of USAID

employees and personal service contractors ("PSCs"), when the decision was made, and how the

decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 7:**

Identify the individual(s) who made the decision to place USAID Director of Security John Vorhees and USAID Deputy Director Brian McGill on administrative leave in February of 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 8:**

Identify the individual(s) who made the decision to terminate approximately 791 PSCs who were informed that their contracts had been terminated on or about February 2, 2025, when the decision was made, and how the decision was officially memorialized.

**INTERROGATORY NO. 9:**

Identify the individual(s) who made the decision to place approximately 2,140 USAID employees on administrative leave between on or about February 3-7, 2025, when the decision was made, and how the decision was officially memorialized.

**INTERROGATORY NO. 10**

Identify the individual(s) who made the decision to send an email from "USAID Press" to all USAID staff, on or about February 3, 2025, telling them to work remotely for the day, as USAID headquarters would be closed, when the decision was made, and how the decision was officially memorialized.

**INTERROGATORY NO. 11**

On or about February 4, 2025, an internal communications notice was sent to USAID employees stating that, effective February 7, 2025 at 11:59 P.M., "all USAID direct hire personnel will be

10

placed on administrative leave globally, with the exception of designated personnel responsible for mission-critical functions, core leadership and specially designated programs," affecting approximately 2,104 additional USAID employees. Identify the individual(s) who made this decision to place these employees on administrative leave, when the decision was made, how the decision was officially memorialized, as well as the individual(s) responsible for determining the excepted "designated personnel responsible for mission-critical functions, core leadership, and specially designated programs."

**INTERROGATORY NO. 12**

Identify who served as USAID Administrator between January 30 and February 2, 2025, the individual(s) who made that decision, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 13**

Identify who served as USAID Deputy Administrator between January 30 and February 2, 2025, the individual(s) who made that decision, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 14**

Identify all meetings and discussions with government officials (including other Defendants) that Defendant Elon Musk attended or took part in between December 1, 2024 and May 31, 2025 concerning the dismantling, closingf, reorganizing, or restructuring of USAID, including terminating USAID employees or placing them on administrative leave, terminating PSCs, or terminating USAID contacts or grants.

11

**INTERROGATORY NO. 15**

Identify any DOGE personnel who have been detailed to or otherwise worked at USAID, including providing a general description of their duties and responsibilities at USAID.

**INTERROGATORY NO. 16**

Describe the current operations of USAID by bureau, office, division or component, including the total number of employees and PSCs, current contracts and grants, operational computer systems, and other information relevant to whether USAID is performing its Core Functions and other statutorily required activities.

**INTERROGATORY NO. 17**

Describe any dismantling, closing, reorganizing, or restructuring of USAID, including the closing, downsizing, or combining of any USAID bureau, office, division, or component, and how that information concerning such dismantling, closing, reorganizing, or restructuring was officially memorialized and communicated to those responsible for implementation.

**INTERROGATORY NO. 18**

State USAID's total actual or projected spending for Fiscal Years 2024 (October 1, 2024 through September 30, 2025) and 2025 (October 1, 2025 through September 30, 2026), broken down and itemized by each subordinate bureau, office, division, or component. For each amount of spending, identify the authorizing statutory appropriation.

**INTERROGATORY NO. 19**

Describe the manner(s) that USAID has used or presently uses to ensure that any and all USAID spending for Fiscal Years 2024 or 2025 complied or complies with the relevant statutory appropriations authorizing such spending.

Dated: October 7th, 2025

Respectfully submitted,

/s/ Tianna J. Mays
Norman L. Eisen, [9112170186]
Tianna J. Mays, [1112140221]
Andrew H. Warren*
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com

*Attorneys for Plaintiffs*
*Admitted pro hac vice

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2025, I electronically served the foregoing Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and Marco Rubio on attorneys for Defendants.

/s/ Rebecca (Beth) Stevens
Rebecca (Beth) Stevens
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
bstevens@msgpllc.com

14