# EXHIBIT 21

Gmail **Andrew Warren <andrew@democracydefenders.org>**

## Follow-up from 11/14 Meet & Confer

**Andrew Warren** <andrew@democracydefenders.org> Fri, Nov 14, 2025 at 8:21 PM
To: "Lynch, Christopher M. (CIV)" <Christopher.M.Lynch@usdoj.gov>, "Siler, Jacob S. (CIV)" <Jacob.S.Siler@usdoj.gov>, "Wen, James J. (CIV)" <James.J.Wen@usdoj.gov>
Cc: Mimi Marziani <mmarziani@msgpllc.com>, Beth Stevens <bstevens@msgpllc.com>, Joaquin Gonzalez <jgonzalez@msgpllc.com>, "Rubin, Nicole M." <nrubin@lchb.com>, "Heimann, Richard M." <rheimann@lchb.com>, Tianna Mays <tianna@democracydefenders.org>

Chris, Jake, and James,

We are following up from today's productive meet & confer to briefly memorialize some of our discussion and next steps, with a plan to talk early next week, especially with the Thanksgiving holiday approaching.

We need to schedule a call for early next week to iron out the details of the below-listed issues. We are flexible Monday and Tuesday. Afternoon is better as some members of our team are on the west coast, but we can make either morning work as well if necessary. Please let us know when works for you so we can promptly resolve outstanding issues.

- Next week's depositions: We have agreed to Mr. Voorhees's request to reschedule Monday's (11/17) deposition. Thank you for confirming your availability for the week of December 8. We have also agreed to your request to reschedule Mr. Kliger's deposition from next Wednesday (11/19). Thank you for identifying his counsel. We contacted counsel earlier this afternoon to inform him that Mr. Kliger need not appear on the 19th and to find a mutually convenient time during the week of December 8.

- Scheduling depositions: Thank you for agreeing to help coordinate depositions of Messrs. Farritor and McGill. We will have to find dates for these two depositions, but we believe we can proceed with taking both depositions (as well as those of Messrs. Voorhees and Kliger) prior to having received the entire document production. **Let's discuss during the Monday/Tuesday call. Also, on or before the Monday/Tuesday call please provide a range of dates outside of the week of December 8 when at least one of you is available for depositions.**

- Documents from non-party witnesses: Thank you for agreeing to identify specific objections to materials covered by subpoenas duces tecum as soon as possible, so that we may meet & confer to resolve issues and avoid the need for motions to quash or modify. We have your objections to Mr. Kliger's subpoena. **Let's discuss during the Monday/Tuesday call.** If you have objections to any of the other subpoenas that we have provided to you, please let us know promptly so that we can schedule a time to discuss, or we can discuss on the Monday/Tuesday call.

- Defendants' interrogatory responses: At the bottom of this email, please find a brief description of the interrogatory responses we believe to be incomplete or otherwise deficient. As we stated this afternoon, we ask that you supplement those responses. **Let's discuss during the Monday/Tuesday call.**

- Defendants' document productions: Thank you for clarifying that your November 12 production largely, if not entirely, consisted of documents supporting Defendants' interrogatory responses. We understand that you will continue to produce responsive documents by November 21. As discussed, the length of time it takes for you to complete the production influences how much we need to ask the court to extend the discovery deadlines. We remain willing to work with you to expedite and/or prioritize the production of documents. **Let's discuss during the Monday/Tuesday call.**

- 30(b)(6) depositions: We remain willing to work together to clarify the scope of topics, potentially allowing a single 30(b)(6) deponent to testify on behalf of both the State Department and USAID. **Let's discuss during the Monday/Tuesday call.**

- Stipulations: We are waiting for your feedback on our proposed stipulations in order to potentially narrow the scope of discovery.

- Extending the discovery schedule: We believe it is prudent to file a notice with the court regarding the need to extend the discovery schedule. **We will draft a joint notice for your review and circulate it next week.**

Prior to the Monday/Tuesday call, please be prepared to:

- Discuss timelines for scheduling the noticed/subpoenaed depositions (including 30(b)(6)), supplementing interrogatory responses, and the completion of document productions;
- Discuss deficiencies with the interrogatory responses, including to confirm whether you intend to stand on your objection regarding Interrogatory # 1 to the DOGE Defendants. As we stated this afternoon, we may have to file a motion to compel if the objection stands and/or to ensure complete answers to the other identified deficiencies;
- Discuss proposed extended deadlines for the close of discovery; and
- Clarify the scope of your representation or non-representation of the noticed/subpoenaed witnesses.

Thank you. We look forward to hearing from you.

Best,

Andrew

**Andrew Warren**
Deputy Legal Director
**Democracy Defenders Fund**
democracydefendersfund.org

Deficiencies with Interrogatory Responses from State/USAID/Rubio

#1. The response does not directly answer how the decision to shut down USAID's website was memorialized and communicated beyond that Kliger made changes "in consultation with USAID leadership, including Kenneth Jackson."

#4. The response does not answer how the decision to give DOGE personnel physical and data systems access to USAID was memorialized and communicated.

#5. The response does not answer how the decision to give DOGE access to USAID data systems was memorialized and communicated.

#12. The response does not answer how the decision to name Rubio as USAID Acting Administrator was memorialized and communicated.

#13. The response does not answer who served as Deputy Administrator from 1/30-2/2 and how the decision was memorialized and communicated.

#14. The response is incomplete in specifying meetings between Musk and others (although it says it will be updated).

#15. The response does not answer the question of DOGE personnel (even those who have or had a "primary employment relationship" with DOGE) who worked at USAID. Instead, it limits the answer to those who were "detailed to or employed by USAID."

#16. The response is incomplete in describing the current operations of USAID beyond the number of direct-hire employees and the lines of effort for USAID functions they support.

Deficiencies with Interrogatory Responses from USDS/DOGE/Gleason

#1. The response refuses to answer the interrogatory.

#2. The response does not answer the question of DOGE personnel (even those who have or had a "primary employment relationship" with DOGE) who worked at USAID. Instead, it limits the answer to those who were "detailed to or employed by USAID."