**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

J. DOES 4, 7, 22, 27, 28, and 30, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

v.

ELON MUSK,
*in his official capacity,*
UNITED STATES DOGE SERVICE,
THE DEPARTMENT OF GOVERNMENT EFFICIENCY,
UNITED STATES DEPARTMENT OF STATE,
UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT,
MARCO RUBIO, *in his official capacity,*
PETER MAROCCO, *in his official capacity,*
JEREMY LEWIN, *in his official capacity,*
KENNETH JACKSON, *in his official capacity*, and
AMY GLEASON, *in her official capacity,*

Defendants.

Civil Action No. 25-0462-TDC

**ORDER**

Upon review of Plaintiffs' Motion to Compel, ECF No. 239, and the briefs and other materials submitted in relation to the Motion, the Court rules as follows:

1. The Motion will not be denied as untimely because (1) Plaintiffs reasonably engaged over an extended period of time with Defendants in an effort to resolve the disputes or to narrow the issues; and (2) the need to compel production of the requested information did not become apparent until the United States Court of Appeals for the Fourth Circuit ruled that Plaintiffs could not seek some of the same information through depositions of Elon Musk, Peter Marocco, and Jeremy Lewin without establishing that they have "no alternative" to

obtain the information through other sources or modes of discovery, *In re Musk*, 169 F.4th 445, 448–449 (4th Cir. 2026), and until Defendants opposed Plaintiffs' request for depositions of other lower-ranking officials who may have some of the requested information.

2. For the reasons stated in the Court's prior opinions in this case, the information sought is relevant to Plaintiffs' claims, particularly the Appointments Clause claim in this case, and is important to the resolution of the issues in this case. *See* Fed. R. Civ. P. 26(b)(1); *Does 1-26 v. Musk*, 771 F. Supp. 3d 637, 662–666 (D. Md. 2025), *stay granted*, No. 25-1273, 2025 WL 1020995 (4th Cir. Mar. 28, 2025); *Does 4, 7, 22, 27, 28, & 29 v. Musk*, No. 25-0462-TDC, 2025 WL 2346258, at *19 (D. Md. Aug. 13, 2025); *Does 4, 7, 22, 28, 28 & 29 v. Musk*, No. 25-0462-TDC, 2026 WL 295364, at *3 (D. Md. Feb. 4, 2026), *mandamus granted*, 169 F.4th 445 (4th Cir. 2026).

3. Defendants have failed to demonstrate that the requested information has been separately produced in response to other discovery requests.

4. Defendants' answers to Interrogatory Nos. 1–3 are not responsive because they do not identify the individuals who made the referenced decisions and instead identify individuals or entities which took certain steps to implement those decisions. For example, by referencing the General Services Administration ("GSA") in response to Interrogatory No. 3, Defendants have identified the entity or individuals responsible for the implementation of the decision to have U.S. Customs and Border Protection ("CBP") take control of the United States Agency for International Development ("USAID") headquarters, not the individual who made that decision. *See also, e.g.*, Resp. Interrog. No. 1 ("Gavin Kliger *effectuated* the changes to the USAID website . . . *in consultation* with USAID leadership . . ."), ECF No. 239-3 (emphasis added).

5. Defendants' responses to Interrogatory Nos. 1–5 are also not responsive because they do not state when each decision was made or how the decision to take the action was officially memorialized and communicated to those responsible for implementation, as opposed to how the decision was communicated to all USAID personnel or to those specific personnel affected by the decision. For example, although Interrogatory No. 3 seeks information on when the decision to have CBP take control of USAID headquarters was made and how that decision was communicated to those responsible for implementation, specifically GSA, Defendants have responded by referencing ECF Nos. 69-3, 69-4, which show the communication by GSA to those affected by the decision. *See, also e.g.*, ECF No. 70-2 (in response to Interrogatory No. 1, providing a January 31, 2025 memorandum from Kenneth Jackson to USAID personnel placed on administrative leave, not the communication notifying those responsible for implementation, such as Jackson, of the decision).
6. Defendants have not demonstrated through the privilege log entries or through other submitted information that the redactions in the January 31, 2025 email from Michael Needham to Katie Miller, DOE4vUSDS_009108, or the redactions in the February 1, 2025 email between Alex Wong and Needham, DOE4vUSDS_009109, are protected by the deliberative process privilege or the presidential communications privilege.

Accordingly, it is hereby ORDERED that the Motion to Compel, ECF No. 239, is GRANTED IN PART in that:

1. Within **14 days** of the date of this Order, Defendants United States Department of State and Secretary of State Marco Rubio (collectively, "the State Department") shall serve on Plaintiffs and the Court complete answers to Interrogatory Nos. 1–5 that identify, for each, the individual who made the decision, when the decision was made, and how it was

memorialized and communicated to those responsible for implementation. To the extent that the State Department lacks knowledge of the answer to any part of an interrogatory, it shall state under oath that it lacks such knowledge and set forth in detail all efforts made to obtain the information.

2. Within **14 days** of the date of this Order, Defendants shall submit to the Court for *in camera* review, *ex parte* and under seal, the following documents: DOE4vUSDS_009108 and DOE4vUSDS_009109. Upon review of these documents, the Court will rule on whether they have been properly redacted based on one or more of the identified privileges.

Date: September 3, 2026

THEODORE D. CHUANG
United States District Judge