**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DOGE Service, *et al.*,<br><br>*Defendants*. | Case No. 8:25-cv-00462-TDC |

**DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES NUMBERED 1–5 TO DEFENDANTS UNITED STATES DEPARTMENT OF STATE AND MARCO RUBIO**

Pursuant to the Court's Order granting in part Plaintiffs' Motion to Compel, ECF No. 250, Defendants United States Department of State and Marco Rubio, in his official capacity as Secretary of State (collectively, "the State Department"), hereby respond to Plaintiffs' Interrogatories to Defendants United States Department of State and Marco Rubio numbered 1–5 as follows:

**Objections to Instructions**

1. Defendants hereby incorporate by reference their Objections to Instructions to Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and Marco Rubio, dated November 12, 2025.

**Objections to Definitions**

1. Defendants hereby incorporate by reference their Objections to Definitions to Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and

Marco Rubio, dated November 12, 2025.

**Objections to All Interrogatories**

1. Defendants hereby incorporate by reference their Objections to All Interrogatories to Plaintiffs First Set of Interrogatories to Defendants United States Department of State and Marco Rubio, dated November 12, 2025.

**Objections and Responses to Specific Interrogatories**

**INTERROGATORY NO. 1:** Identify the individual(s) who made the decision to shut down USAID's website, which occurred on or about February 1, 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**Objections**: Defendants incorporate by reference their objections to this interrogatory made in Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and Marco Rubio, dated November 12, 2025. Defendants further object to this interrogatory to the extent it requests the identification of any person other than the individual who formally authorized USAID to make the described changes to the agency's website. In particular, Defendants object to the interrogatory to the extent it can be construed to request information about individuals who recommended, induced, or caused USAID to make changes to its website but were not the person who made the final decision on behalf of USAID. The identification of any such person would be beyond the scope of the interrogatory, which requests only the identity of the individual responsible for making the final decision on behalf of USAID. *See also* ECF No. 250 at 3 (ordering the State Department to identify "the individual who made the decision"). Further, revealing information about the identity of other individuals, if any, who recommended, induced, or caused USAID to make a

decision would necessarily reveal the privileged and confidential predecisional and deliberative information about an agency decision. Defendants further object that the request calls for information outside the knowledge of the State Department, insofar as it seeks information about decisionmakers behind an action at a separate and distinct agency: USAID. Defendants further object to this request to the extent it requires obtaining information from any individual who is a former employee of USAID who is neither currently employed by the State Department or USAID nor “acted as Administrator or Deputy Administrator of USAID” between January 27, 2025, and the present. ECF No. 153. Any such individual is a member of the Plaintiff class in this case and Plaintiffs’ counsel purports to represent them and has objected to Defendants’ counsel speaking with them. *See* Feb. 5, 2026 Hrg. Tr. at 17:20; *see id.* at 18-19 & ECF No. 199. Any such information is thus more easily obtained by Plaintiffs than Defendants. Defendants further object to the framing of the interrogatory to the extent it refers to USAID’s website being “shut down” to the extent it implies that USAID ceased to have a functional website on or about February 1, 2025, when as described below, the website was down only for a brief period and has been up in its current form since February 23, 2025.

**Response**: To the best of the State Department’s knowledge, the decision to make changes to the USAID website on or about February 1, 2025, which resulted in the website briefly going down and then being redirected to another government website, was a group decision among the then-serving USAID leadership team, including Peter Marocco who all involved understood would be performing the duties of Deputy USAID Administrator, the USAID Acting Chief of Staff, and White House Liaison. The State Department has consulted with Kenneth Jackson, Jeremy Lewin, and Adam Korzeniewski and relied on the deposition testimony of Jason Gray, Gavin Kliger, and Luke Farritor. None of those individuals recall

precisely who (to the extent it was any single individual) made the final decision to make the described changes to USAID's website on February 1, 2025, though Mr. Kliger has testified that he was involved in coordinating with USAID information technology staff to effectuate the changes. The State Department is not aware of any contemporaneous documentation of the decision and understands that the decision was conveyed orally. Secretary Rubio, then serving as Acting Administrator of USAID, was made aware of the changes to the website on February 1, 2025, and approved of the decision made by the then-serving USAID leadership team after the fact.

Within days of those described changes, the USAID website was again changed to display information about the agency's operating status and to provide information to USAID personnel stationed abroad. Those changes were made at the direction of then-Acting USAID Administrator Rubio, as reflected in email communications previously produced in this action. *See* DOE4vUSDS_008836-37. The current version of USAID's website has been active since approximately February 23, 2025.

