**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

J. DOE 4, *et al.*, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

MUSK, *in his official capacity*, *et al.*

Defendants.

Case No. 8:25-0462-TDC

**JOINT MOTION TO DISSOLVE THE MARCH 18, 2025 PRELIMINARY INJUNCTION AND REQUEST FOR INDICATIVE RULING UNDER RULE 62.1**

Plaintiffs J. Doe 4 *et al.* and Defendants Elon Musk, in his official capacity, *et al.* (the parties) move the Court to dissolve the preliminary injunction entered on March 18, 2025 (ECF No. 75) (the "preliminary injunction"); however, because the preliminary injunction is currently pending on appeal, the parties respectfully request an indicative ruling under Federal Rule of Civil Procedure 62.1 stating that the Court would dissolve it if the United States Court of Appeals for the Fourth Circuit remands the appeal for that purpose. The preliminary injunction has been stayed since March 28, 2025, and the appeal has been held in abeyance since June 09, 2026. Since then, discovery has proceeded. Given the development of the case, Plaintiffs agree not to move for a new preliminary injunction seeking the same or similar relief as the preliminary injunction entered on March 18, 2025, and instead will pursue final judgment.

## BACKGROUND

### A. The Preliminary Injunction

On February 13, 2025, twenty-six Plaintiffs brought suit, in their individual capacity,

against three named defendants—Elon Musk, in his official capacity, the United States DOGE Service, and the Department of Government Efficiency—alleging violations of the Appointments Clause and Separation of Powers. On March 18, 2025, this Court granted in part Plaintiffs' motion for a preliminary injunction. ECF Nos. 73-75. The injunction required Defendants to restore systems access for USAID personnel; barred disclosure of USAID personnel's personal information; barred further steps related to the shutting down of USAID; and required Defendants to either take steps to ensure USAID could reoccupy its space at the Ronald Reagan Building in the event of a final judgment in favor of Plaintiffs or submit evidence that the decision to vacate that space was ratified by USAID. *Id.*

**B. The Appeal and the Fourth Circuit's Stay**

On March 21, 2025, Defendants appealed the preliminary injunction. *See* ECF No. 80. The Fourth Circuit issued temporary administrative stays of the injunction on March 25, 2025, and March 27, 2025. On March 28, 2025, the Fourth Circuit stayed the preliminary injunction pending appeal. *See Does 1-26 v. Musk*, No. 25-1273, 2025 WL 1020995, at *1 (4th Cir. Mar. 28, 2025). *Inter alia*, the panel majority wrote that it could not find a likelihood of success on the merits on the preliminary injunction record, and, as to the separation of powers, that the Plaintiffs' "failed, in part, to name the unconstitutional actors as defendants." *Id.*, at *4.

Before the Appellant's opening brief was due, Appellant-Defendants made a motion to "vacate the briefing schedule and hold th[e] appeal in abeyance." Motion to Hold in Abeyance, *J. Does 1-26*, No. 25-1273 (4th Cir. May 27, 2025). The Fourth Circuit granted the motion on June 9, 2025, held the appeal in abeyance and ordered that the parties file periodic status updates every 30 days. The appeal has been held in abeyance since that date, and the parties continue to file

monthly status reports. No other action has been taken in the appeal.

**C. District Court Proceedings Since the Stay**

The procedural posture of this case has changed dramatically since the preliminary injunction was originally granted. Plaintiffs amended their complaint on April 17, 2025, to proceed as a class action. ECF No. 93. Plaintiffs also added several defendants, including the USAID and the State Department, in response to the Fourth Circuit's Stay Order. *Id.* On August 13, 2025, the Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 151. On August 18, 2025, it certified a class of USAID employees and contractors. ECF No. 153. The parties have been engaged in discovery, with discovery currently set to close on September 30, 2026, *see* Order, ECF No. 237.

**ARGUMENT**

Because the case has changed, the record has been developed, and the preliminary injunction remains inoperative, this Court should indicate that it would dissolve the preliminary injunction. Ordinarily this Court could dissolve the injunction under Federal Rule of Civil Procedure 54 and the Court's inherent authority to reconsider an interlocutory order "at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). However, a docketed and pending appeal divests the district court of authority over the parts of the case that are on appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Thus, "[w]hile a preliminary injunction is on appeal, a district court ordinarily may not dissolve or modify it[,] however, a court may issue an indicative ruling stating" it would do so. *Am. Coll. of Obstetricians & Gynecologists v. United States Food & Drug Admin.,* 506 F. Supp. 3d 328, 338 (D. Md. 2020).

Rule 62.1(a)(3) states that, "[i]f a timely motion is made for relief that the court lacks

authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." At that point, the parties must promptly advise the court of appeals of the indicative ruling, after which "[t]he district court may decide the motion if the court of appeals remands for that purpose." Rule 62.1(b)-(c).

The preliminary injunction reflects an early stage of this case. The Court entered it in March 2025 on the record as it then stood. In staying the injunction, the Fourth Circuit stated the record was based on "social media posts and news reports," and also noted that Plaintiffs had failed to include the appropriate Defendants. *Does 1-26*, 2025 WL 1020995, at *3-4. The Plaintiffs amended their complaint to name relevant agencies as defendants and to seek relief on behalf of a class. Though a few outstanding discovery issues remain, substantial discovery has occurred, and the Plaintiffs will resolve any remaining issues and seek final judgment rather than pursuing any preliminary injunction that seeks the same or similar relief to the original preliminary injunction.

Given these changes, the parties agree that the preliminary injunction should be dissolved. The preliminary injunction has been ineffective for over a year and does not govern the parties' current conduct. Leaving the case on the docket while the case proceeds to final judgment serves no purpose. Dissolving the injunction will not prejudice any party given Plaintiffs' agreement to pursue final judgment rather than preliminary relief.

**RELIEF REQUESTED**

For the foregoing reasons, the parties move the Court to dissolve the preliminary injunction entered on March 18, 2025 (ECF No. 75) and request that the Court state, under Rule 62.1(a)(3), that it would do so if the Fourth Circuit Court of Appeals remands the case for that purpose. After the Court issues that ruling, Plaintiffs will promptly notify the Court of Appeals.

Dated: September 30, 2026

Respectfully submitted,

*s/ Andrew H. Warren*

Norman L. Eisen, [9112170186]
Andrew H. Warren*
Tianna J. Mays, [1112140221]
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@democracydefenders.org
Tianna@democracydefenders.org
Andrew@democracydefenders.org

Mimi Marziani*
Rebecca (Beth) Stevens*
Joaquin Gonzalez*
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com

Richard M. Heimann*
Nicole M. Rubin [30711]
Lucas E. Issacharoff*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
rheimann@lchb.com
nrubin@lchb.com
lissacharoff@lchb.com

*Attorneys for Plaintiffs*
*Admitted pro hac vice

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director,
Federal Programs Branch

CHRISTOPHER M. LYNCH
Chief Litigation Counsel,
Federal Programs Branch

*s/ Jacob S. Siler*
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)

By Special Appearance
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 353-4556
Email: jacob.s.siler@usdoj.gov

*Attorneys for Defendants*