**INTERROGATORY NO. 2:** Identify the individual(s) who made the decision to place approximately 57 USAID employees on administrative leave on or about February 1, 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**Objections**: Defendants incorporate by reference their objections to this interrogatory made in Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and Marco Rubio, dated November 12, 2025. Defendants further object to this interrogatory to the extent it requests the identification of any person other than the individual who formally authorized USAID to place the described

individuals on administrative leave. In particular, Defendants object to the interrogatory to the extent it can be construed to request information about individuals who recommended, induced, or caused USAID to place certain individuals on administrative leave but were not the person who made the final decision on behalf of USAID. *See also* ECF No. 250 at 3 (ordering the State Department to identify "the individual who made the decision"). The identification of any such person would be beyond the scope of the interrogatory, which requests only the identity of the individual responsible for making the final decision on behalf of USAID. Further, revealing information about the identity of other individuals, if any, who recommended, induced, or caused USAID to make a decision would necessarily reveal the privileged and confidential predecisional and deliberative information about an agency decision. Defendants further object that the request calls for information outside the knowledge of the State Department, insofar as it seeks information about decisionmakers behind an action at a separate and distinct agency: USAID. Defendants further object to this request to the extent it requires obtaining information from any individual who is a former employee of USAID who is neither currently employed by the State Department or USAID nor "acted as Administrator or Deputy Administrator of USAID" between January 27, 2025, and the present. ECF No. 153. Any such individual is a member of the Plaintiff class in this case and Plaintiffs' counsel purports to represent them and has objected to Defendants' counsel speaking with them. *See* Feb. 5, 2026 Hrg. Tr. at 17:20; *see id.* at 18-19 & ECF No. 199. Any such information is thus more easily obtained by Plaintiffs than Defendants.

**Response**: At approximately 7:00pm eastern time on January 31, 2025, Kenneth Jackson made the decision on behalf of USAID to place 57 USAID employees in the Bureau of Legislative and Public Affairs on administrative leave. Before doing so, Mr. Jackson consulted with Mr. Marocco, who all involved understood would be performing the duties of Deputy

USAID Administrator. Mr. Marocco indicated he had "[n]o objection" to the action. USAID's decision to place these individuals on administrative leave, along with the above communications between Mr. Jackson and Mr. Marocco, was memorialized in an email chain previously produced in this action at documents Bates numbered DOE4vUSDS_000592-601. The documents appearing in that Bates range also demonstrate how the decision to place those individuals on leave was communicated to USAID human resources and security staff for implementation of the administrative leave action. The decision was also memorialized in administrative leave notices sent under Mr. Jackson's name to the affected employees, which have previously been produced and filed on the public docket in this action. *See* ECF No. 70-2.

**INTERROGATORY NO. 3:** Identify the individual(s) who made the decision for U.S. Customs and Border Protection to take control of USAID headquarters, including the removal of plaques with USAID's official seal from USAID headquarters on or about January 31, 2025, and the removal of the words "U.S. Agency for International Development" from above the main entrance of USAID headquarters on or about February 7, 2025, when the decision(s) was made, and how the decision(s) was officially memorialized and communicated to those responsible for implementation.

**Objections**: Defendants incorporate by reference their objections to this interrogatory made in Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and Marco Rubio, dated November 12, 2025. Defendants further object to this interrogatory to the extent it requests the identification of any person other than the individual who formally approved the termination of USAID's lease to space in the Ronald Reagan Building. In particular, Defendants object to the interrogatory to the extent it can be construed to request information about individuals who recommended, induced,

or caused the lease to be terminated but were not the person who made the final decision. The identification of any such person would be beyond the scope of the interrogatory, which requests only the identity of the individual responsible for making the final decision. *See also* ECF No. 250 at 3 (ordering the State Department to identify "the individual who made the decision"). Further, revealing information about the identity of other individuals, if any, who recommended, induced, or caused the decision to occur would necessarily reveal the privileged and confidential predecisional and deliberative information about an agency decision. Defendants further object that the request calls for information outside the knowledge of the State Department, insofar as it seeks information about decisionmakers behind the termination of a lease between two separate agencies, the General Services Administration and USAID, neither of which are the State Department, and the former of which is not even a party to this case. Defendants further object to this request to the extent it requires obtaining information from any individual who is a former employee of USAID who is neither currently employed by the State Department or USAID nor "acted as Administrator or Deputy Administrator of USAID" between January 27, 2025, and the present. ECF No. 153. Any such individual is a member of the Plaintiff class in this case and Plaintiffs' counsel purports to represent them and has objected to Defendants' counsel speaking with them. *See* Feb. 5, 2026 Hrg. Tr. at 17:20; *see id.* at 18-19 & ECF No. 199. Any such information is thus more easily obtained by Plaintiffs than Defendants.

**Response**: To the best of the State Department's knowledge, Michael Peters, Commissioner of Public Buildings Service, U.S. General Services Administration ("GSA") made the decision to terminate USAID's occupancies at the Ronald Reagan Building and International Trade Center in Washington, D.C., on February 7, 2025, by conveying to Kenneth Jackson, Laken Rapier, and Jeremy Lewin a letter via email at approximately 1:35 pm notifying Mr.

Jackson that GSA was canceling USAID's occupancies in that building as of that same day. That letter was produced to Plaintiffs at a document Bates-numbered DOE4vUSDS_009504. The Department understands that GSA's Acting Administrator, Stephen Ehikian, also authorized GSA's decision. Mr. Jackson acknowledged receipt of GSA's cancelation of USAID's occupancies at approximately 1:45 pm on February 7, 2025. Outside of Mr. Peters's letter and Mr. Jackson's response acknowledging it, the State Department is unaware of any other written memorialization of the decision by USAID or the State Department. The State Department has no knowledge of what documentation (if any) memorializing or communicating the decision to cancel the lease is in the possession of GSA.

The State Department understands that, also on February 7, 2025, GSA and U.S. Customs and Border Protection entered into a temporary license to occupy government space. The license memorializing that agreement was previously filed with the Court at ECF No. 70-4. To the best of the State Department's knowledge, that decision was made by Michael Peters on behalf of GSA and Yvonne Medina and Ryan Bruce on behalf of CBP, as those individuals are listed on the license agreement. Neither the State Department nor USAID is a party to that agreement, and therefore is unaware of any others who may have made decisions on behalf of the parties to the agreement or how it was otherwise memorialized or communicated within those third-party agencies.

On February 7 or February 8, Secretary Rubio, then Acting Administrator of USAID, was orally briefed on GSA's decision to terminate USAID's occupancies in the Ronald Reagan Building. While acknowledging the decision had been made by GSA, Secretary Rubio instructed USAID senior staff to prepare plans for the orderly wind down of USAID activities in the Ronald Reagan Building, including the responsible safeguarding of government records and

classified information on site, in accordance with applicable laws. Subsequently, over the following week, Joel Borkert, then acting Chief of Staff at USAID, created a working group within USAID that engaged in regular conversations with personnel at GSA to ensure a successful transition of the office space to CBP. The State Department is not aware of who made the decision to remove the words "U.S. Agency for International Development" from above the main entrance of USAID headquarters on or about February 7, 2025, as it understands that to have been a GSA decision made in connection with the cancelation of USAID's occupancy within that building. The State Department also understands that certain plaques bearing USAID's official seal were removed from USAID's headquarters on or about January 31, 2025, but similarly is unaware of who conducted that action or made the decision to remove those plaques.

To obtain information responsive to this interrogatory, the State Department has consulted with Kenneth Jackson, Jeremy Lewin, Adam Korzeniewski, and Joel Borkert and reviewed contemporaneous documentation separately produced to the Plaintiffs after a reasonable search of USAID records.

**INTERROGATORY NO. 4:** Identify the individual(s) who made the decision to have DOGE personnel, including Steve Davis, Gavin Kliger, Luke Farritor, Noah Peters, and Clayton Cromer, arrive at USAID headquarters between on or about January 27 and February 1, 2025 seeking access to USAID data security systems and physical access to highly restricted areas, including sensitive compartmented information facilities, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**Objections**: Defendants incorporate by reference their objections to this interrogatory

made in Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and Marco Rubio, dated November 12, 2025. Defendants further object to this interrogatory to the extent it requests information outside the scope of the State Department's knowledge, insofar as it appears to request that the State Department identify individuals from other agencies or portions of the Executive Branch who caused the listed individuals "to arrive" at USAID's offices. The State Department—the only federal entity to whom the interrogatory is directed—will respond only with information within its possession, custody, or control after a reasonable investigation. Defendants further object to this request to the extent it requires obtaining information from any individual who is a former employee of USAID who is neither currently employed by the State Department or USAID nor "acted as Administrator or Deputy Administrator of USAID" between January 27, 2025, and the present. ECF No. 153. Any such individual is a member of the Plaintiff class in this case and Plaintiffs' counsel purports to represent them and has objected to Defendants' counsel speaking with them. *See* Feb. 5, 2026 Hrg. Tr. at 17:20; *see id.* at 18-19 & ECF No. 199. Any such information is thus more easily obtained by Plaintiffs than Defendants. Further, Defendants object to describing all the listed individuals as "DOGE personnel," insofar as certain of those individuals are not and were not employed by the United States DOGE Service or the U.S. DOGE Service Temporary Organization. If the term "DOGE personnel" is construed to include individuals who are not or were not at relevant times employed by the United States DOGE Service or the U.S. DOGE Service Temporary Organization, Defendants object to that term as vague and ambiguous. Defendants further object to this interrogatory to the extent it assumes without evidence that the listed individuals sought "access" to "sensitive compartmented information facilities." Defendants further object to this interrogatory to the extent it is

duplicative of Interrogatory No. 5, which also requests the identity of the individual who made the decision to give access to USAID data systems. Consistent with the foregoing objections, the State Department will construe the interrogatory as requesting the identity of the person or persons who authorized the listed individuals to obtain physical access to USAID spaces. Information identifying the individua(s) who made the decision to grant access to USAID data systems is provided in response to Interrogatory No. 5.

**Response**: The State Department denies that any unauthorized individual accessed any sensitive compartmented information facility or otherwise accessed classified information. USAID security personnel conducted an investigation on or about February 6, 2025, and determined that no individual accessed any of USAID's SCIFs during the weekend of February 1 through February 2, 2025, as reflected in a contemporaneous email previously produced to Plaintiff at DOE4vUSDS_007113-18.

The initial decision, made on or about January 27, 2025, to permit the listed individuals to access USAID physical spaces and unclassified data systems in the fourth week of January 2025 was made by then-Acting Administrator Jason Gray, consistent with the provisions of Executive Order 14,158. The State Department is not currently aware of any formal documentation memorializing this decision or communicating it to those responsible for its implementation. The State Department understands that Mr. Gray testified at his deposition that he gave his "okay" to allow the listed individuals to conduct an investigation into certain USAID payments that had been made in an oral conversation with his then Chief of Staff, Matthew Hopson. The State Department also understands that Mr. Hopson testified in a deposition about his initial interactions with Steve Davis and others he associated with an "efficiency team." The State Department does not dispute the validity of Mr. Hopson's account but is unable to verify it,

as the State Department is limited in its ability to communicate with Mr. Hopson as he appears to fall within the class definition of this action.

On February 1, 2025, Jeremy Lewin requested access to the USAID building for himself and Luke Farritor, Gavin Kliger, Tarak Makecha. That access was approved by Peter Marocco, who was then Director of the State Department's Office of Foreign Assistance and was in the process of being appointed to perform the duties of Deputy USAID Administrator. That decision was memorialized and communicated to those responsible for implementing it in an email that has previously been produced to Plaintiffs at DOE4vUSDS_002647-48. On February 1, 2025, Secretary Rubio was also made aware of this access request and indicated his agreement with Mr. Morocco's decision orally to his senior staff.

Also on February 1, 2025, Steven Davis, Noah Peters, and James Burnham sought access to USAID's space at the Ronald Reagan Building. Those individuals were ultimately granted access to the space through a decision by Peter Marocco and Kenneth Jackson. The State Department understands that decision was communicated to Jason Gray and Brian McGill orally for implementation, per the deposition testimony of Mr. McGill and Mr. Gray. The State Department also understands that Brian McGill was involved in granting those individuals physical access to that building based solely on Mr. McGill's deposition testimony in this case and contemporaneous documents previously produced to the Plaintiffs, including DOE4vUSDS_002638. Aside from those contemporaneous email communications, the State Department is unaware of any other documents memorializing or communicating the decision to permit those three individuals access to USAID space.

The State Department obtained this information by doing a reasonable search in response to Plaintiffs' requests for production to the State Department and USAID and through deposition

testimony in this action, as well as communications with Kenneth Jackson, Jeremy Lewin, and Jason Gray.

**INTERROGATORY NO. 5:** Identify the individual(s) who made the decision to give DOGE personnel access to USAID data systems between on or about January 20 and March 31, 2025, when the decision was made, and how the decision was officially memorialized and communicated to those responsible for implementation.

**Objections**: Defendants incorporate by reference their objections to this interrogatory made in Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendants United States Department of State and Marco Rubio, dated November 12, 2025. Defendants further object to this request to the extent it requires obtaining information from any individual who is a former employee of USAID who is neither currently employed by the State Department or USAID nor "acted as Administrator or Deputy Administrator of USAID" between January 27, 2025, and the present. ECF No. 153. Any such individual is a member of the Plaintiff class in this case and Plaintiffs' counsel purports to represent them and has objected to Defendants' counsel speaking with them. *See* Feb. 5, 2026 Hrg. Tr. at 17:20; *see id.* at 18-19 & ECF No. 199. Any such information is thus more easily obtained by Plaintiffs than Defendants. Further, Defendants object to the term "DOGE personnel" as vague and ambiguous to the extent it could be construed to include individuals who were not employed by the United States DOGE Service or the U.S. DOGE Service Temporary Organization. Consistent with the foregoing objections, the State Department will construe this interrogatory to request the identity of the individual who authorized any of Steve Davis, Gavin Kliger, Luke Farritor, Noah Peters, or Clayton Cromer to obtain access to USAID data security systems.

**Response**: To the best of the State Department's current knowledge, Luke Farritor and

Edward Coristine gained user access to the Phoenix system on January 27, 2025. That access was authorized by USAID's then-acting Chief Information Officer Steven Hernandez. The decision was memorialized and communicated to those responsible for implementation through an email previously produced to the Plaintiffs at DOE4vUSDS_003265. On January 30, 2025, Kenneth Jackson authorized Mr. Farritor to have read-only access to USAID's C-CURE system, which was the system USAID used to monitor and control badging access to USAID space at the Ronald Reagan Building. That decision was memorialized and communicated to those responsible for its implementation via an email previously produced to the Plaintiffs at DOE4vUSDS_001776. On January 31, 2025, Jason Gray authorized Mr. Farritor and Mr. Kliger to have administrative access to all unclassified USAID information systems, including but not limited to Phoenix, HR systems, Badging and Access Systems, cloud environments, and all systems related to grants, payments, and vouchers. Mr. Gray authorized that access in his capacity as Chief Information Officer. That decision was memorialized and communicated to those responsible for implementation by an email previously produced to the Plaintiffs at DOE4vUSDS_000602-03.

The State Department understands that Mr. Farritor may have in fact been permitted to login to the C-CURE system in the evening of January 30, 2025, as an administrator, prior to Mr. Gray's authorization. It is the State Department's understanding that this access was granted because of a miscommunication between Patrick Butler and Brian McGill, as Mr. Butler had understood Mr. McGill to be directing him to provide Mr. Farritor administrator access at that time, although Mr. McGill did not intend to convey that authorization. To the State Department's knowledge, Mr. Farritor did not use that access to make changes to the C-CURE system before Mr. Gray formally approved the access.

The State Department also understands that, on or about March 9, 2025, USAID granted elevated access to USAID data systems to Messrs. Farritor and Kliger, as described in Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendant United States Agency for International Development, dated February 26, 2026. The decision to approve that elevated access was made by Kenneth Jackson and Peter Marocco, to further clarify and remain consistent with the intent of Mr. Gray's original access decision described above and Executive Order 14,158. That decision was memorialized and communicated to those responsible for implementation through an email that has previously been produced to the Plaintiffs, DOE4vUSDS_001707-11.

As to the responses, see attached Verification.

As to the objections:

Dated: September 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs Branch

CHRISTOPHER M. LYNCH
(DC Bar No. 1049152)
Chief Litigation Counsel

*/s/ Jacob S. Siler*

JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
*By Special Appearance*
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 353-4556
Email: jacob.s.siler@usdoj.gov

*Attorneys for Defendants*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing supplemental interrogatory responses of the United States Department of State and Marco Rubio to Plaintiffs' First Set of Interrogatories, dated September 17, 2026, are true and correct, to the best of my knowledge based on information that was made known to me in the course of my official duties.

Dated: September 17, 2026

/s/ ADAM MICHAEL KORZENIEWSKI

Digitally signed by ADAM MICHAEL KORZENIEWSKI
Date: 2026.09.17 15:08:25 -04'00'